UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL ABILITY S.A., <br><br> Plaintiff, <br><br> - against - <br><br> TINNA OILS & CHEMICALS LTD., TINNA FINEX LTD., TINNA GROUP, TINNA AGRO INDUSTRIES LTD., ADM INTEROCEANIC LIMITED, ADM COCOA PTE. LTD. and ARCHER DANIELS MIDLAND SINGAPORE PTE LTD.; <br><br> Defendants. | Case No. 07 Civ. 9913 <br><br> ANSWER OF ADM COCOA PTE. LTD. TO AMENDED VERIFIED COMPLAINT |

### ANSWER OF ADM COCOA PTE. LTD. TO VERIFIED COMPLAINT

Defendant ADM Cocoa ("Defendant" or "ADM Cocoa"), by its attorneys, Baker & McKenzie LLP, as and for its Answer to the Amended Verified Complaint herein of plaintiff National Ability S.A. ("Plaintiff") dated February 28, 2008 (the "Complaint"), hereby alleges as follows:

### ANSWER TO COMPLAINT

1. Defendant states that paragraph numbered "1" of the Complaint contains legal assertions to which no response is required. To the extent that any response is required, Defendant denies each and every allegation contained in paragraph numbered "1" of the Complaint.

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "2" of the Complaint.

3. Defendant denies each and every allegation contained in paragraph numbered "3" of the Complaint, except admits that Tinna Oils & Chemicals Ltd. ("TOCL") is a corporation

incorporated in India.

4.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "4" of the Complaint.

5.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "5" of the Complaint.

6.     Defendant admits the allegations contained in paragraph "6" of the Complaint.

7.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "7" of the Complaint.

8.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "8" of the Complaint.

9.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "9" of the Complaint.

10.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "10" of the Complaint.

11.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "11" of the Complaint.

12.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "12" of the Complaint.

13.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "13" of the Complaint.

14.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "14" of the Complaint.

15.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "15" of the Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "16" of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "17" of the Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "18" of the Complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "19" of the Complaint.

20. Defendant denies each and every allegation contained in paragraph numbered "20" of the Complaint and states that prior to the commencement of the Arbitration and the issuance of the Award, creditors and shareholders of TOCL and the Delhi High Court, India, approved a Scheme of Arrangement in November of 1997, permanently transferring TOCL's debts and liabilities to Tinna Finex Ltd.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "21" of the Complaint.

22. Defendant denies each and every allegations contained in paragraph numbered "22" of the Complaint.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "23" of the Complaint.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "24" of the Complaint.

25. Defendant states that paragraph numbered "25" of the Complaint contains legal assertions to which no response is required. To the extent that any response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph numbered "25" of the Complaint.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "26" of the Complaint.

27. Defendant states that paragraph numbered "27" of the Complaint contains legal assertions to which no response is required. To the extent that any response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "27" of the Complaint.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "28" of the Complaint.

29. Defendant states that paragraph numbered "29" of the Complaint contains legal assertions to which no response is required. To the extent that any response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "29" of the Complaint.

