Claimant  
Thomas Adams  
First Statement  
26 June 2008  
TA1

CLAIM NO

IN THE HIGH COURT OF JUSTICE  
QUEEN'S BENCH DIVISION  
COMMERCIAL COURT

IN AN ARBITRATION CLAIM BETWEEN:

NATIONAL ABILITY S.A

<b>Claimant<br>(Owners)</b>

- and -

TINNA OILS & CHEMICALS LTD IN A SCHEME OF ARRANGEMENT BY ORDER OF<br>THE HIGH COURT OF DELHI WITH TINNA FINEX LTD

<b>Defendant<br>(Charterers)</b>

AND IN THE MATTER OF AN ARBITRATION BETWEEN:

NATIONAL ABILITY S.A

<b>Claimant in the Arbitration</b>

- and -

TINNA OILS & CHEMICALS LTD IN A SCHEME OF ARRANGEMENT BY ORDER OF<br>THE HIGH COURT OF DELHI WITH TINNA FINEX LTD

<b>Respondents in the arbitration</b>

---

FIRST WITNESS STATEMENT<br>
OF THOMAS ADAMS

---

I, **THOMAS ADAMS** of Stephenson Harwood, One St Paul's Churchyard, London, EC4M 8SH will say as follows:

1. I am a Solicitor in the firm of Stephenson Harwood at the above address. I have conduct of this matter, under the supervision of a partner, Haris Zografakis, on behalf of National Ability S.A. (*"Claimant"*) and I am duly authorised to make this statement on its behalf.

2. Except where I say otherwise, the facts and matters stated are within my own knowledge and are true. Where the facts and matters are not within my own knowledge, they are based on instructions, documents and information supplied to me and are true to the best of my knowledge, information and belief.

3. I make this, my first witness statement, in support of Claimant's application for Orders in the terms of the draft appended to the Claim Form:

   a) For leave to enforce an arbitration award dated 19 November 1998 (the "Final Award") pursuant to s.26 Arbitration Act 1950 and CPR 62.18.

   b) For leave to enforce an arbitration award dated 12 October 1999 (the "Award as to Costs") pursuant to s.26 Arbitration Act 1950 and CPR 62.18.

   c) To enter judgment in the terms of the said Awards pursuant to s.26 Arbitration Act 1950 and CPR 62.18.

   d) For an Order requiring the Defendant to pay interest on the Awards.

   e) For an Order requiring the Defendant to pay the costs of this application, including the costs of entering judgment, such costs to be summarily assessed.

4. There are now produced and shown to me marked "TA1" true copies of documents referred to in this witness statement.

**The commencement of the London arbitration proceedings**

5. The dispute arose under a charterparty dated 29 April 1995 [TA1 pg1-12] on a Gencon form in respect of the vessel "AMAZON REEFER". The vessel sailed from Kandla, India to Novorossiysk, Russia. The Claimants made claims against the Defendants concerning

the Defendant's failure to discharge the cargo of potatoes at Novorossiysk. Defendants denied liability in full and counterclaimed against Claimants for alleged failure to care for and carry the cargo.

6. The Claimant initiated arbitration proceedings in London by the appointment of Donald Davies of 604 Queen's Quay, 58 Upper Thames Street, London, EC4V on 1 September 1996 [TA1 pg13-14] to act as sole arbitrator. Defendants were notified of this appointment but following discussions between the parties it was agreed that each party would appoint an arbitrator and that an umpire would be appointed by those arbitrators jointly.

7. Defendants in turn appointed Michael Ferryman of LLoyds Wharf, 2 Mill Street, London on 12 December 1995 [TA1 pgs 17-18] In the event Mr Ferryman was later replaced by Robert Lindsay Gordon of Rennie House, Aldgate High Street, London, as the arbitrator appointed by Defendants [TA1 pg 19].

8. On 19 May 1998, the said arbitrators appointed Michael Baskerville of Glebe House, Stowmarket to act as umpire. The parties subsequently agreed that Mr Baskerville should act as the third arbitrator rather than as an umpire [TA1 pg 20-21].

9. The arbitration was governed by the Arbitration Acts 1950-1979 and the LMAA terms.

10. On 1 May 1996 the Tribunal ruled that security for costs be provided by both parties in the sum of £150,000 [TA1 pg22-25]. Claimants agreed to do so.

11. On 27 March 1998, the Tribunal stayed the counterclaims of Defendants as they failed to put up security for costs in respect of them. In early September 1998, the Tribunal decided that the hearing would be concerned solely with Claimant's claims in respect of liability and quantum, due to Defendants continued failure to provide security.

12. Between 21-25 September 1998 a hearing took place at the New Arbitration Centre, The Courtyard, 124 Aldersgate Street, London with both parties represented by Solicitors and Counsel. Solicitors for the Defendants in the arbitration were More Fisher Brown.