**Section in the Complaint Entitled
"Tinna Group, Tinna Argo and Tinna"**

30. Defendant denies each and every allegation contained in paragraph numbered "30" of the Complaint.

31. Defendant denies each and every allegation contained in paragraph numbered "31" of the Complaint.

32. Defendant denies each and every allegation contained in paragraph numbered "32" of the Complaint.

33. Defendant denies each and every allegation contained in paragraph numbered "33" of the Complaint.

34. Defendant denies each and every allegation contained in paragraph numbered "34" of the Complaint.

35. Defendant denies each and every allegation contained in paragraph numbered "35" of the Complaint.

36. Defendant denies each and every allegation contained in paragraph numbered "36" of the Complaint.

37. Defendant denies each and every allegation contained in paragraph numbered "37" of the Complaint.

38. Defendant admits the allegations contained in paragraph numbered "38" of the Complaint.

39. Defendant denies each and every allegation contained in paragraph numbered "39" of the Complaint.

40. Defendant denies each and every allegation contained in paragraph numbered "40" of the Complaint.

41. Defendant denies each and every allegation contained in paragraph numbered "41" of the Complaint.

42. Defendant denies each and every allegation contained in paragraph numbered "42" of the Complaint.

43. Defendant denies each and every allegation contained in paragraph numbered "43" of the Complaint.

**Section in the Complaint Entitled
"Tinna and ADM Interoceanic"**

44. Defendant denies each and every allegation contained in paragraph numbered "44" of the Complaint.

45. Defendant denies each and every allegation contained in paragraph numbered "45" of the Complaint.

46. Defendant denies each and every allegation contained in paragraph numbered

"46" of the Complaint, except states that ADM Interoceanic Limited owns 75% of the shares of TOCL.

47. Defendant denies each and every allegation contained in paragraph numbered "47" of the Complaint, except states that Tinna Finex Ltd. owns 25% of the shares of TOCL.

48. Defendant denies each and every allegation contained in paragraph numbered "48" of the Complaint, except states that ADM Interoceanic Limited is a company registered in Mauritius and is a subsidiary of Archer Daniels Midland Company.

49. Defendant denies each and every allegation contained in paragraph numbered "39" of the Complaint.

50. Defendant denies each and every allegation contained in paragraph numbered "39" of the Complaint.

51. Defendant denies each and every allegation contained in paragraph numbered "51" of the Complaint, except states that Mr. Chong Pian Kong, Mr. Matthew John Morgenroth, Mr. Guarav Sekhri and Mr. Vijay K. Sekhri are on TOCL's board of directors.

52. Defendant denies each and every allegation contained in paragraph numbered "52" of the Complaint.

53. Defendant denies each and every allegation contained in paragraph numbered "53" of the Complaint, except states that Mr. Morgenroth sits on the boards of TOCL, ADM Cocoa, ADM Singapore Pte. Ltd.

54. Defendant denies each and every allegation contained in paragraph numbered "54" of the Complaint.

55. Defendant denies each and every allegation contained in paragraph numbered "55" of the Complaint.

56. Defendant denies each and every allegation contained in paragraph numbered

"56" of the Complaint.

57. Defendant denies each and every allegation contained in paragraph numbered "57" of the Complaint.

### Section in the Complaint Entitled
### "Defendants ADM Interoceanic, ADM Cocoa and ADM Singapore"

58. Defendant denies each and every allegation contained in paragraph numbered "58" of the Complaint.

59. Defendant denies each and every allegation contained in paragraph numbered "59" of the Complaint.

60. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "60" of the Complaint.

61. Defendant denies each and every allegation contained in paragraph numbered "61" of the Complaint, except states that ADM Singapore Pte. Ltd. is wholly owned by Archer Daniels Midland Company.

62. Defendant denies each and every allegation contained in paragraph numbered "62" of the Complaint.

63. Defendant denies each and every allegation contained in paragraph numbered "63" of the Complaint.

64. Defendant denies each and every allegation contained in paragraph numbered "64" of the Complaint, except admits that ADM Interoceanic Limited, ADM Cocoa and ADM Singapore Pte. Ltd. use the address 342 Jalan Boon Lay, Singapore 61952, Republic of Singapore.

65. Defendant denies each and every allegation contained in paragraph numbered "65" of the Complaint, except admits Mr. Matthew John Morgenroth is on the boards of TOCL, ADM Cocoa and ADM Singapore Pte. Ltd.

66. Defendant denies each and every allegation contained in paragraph numbered "66" of the Complaint.

67. Defendant denies each and every allegation contained in paragraph numbered "67" of the Complaint.

68. Defendant admits the allegations contained in paragraph numbered "68" of the Complaint.

69. Defendant admits the allegations contained in paragraph numbered "69" of the Complaint.

70. Defendant denies each and every allegation contained in paragraph numbered "70" of the Complaint.

71. Defendant denies each and every allegation contained in paragraph numbered "71" of the Complaint.

72. Defendant denies each and every allegation contained in paragraph numbered "72" of the Complaint.

73. Defendant denies each and every allegation contained in paragraph numbered "73" of the Complaint.

74. Defendant states that paragraph numbered "74" of the Complaint contains legal assertions to which no response is required. To the extent that any response is required, Defendant denies each and every allegation contained in paragraph numbered "74" of the Complaint, except admits that ADM Cocoa is not found within this District and that ADM Cocoa has had, and expects from time to time to have assets pass through this District.