13. On 19 November 1998 the Tribunal gave a reasoned Award in the following terms:

"*WE FIND AND HOLD* that the Owners' claim in paragraph D above succeeds to the extent of US$819,983.16 and no more. It follows that the Charterers' counterclaims fail.

***WE AWARD AND ADJUDGE*** *that the Charterers shall forthwith pay to the Owners the sum of US$819,983.16 together with interest at the rate of 7% per annum from October 1, 1995 until the date of this our Final Award 19 November 1998 in full and final settlement of the matters referred to in paragraph D above.*

***WE ALSO AWARD AND ADJUDGE THAT*** *the Charterers shall bear and pay their own and the Owners' costs in this reference (the latter to be taxed if not agreed) in addition to the cost of this our Award **PROVIDED ALWAYS** that if the Owners shall in the first instance have paid for the cost of our award they shall be entitled to an immediate reimbursement from the Charterers of the sum so paid.*

***WE RESERVE*** *unto ourselves the power to tax in an award of costs the Owners' costs."* [TA1 p26-63]

14. By a fax also dated 19 November 1998, the Tribunal withheld publication of their Final Award until its costs were paid in the stated amount of £26,762.17 [TA1 pg64].

15. The Claimant paid these costs (see letter of acknowledgment from the Tribunal dated 14 December 1998 [TA1 pg65]) and the Final Award was published. The reasons annexed to the Final Award made reference to an *Interim* Final Award in error [TA1 pg66].

16. The parties were unable to agree on the question of the Claimant's costs of the hearing and the matter was referred back to the Tribunal for assessment of costs. Written submissions were put before the Tribunal by both parties and neither party requested a hearing.

17. By a Final Award assessing Claimants' Solicitors' Costs dated 12 October 1999 ("Award as to Costs"), the Tribunal awarded Claimants their costs and the costs of the Tribunal as follows:

   "*****WE AWARD AND AJUDGE*** *that the charterers shall forthwith pay the Owners the sum of £202,260.31 (two hundred and two thousand two hundred and sixty pounds sterling and thirty one pence), PLUS interest on the said sum at the rate of 7% from 19 November 1998 until payment is made, in full and final settlement of the Owners' solicitors' costs.*

> ***WE FURTHER AWARD AND ADJUDGE*** *that the charterers shall bear and pay their own costs, together with the costs of our taxation, which we hereby tax and settle in the sum of £3,545, PROVIDED ALWAYS that if in the first instance the Owners have paid for the cost of this our taxation they shall be entitled to immediate reimbursement from the charterers of the sum so paid." [TA1 pg 67-72]*

18. The Claimants paid the Tribunal's cost of the Award as to Costs (see Tribunals letter of acknowledgment dated 19 October 1999 TA1 pg73].

**The present application**

19. The Defendant has failed to pay any of the sums ordered by the Tribunal. The Claimants have paid the Tribunal's costs of both Awards in this reference and were entitled to immediate reimbursement under the terms of those Awards. No reimbursement has been made. In our respectful submission such defaults justify the present application.

20. The Defendant's place of business at the time of the arbitration was A-151, Mayapuri Industrial Area, Phase II, New Delhi, India. Its registered office and trading address is now at No.6 Sultanpur, Mandi Road, Mehrauli, New Delhi 110030.

21. In an attempt to enforce the Awards, proceedings were issued in the High Court of Delhi in 1999 under the New York Convention and India's Arbitration and Conciliation Act 1996. Those legal proceedings have occupied the parties since that time. The Defendant is represented in those proceedings by Mr Sudhir Nandrajog of 103/1 Hans Bhavan, 1 Bhadur Shah Zafar Marg, New Delhi 110001, their legal representative on the Indian Court's record. The Claimant instructed this firm to make this application having become frustrated with the slow progress of the legal process in India and has sought other avenues for the recovery of sums owed by Defendants.

22. In February 2008, the Claimants issued proceedings in the Southern District of New York in an attempt to enforce the Awards. They were successful in applying to that court for a maritime attachment of the Defendants' funds. The Claimants now make this present application in order to facilitate the enforcement of the Awards against those funds attached in New York.

**Interest**

23. The Tribunal awarded interest at 7% on the principal sum of the Final Award from 1 October 1995 to the date of the Final Award being 19 November 1998.

24. The Final Award did not preclude interest accruing post award, and the Claimant therefore claims simple interest on the Final Award at the rate of 8% per annum pursuant to s.20 Arbitration Act 1950 and s.17 Judgments Act 1838 (s.17(1) (26.4.1999) by S.I. 1998/2940, art. 3(a); S.I. 1998/3132).

25. In the alternative, the Claimant claims simple interest on the Final Award as a debt, at such rate as the court sees fit pursuant to s.3(1)(a) of the Law Reform (Miscellaneous Provisions) Act 1934.