75. Defendant states that paragraph numbered "75" of the Complaint contains legal assertions to which no response is required. To the extent that any response is required, Defendant denies each and every allegation contained in paragraph numbered "75" of the

Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

76. The relief sought in the Complaint is barred because the Court does not have in personam jurisdiction over the Defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

77. The relief sought in the Complaint is barred, in whole or in part, by the doctrines of waiver, release, consent and estoppel.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

78. The relief sought in the Complaint is barred, in whole or in part, by the equitable doctrine of laches.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

79. Plaintiff has failed and refused to mitigate its damages, if any, and any award of damages must therefore be diminished.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

80. The injuries and losses herein complained of by Plaintiff wholly or partially pre-existed the occurrences alleged to involve Defendant and are in no way caused by the acts or omissions of Defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

81. Plaintiff's claims are barred because any of its claimed injuries or losses incurred, if any, were solely the result of Plaintiff's or its agents own culpable conduct or want of care.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

82. Plaintiff's claims are barred because any of its claimed injuries or losses incurred, if any, were solely the result of the culpable conduct or want of care on the part of third parties.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

83. Defendant ADM Cocoa is subject to suit in a more convenient jurisdiction.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

84. Plaintiff could obtain in personam jurisdiction over the Defendant in a jurisdiction where Plaintiff is itself located.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

85. Plaintiff has already obtained sufficient security for any potential judgment, by attachment or otherwise.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

86. Plaintiff received remuneration and/or compensation for some or all of his claimed losses and Defendant is entitled to have Plaintiff's award, if any, reduced by the amount of that remuneration and/or compensation.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

87. Defendant reserves the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information regarding the claims asserted in the Complaint. These additional defenses cannot be asserted at this time because of the lack of detail in the Complaint concerning Plaintiff's claims.

## CONCLUSION

WHEREFORE, Defendant ADM Cocoa requests that this Court enter judgment:

(i)     dismissing Plaintiff's Complaint in its entirety;

(ii)    awarding to Defendant their costs, disbursements and attorneys' fees;

(iii)   vacating any and all attachment orders against Defendant; and

(iii)   granting to Defendant such other and further relief as this Court deems just and proper.

Dated: New York, New York.
       April 4, 2008

BAKER & McKENZIE LLP

By: _____
Richard A. De Palma (RD 2818)
Christina M. Wilson (CW 0076)
1114 Avenue of the Americas
New York, New York 10036
(212) 626-4100

*Attorneys for Defendant*
ADM Cocoa Pte. Ltd.

To:    Nancy R. Peterson
       Patrick F. Lennon
       Lennon, Murphy & Lennon, LLC
       420 Lexington Ave., Suite 300
       New York, New York 10170
       (212) 490-6050

       *Attorneys for Plaintiff*
       National Ability S.A.

## **VERIFICATION**

RICHARD A. DE PALMA hereby declares under penalty of perjury:

1. I am a principal of the law firm of Baker & McKenzie LLP, attorneys for defendant ADM Cocoa Pte. Ltd.

2. I am authorized to make this Verification on behalf of defendant ADM Cocoa Pte. Ltd.

3. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify on all maters stated herein.

4. I have read the foregoing Answer to the Amended Verified Complaint and know the context thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. I am making this Verification because defendant ADM Cocoa Pte. Ltd. is a business organization with no officers, directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the defendant ADM Cocoa Pte. Ltd. and its agents or representatives.

_____
Richard A. De Palma

Dated: New York, New York
       April 4, 2008