26. By their Award as to Costs, the Tribunal awarded interest at the rate of 7% per annum on the Claimants costs from date of the Final Award until payment.

27. The Claimants paid the costs of the Tribunal's Award as to Costs in the amount of £3,545. The Award as to Costs required that this amount so paid be immediately reimbursed to Claimants. It has not been reimbursed. The Tribunal did not provide expressly for interest to run on that amount following its payment, but Claimants hereby claim simple interest on the Tribunal's costs from the date paid (19 October 1999) at the rate of 8% per annum pursuant to s.20 Arbitration Act 1950 and s.17 Judgments Act 1838 (s.17(1) (26.4.1999) by S.I. 1998/2940, art. 3(a); S.I. 1998/3132).

28. In the alternative, the Claimant claims simple interest on the Tribunal's costs of the Award as to Costs as a debt, at such rate as the court sees fit pursuant to s.3(1)(a) of the Law Reform (Miscellaneous Provisions) Act 1934.

29. A schedule setting out the interest accruing on the outstanding amounts can be found at p.74-77 of TA1 from which it can be seen that the amount of the Defendant's indebtedness currently stands at the aggregate of USD$1,768,381.12 and £391,420.89.

30. The usual place of business of the Claimant is 26, Bouboulinas Street, Piraeus, Greece.

**The Order Sought**

28. I therefore ask the Court to make an Order in the terms of the draft Order appended to this witness statement and in particular:

1. Pursuant to s.26 Arbitration Act 1950, the Claimant do have leave to enforce the arbitration award dated 19 November 1998 (the "Final Award") and the arbitration award dated 12 October 1999 (the "Award as to Costs"), both made pursuant to an arbitration agreement contained in a Charterparty dated 29 April 1995; including leave to enforce the principle sums awarded of USD$1,000,042.48 and GBP£232,568.02 such leave to include leave to enforce post-award interest in the amount of USD$768,338.70 accruing hereafter at the daily rate of $219.19 ; and such leave to include leave to enforce post-award interest in the amount of GBP£158,852.89 accruing hereafter at the daily rate of £45.44.

2. Pursuant to s.26 Arbitration Act 1950, Judgment be entered against the Defendant in the terms of the Final Award, namely;

" __WE FIND AND HOLD__ *that the Owners' claim in paragraph D above succeeds to the extent of US$819,983.16 and no more. It follows that the Charterers' counterclaims fail.*

__WE AWARD AND ADJUDGE__ *that the Charterers shall forthwith pay to the Owners the sum of US$819,983.16 together with interest at the rate of 7% per annum from October 1, 1995 until the date of this our Final Award 19 November 1998 in full and final settlement of the matters referred to in paragraph D above.*

__WE ALSO AWARD AND ADJUDGE THAT__ *the Charterers shall bear and pay their own and the Owners' costs in this reference (the latter to be taxed if not agreed) in addition to the cost of this our Award __PROVIDED ALWAYS__ that if the Owners shall in the first instance have paid for the cost of our award they shall be entitled to an immediate reimbursement from the Charterers of the sum so paid.*

__WE RESERVE__ *unto ourselves the power to tax in an award of costs the Owners' costs.* "

3. Pursuant to s.26 Arbitration Act 1950, Judgment be entered against the Defendant in the terms of the Award as to Costs, namely;

"__WE AWARD AND AJUDGE__ *that the charterers shall forthwith pay the Owners the sum of £202,260.31 (two hundred and two thousand two hundred and sixty pounds*

*sterling and thirty one pence), PLUS interest on the said sum at the rate of 7% from 19 November 1998 until payment is made, in full and final settlement of the Owners' solicitors' costs.*

***WE FURTHER AWARD AND ADJUDGE*** *that the charterers shall bear and pay their own costs, together with the costs of our taxation, which we hereby tax and settle in the sum of £3,545, PROVIDED ALWAYS that if in the first instance the Owners have paid for the cost of this our taxation they shall be entitled to immediate reimbursement from the charterers of the sum so paid."*

4.  The costs of this application, including the costs of entering judgment, be paid by the Defendant in the amount of £5552 (being the costs incurred by Stephenson Harwood and the £50 court fee for this application.

5.  The Order be served within 7 days.

6.  The Order be served by courier on Mr Sudhir Nandrajog of 103/1 Hans Bhavan, 1 Bhadur Shah Zafar Marg, New Delhi 110001; or by courier on the Defendants at A-151, Mayapuri Industrial Area, Phase II, New Delhi. India; or by courier on the Defendants at No.6 Sultanpur, Mandi Road, Mehrauli, New Delhi 110030.

7.  Within 14 days after service of the Order, the Defendant may apply to set aside the Order. The order must not be enforced until after the end of that period, or until any application made by the Defendant within that period has been finally disposed of.

Statement of truth

I believe that the facts stated in this witness statement are true.

- Signed ................................  Date 26 June 2008
-
- Name: Thomas Adams, Solicitor, Associate, Stephenson Harwood



**NOT FOR SERVICE OUT OF THE JURISDICTION**

# Claim Form (arbitration)

**CLAIMANTS COPY**

| | |
|---|---|
| In the | High Court Of Justice COMMERCIAL COURT Queen's Bench Division Royal Courts of Justice |

| | for court use only |
|---|---|
| Claim No. | 2008 - 614 |
| Issue Date | 26/6/08 |



In an arbitration claim between

Claimant
NATIONAL ABILITY S.A,
26, Bouboulinas Street, Piraeus, Greece.

Defendant(s)
TINNA OILS & CHEMICALS LTD IN A SCHEME OF ARRANGEMENT BY ORDER OF THE HIGH COURT OF DELHI WITH TINNA FINEX LTD,
No.6 Sultanpur, Mandi Road, Mehrauli, New Delhi 110030

In the matter of an [intended] arbitration between

Claimant
NATIONAL ABILITY S.A,
26, Bouboulinas Street, Piraeus, Greece.

Respondent(s) *Set out the names and addresses of persons to be served with the claim form stating their role in the arbitration and whether they are defendants.*

TINNA OILS & CHEMICALS LTD IN A SCHEME OF ARRANGEMENT BY ORDER OF THE HIGH COURT OF DELHI WITH TINNA FINEX LTD,
No.6 Sultanpur, Mandi Road, Mehrauli, New Delhi 110030

Defendant's name and address
TINNA OILS & CHEMICALS LTD
No.6 Sultanpur, Mandi Road,
Mehrauli, New Delhi 110030

☐ This claim will be heard on:

 at         am/ pm

☒ This claim is made without notice.

The court office at Strand, London, WC2A 2LL

When corresponding with the court, please address forms or letters to the Court Manager and quote the claim number.

N8 Claim form (arbitration)                                    Laserform International 4/02

| Claim No. | |
|---|---|

Remedy claimed and grounds on which claim is made

The claimant applies for orders in terms of drafts appended to the First Witness Statement of Haris Zografakis submitted in support of the application; and particularly:

1. Pursuant to s.26 Arbitration Act 1950, the Claimant do have leave to enforce the arbitration award dated 19 November 1998 (the "Final Award") and the arbitration award dated 12 October 1999 (the "Award as to Costs"), both made pursuant to an arbitration agreement contained in a Charterparty dated 29 April 1995; including leave to enforce the principle sums awarded of USD$1,000,042.48 and GBP£232,568.02 such leave to include leave to enforce post-award interest in the amount of USD$768,338.70 accruing hereafter at the daily rate of $219.19 ; and such leave to include leave to enforce post-award interest in the amount of GBP£158,852.89 accruing hereafter at the daily rate of £45.44.

2. Pursuant to s.26 Arbitration Act 1950, Judgment be entered against the Defendant in the terms of the Final Award

3. Pursuant to s.26 Arbitration Act 1950, Judgment be entered against the Defendant in the terms of the Award as to Costs.

4. The costs of this application, including the costs of entering judgment, be paid by the Defendant in the amount of £5552 (being the costs incurred by Stephenson Harwood and the £50 court fee for this application.

5. The Order be served within 7 days.

6. The Order be served by courier on Mr Sudhir Nandrajog of 103/1 Hans Bhavan, 1 Bhadur Shah Zafar Marg, New Delhi 110001; or by courier on the Defendants at A-151, Mayapuri Industrial Area, Phase II, New Delhi. India; or by courier on the Defendants at No.6 Sultanpur, Mandi Road, Mehrauli, New Delhi 110030.

7. Within 14 days after service of the Order, the Defendant may apply to set aside the Order. The order must not be enforced until after the end of that period, or until any application made by the Defendant within that period has been finally disposed of.

| Claim No. | |
|---|---|

The claimant seeks an order for costs against

The Defendant for:

- The costs of this application.
- The costs of enforcing judgment.

Statement of Truth
* (I believe) (The Claimant believes) that the facts stated in these particulars of claim are true.
* I am duly authorised by the claimant to sign this statement

Full name  Thomas Adams

Name of claimant's solicitor's firm   Stephenson Harwood

signed _____   position or office held  Associate
*(Claimant) (Claimant's solicitor)         (if signing on behalf of firm or company)

*delete as appropriate

Stephenson Harwood
One St. Paul's Churchyard
London
EC4M 8SH

DX 64   Chancery Lane

Claimant's or claimant's solicitor's address to which documents should be sent if different from overleaf. If you are prepared to accept service by DX, fax or e-mail, please add details.