# Exhibit A

IN THE HIGH COURT OF DELHI AT NEW DELHI

ORIGINAL JURISDICTION

COMPANY PETITION NO. _____ OF 1997

AND

COMPANY APPLICATION NO. 685 OF 1997

AND

COMPANY APPLLICATION NO. 339 OF 1997

IN THE MATTER OF

THE COMPANIES ACT, 1956

AND

IN THE MATTER OF

AN APPLICATION UNDER SECTION 391 OF

THE COMPANIES ACT, 1956

IN THE MATTER OF

TINNA OILS & CHEMICALS LIMITED
A COMPANY INCORPORATED UNDER THE COMPANIES ACT, 1956
AND HAVING ITS REGISTERED OFFICE AT
A-151, MAYAPURI INDUSTRIAL AREA, PHASE-III,NEW DELHI

AND

IN THE MATTER OF

THE SCHEME OF ARRANGEMENT OF TINNA OILS AND CHEMICALS
LTD.(TOCL)

(HEREINAFTER CALLED THE TRANSFERROR COMPANY)

AND

TINNA FINEAX LIMITED(TFL)

(EARLIER KNOWN AS TINNA FINALEASE LTD.)

(HEREIN AFTER CALLED THE TRANSFEREE COMPANY)

TINNA OILS & CHEMICALS LIMITED    .....PETITIONER

The humble petition of TINNA OILS & CHEMICALS
LIMITED(TOCL) the petitioner above named most
respectfully-

SHOWETH:

I.        The object of this petition is to obtain a sanction of
this Hon'ble Court to a Scheme of Arrangement between
TINNA OILS & CHEMICALS LIMITED (TOCL) (hereinafter
referred to as the Transferor Company) and TINNA FINEX
LIMITED (TFL). (earlier known as Tinna Finlease
Ltd.) (hereinafter referred to as the Transferee
Company). In terms of the said arrangement between the
aforesaid companies the "Spin Off Division" of the
Transferor Company including all the properties
movable and immovable and all assets and liabilities
of any kind, nature and description whatsoever and
more particularly describe in the said Scheme of
Arrangement shall without any further act or deed,
transferred to and vested with the Transferee Company.

2(A).    The petitioner was incorporated on 14th October, 1991
under the provisions of the Companies Act, 1956 as
Pratham Oils & Chemicals Private Limited with its
Registered Office at Bombay. The registered office of
the company was subsequently shifted to Delhi by the
Company Law Board's Order dated 5th August, 1956. The
Company changed its name to Tinna Oils & Chemicals
Ltd. on 3rd September, 1992 and on the same day the
status of the company was changed into a Public
Limited Company.

at A-151, Mayapuri Industrial Area, Phase-II, New Delhi-110064.

C.    The authorized share capital of the Petitioner Company is Rs. 12,00,00,000/- divided into Equity Shares of Rs. 10/-each.

C.    The Issued Subscribed and Paid Up Capital of the Company is Rs. 9,11,01,700 divided into 91,10,170 Equity Shares of Rs. 10/-each.

D.    The Transferee Company was incorporated on the 12th October, 1990 under the Companies Act, 1956, as Inter medium.Finlease Private Limited. The Company changed it's name to Tinna Finlease Pvt. Ltd. on 29th March, 1993. Later on the company became a deemed public Co. u/s 43(A)(1A) of the Companies Act, 1956, w.e.f. 13/6/1994. Finally, on 17th June, 1997 the Company changed its name to Tinna Finex Ltd. The Company changed its status from a deemed Public Company to the Public Company in the Extra-ordinary General Meeting held on 12th May, 1997.

F.    The Registered Officer of the Transferee Company is situated at A-151, Mayapuri Industrial Area, Phase-II, New Delhi-110064.

G. The authorized share capital of the Transferee company is Rs. 5,00,00,000/- divided into 50,00,000 Equity Shares of Rs. 10/-each.

H. The Issued Subscribed and paid up capital of the Company is Rs. 4,51,76,200/=divided into 45,17,620 Equity Shares of Rs. 10/= each.

I. The main objects for which the Petitioner Company was incorporated are set out in the Memorandum of Association. They are briefly as under:

To carry on the business of extraction of edible grade Rice Bran Oil, Cotton Seed, Copra, Rapeseed, Caster Seed, Ground Nut, Sunflower or Nuts and Seeds, by solvent extraction or any other process, manufacture and refine, buy, sell, import, export all kinds of oils, hydrogenerated oils, vegetable ghee, glycerin, lubricating oils, greases, varnishes, rubber, chemicals, natural or synthetic, resin pigments, adhesives.

The other objects are more fully mentioned in the Memorandum of Association. A copy of the Memorandum & Articles of Association of the petitioner is annexed hereto and marked with the letter 'B'. By a Resolution passed in the Board Meeting on 31/3/1992. The company authorized the commencement of business of Exporters as mentioned in Clause 45 & 60 of Other objects of Memorandum and Articles of Association of the company.

By Special Resolution passed in Annual General Meeting held on 12th August, 1994, the company was authorized to commence the business of Ship Owners Manager of Shipping Property, Freight Contractors, Carries, Forwarding Agents, Warehousemen, Refrigerating, Store-keepers etc. as mentioned in Clause 49 of the Other objects of Memorandum of Association of the Company.

J.    Shortly after the incorporation the petitioner commenced its business and is still carrying on business.

3.    The Directors of the Transferor and Transferee Companies are desirous of and/or formulating a Scheme of Arrangement where by and where under the undertakings assets ad liabilities of the "Spin Off Division" of the Transferee Company would be transferred to and/or vested in the Transferee Company.

4.    The reason for the proposed Amalgamation and/or consequential advantages thereof are, interalia as follows:-

Tinna Oils and Chemicals Ltd. has three divisions a) Oil Division b) Cargo Handling Division and c) Merchant Export Division. The Financial performance of the company if not vary satisfactory and the company has incurred heavy financial losses. Also, the company

...oans outstanding for repayment. The management's intention is not only to turnaround its edible unit but also to expand its Cargo handling business so as to generate profits. TOCL has been negotiating with a Joint Venture Partner namely Archer Daneils Midland Singapore Pte Ltd. (A.D.M.) having their Group Headquarters in U.S.A. to turn around the ailing company.

A.D.M. having shown their interest, TOCL, then appointed M/s. S.S.Kothari & Co. to prepare a Restructuring Report based on the parameters given by A.D.M. as also the background and history of TOCL. The Board of Directors of TOCL and ADM has approved the Restructuring of TOCL in the manner suggested by S.S. Kothari & Co. based on which the Scheme of Arrangement has been drafted.

The Restructuring Report recognizes the following important features:

Substantial funds are required for the turnaround strategy as also for the future growth of the Company's business basically:-

a.    To repay the outstanding loans so as to reduce the interest and debt burden on the company.

b.    To provide working funds for its Divisions to be retained in the company.//

expansion of Cargo Handling Division.

However the avenues for raising of additional funds are extremely limited at this point of time since:

a.  The company's performance has not been satisfactory:

b.  There is a general depression in the capital market:

c.  The Financial Institution and Banks will not be willing to advance further funds unless the outstanding loans are repaid.

It is difficult for the other Group Companies and the promoters to raise the quantum of funds as estimated to be required for the turnaround measures. Hence the only avenue open for the management was to locate a partner who will be willing to invest funds in the company through equity participation.

After examining alternate proposals the report opted for the revival based on technical cum financial collaboration with other parties who may be willing to:

a.  Bring in managerial skills:

b.  Pump in the required funds:

c.  Bring in technical know-how and brand support.

TINNA Group has located such a strong multinational company of USA viz. M/s. Archer Daniels Midland (ADM) for this purpose. However, ADM is prepared to come in provide the loans and liability is restructured and they would like to deal with only one shareholder. ADM has necessary expertise and skills in the business of Oils Seeds proceeding. Oils Refining and other diversified areas including market and brand building. ADM have been in the business for over twenty years.

The offer of ADM, inter-alia is conditional upon:

1.    That as ADM is coming in as a now partner is TOCL, Therefore, TOCL should be restructured in such a manner that they are able to start with a clean state i.e. only with the manufacturing assets of Oil Processing and all assets of Cargo Handling Division and to enable ADM to deal with only one shareholder as the J.V. Partner as opposed to the public at large being the shareholders.

2.    Another Company (hereinafter called the TFL nominated by the Tinna Group become JV Shareholders in TOCL in agreed ratio i.e. 40 : 60 for the revival of TOCL.

3.    That the business of TOCL would be run in an efficient manner with pumping in of the required funds and management's skills.

In order to implement the scheme, the report has recommended a four stage restructuring exercise as under:

Ist stage:

1. Transfer out all (i) Institutional (ii) Banks of all divisions to TFL:

2. Transfer all investments in TOCL to TFL:

3. Transfer out all current assets and current liabilities of Oil Division and retail only the fixed assets and related current assets i.e. Power deposit, excise deposit etc. of Oil Division.

4. Retain Fixed Assets, Current Assets and Current Liabilities of Cargo Handling Division.

5. Transfer out all activities and assets and liabilities of Merchant Export Division.

TFL, should acquire 100% of the present share capital of TOCL, which will take over specified assets and liabilities of TOCL as explained as above:

Shares of TFL are issued in lieu of shares of TOCL to the existing shareholders of TOCL in the ratio of 1:1.

IInd Stage

TOCL should undertake the capital reduction by 90%:
TOCL will then clean up the negative balances of accumulated losses to the extent of Rs. 1021.96 Lacs against the capital reduction reserves of Rs. 819.91 and Reserves & Surplus of Rs. 202.05 Lacs.

## IIIrd Stage

Thereafter ADM should bring in Rs. 1296 as Share Application Money which will be utilized to repay the balance due to TFL and it will be the Shares of Rs. 308.90 Lacs for a total consideration of Rs. 861.98 Lacs in TOCL making its holding 40% of the proposed total capital.

TFL will repay the institutional/bank loans, the entire amount of Rs. 1296 Lacs received from TOCL as part of settlement.

## IVth Stage

Thereafter ADM comes in as 60% equity partner in TOCL, by issue of shares of Rs. 600 Lacs for a total consideration of Rs. 1296 Lacs.

The Scheme of Arrangement proposed is to give effect to the aforesaid recommendations of M/s. S.S.Kothari & Co. which has been approved by ADM as also the Board of Directors of TFL and TOCL/.

It is felt that the Scheme of Arrangement is the only way. TOCL can be turned around and this would benefit the company and its Shareholders as also TFL and its Shareholders.

TFL stands to gain as it would enable it to expand and diversify its operation with an already developed line of activity that of merchant exports.

Further it would become a 40% shareholders in TOCL which as a part of this Scheme is planning expansion in its Cargo Handling Division and upgradation of oil Division with the technical, managerial and financial support from its new Joint Venture partner who is internationally well known in Cargo handling and agricultural produce. Being 60% partner ADM should in due course make TOCL into a profitable venture.

5.  The smallest features of the said Scheme of Arrangement are set out hereunder:

a.  With effect from the date of Arrangement the "Spin Off Division" of TOCL as mentioned in Scheme of Arrangement shall pursuant to Section 394(2) of the Act and without any further act, deed or thing be vested by operation of law in or be deemed to have been vested in TFL for all the estate and interest of TFL therein free from all charges. Liens, liens pendens , mortgages and encumbrances. If any, affecting the same of any part thereof, subject to existing charges in favour of the Company's Bankers and Financial Institutions. If any as may be modified, readjusted, apportioned and reallocated by them.

b.   All debts, liabilities and obligations of TOCL relating to the "Spin Off Division" in part I of the Scheme of Arrangement as on the close of business on the day immediately preceding the Date of Arrangement whether provided for or not in the books of account of TOCL and all other liabilities relating to "Spin Off Division" which may accrue or arise from the Date of Arrangement, but which relate to the period upto the day immediately preceding the Date of Arrangement shall become the debts, liabilities, and obligations of TFL and TFL undertakes to meet, discharge and satisfy the same to the exclusion of TOCL.

c.   TFL undertake to deal with the liabilities stated in Clause 2 of the Scheme of Arrangement which are not vested into TFL and keep TOCL indemnified from and against all liabilities, obligations, actions, claims and demands in respect thereof. In the event any such liability is required to be met and paid by TOCL, TOCL undertake to deal with all proceedings in respect same as per advice of TFL and at the costs of TFL and TFL will indemnify and keep indemnified TOCL from and against all liabilities, obligations, actions, claims and demands in respect thereof.

d.   All legal or other proceedings by or against TOCL whether pending on the Effective Date or any matter arising before the Date of Arrangement and relating to the "Spin Off Division" in part I hereof (including

those relating to any property, right, power, liability, obligation or duty of TOCL) in respect of "Spin Off Division" shall after the effective date be continued and enforced by or against TFL only.

e.    With effect from the Date of Arrangement and upto and including the Effective Date.

i.    TOCL shall be deemed to have been carrying on or to be carrying on all business and activities relating to "Spin Off Division" and stand possessed of the properties so to be vested in TFL for and on account of and in trust for TFL.

ii.    All profits accruing to TOCL of losses arising or incurred by it relating to "Spin Off Division" shall for all purposes, be treated as the profits or losses, as the case may be of TFL.

f.    TOCL hereby undertakes from the Date of Arrangement upto and including the Effective Date:

i.    To carry on business of the "Spin Off Division: in the ordinary course of business and not (without the prior written consent of the TFL) to alienate, charge or otherwise deal with or dispose off the "Spin Off Division" or any part thereof except in the usual course of business and:

------- the profits, if any, relating to the "Spin Off Division" for the purpose of declaring the paying any dividend in respect of the period falling on and after the Date of Arrangement except with the consent of TFL:

g.    TFL undertake to engage, on and from the Effective Date, all the permanent employees of TOCL engaged in the "Spin Off Division" on the same terms and conditions on which they are engaged as on the Effective Date by TOCL without any interruption of service as a result of the transfer. TFL agrees that the service of all such employees with TOCL upto the Effective Date shall be taken into account for the purpose of all benefits to which the said employees may be eligible, including for the purpose of payment of any retrenchment compensation gratuity and other terminal benefits.

h.    The accumulated balances, if any, standing to the credit of the employees and officers of the "Spin Off Division" in the existing Provident Fund, Gratuity Fund and Superannuation Fund, of which may they are members , will be transferred to such provident Fund, Gratuity Fund and Superannuation fund nominated by TFL and/or such new Funds to be established and caused to be recognized by the concerned authorities by TFL pending the transfer as aforesaid, the Provident Fund , Gratuity Fund and Superannuation Fund dues to the

122

said employees and Officers of the "Spin Off Division" would be continued to be deposited in the existing Provident, Gratuity and Superannuation Funds respectively;

iii.   The vesting of the properties and liabilities of the "Spin Off Division" in part I hereof under Clause 1 hereof and the continuance of the proceedings by or against TFL under Clause 4 hereof shall not affect any transaction or proceeding already completed by TOCL on and after the Date of Arrangement to the end and intent that TFL accepts all acts, deeds and things done and executed by and/or on behalf of TOCL as acts, deeds and things done and executed by and on behalf of TOCL.

j.   Subject to the other provisions contained in this scheme all contracts, deeds, agreements, and other instruments of whatsoever nature relating to the "Spin Off Division" to which TOCL is a party subsisting or having effect immediately before the Effective Date shall remain in full force and effect against or in favour of TFL and may be enforced as fully and effectively as if instead of TOCL, TFL had been a party thereto.

k.   For the purpose of this Scheme, a statement of Account as on the date preceding the Date of Arrangement shall be drawn in respect of the assets and liabilities of

the "Spin Off Division" and other assets and liabilities to be vested in TFL as per this scheme. The said statement of Account shall be drawn up on the basis of the books of account of TOCL relating to the "Spin Off Division" and other Assets and Liabilities on the day immediately preceding the Date of Arrangement, i.e. as on 1st day of April, 1997 as audited by the Auditors after incorporating any additional liability for bonus pertaining to the "Spin Off Division" for the year 1st April, 1996 to 31st March, 1997, as may crystallized after the Date of Arrangement. All assets and liabilities shall be taken at the values as appearing in the books of Account of TOCL as on the day immediately preceding the Date of Arrangement and shall be reflected in the books of TFL at such values as aforesaid.

1.   All existing shareholders of TOCL holding 91,10,170 shares of Rs. 10 each will exchange their present holding with a new shareholding of an equal amount in TFL(shares of TFL are issued in lieu of shares of TOCL to the existing shareholders of TOCL in the ratio of 1 : 1. The existing shareholding of the shareholders in TOCL would thereby come to vest with TFL. Accordingly. TFL will get listing on all Stock Exchange where TOCL is presently listed and TOCL shall cease to be a listed company.

m.    The paid up equity capital of the Transferee Company shall stand reduced from Rs. 9,11,01,700 to Rs. 91,10,170 and to give effect to the above, the shareholders of the Transferee Company i.e. TFL shall be issued 1(One) equity shares of Rs. 10/- each for every 10(Ten) equity share of Rs. 10/-each held by it in the Transferor Company on such date as the Board of Directors of the Transferee Company may determine.

n.    The Equity shares in the Equity Share Capital of the Transferee Company to be issued and allotted to the shareholders of the Transferor Company pursuant hereto shall rank pari-passu in all respects with the existing equity shares in the Equity Share Capital of the Transferee Company.

o.    All the members whose names shall appear in the Register of members of the Transferor Company on such date(after the Effective Date) as the Board of Directors of the Transferee Company may determine to surrender their Certificates for cancellation thereof to the Transferee Company at its Registered Office. Upon the new shares in the Transferee Company being issued and allotted by it to the shareholders of the Transferor Company whose names shall appear in the Register of Members of the Transferor Company on such date as aforesaid, the Share Certificates in relation to the shares held by them, in the Transferor Company shall be deemed to be and stand cancelled.

125

p.    The Transferee Company shall make the allotments of its Equity Shares pursuant hereto every shareholders of the Transferor Company without further application and shareholder Transferor Company shall accept the said shares on such allotments. Upon surrender by every shareholder of the certificates in respect of the shares of the Transferor Company, the Share Certificates in respect of the numbers of Equity Shares in the Transferee company to which he may be entitled under this Scheme shall be issued and every such shareholder of the Transferor Company shall

q.    Because, of the excess of the total liabilities over total assets being taken over by TFL. There will be a credit balance in the books of TOCL in favour of TFL. This balance would be settled by TOCL as under:

i.    Repayment in cash Rs. 1296 Lacs.
ii.   30.,89,000 Equity Shares of Rs. 10 each at a premium of Rs. 17.90 per share.

Thus together with the existing equity capital of Rs. 91,10, Lacs the total Equity holding of TFL in TOCL would be Rs. 400 Lacs.

Upon the scheme becoming effective and on the transfer and vesting of "Spin Of: Division" of TOCL to TFL, existing charges shall continue in favour of the

126

Company's Bankers & Financial Institutions. If any as may be modified, readjusted apportioned and reallocated by them.

s.    Even after the Effective Date , TFL shall be entitled to realize all money and complete and enforce all pending contracts and transactions in respect of the "Spin Off Division" in the name of TOCL in so far as may be necessary until the transfer of rights and obligations of TOCL to Transferee Scheme is formally accepted by all concerned.

t.    The Transferee Company has inspected, examined and seen the Directors, Report, Audited Balance Sheet and Profit & Loss Account of the Transferor Company for the year ended 31st March, 1996, and also for the previous years and has satisfied itself about the correctness thereof. The Transferee Company shall also accept the correctness of the Accounts of the Transferor Company upto the Effective Date.

u.    The Directors of the Transferor Company and the Transferee Company acting jointly or any person or persons duly authorized by them respectively may consent on behalf of all concerned to any alteration, deletion and/or addition to this Scheme of agree to any Conditions which the Delhi High Court may direct or impose and may do all acts, deeds, matters and

...ings necessary or usual for carrying of this Scheme into effect.

A copy of the said Scheme of Arrangement is annexed hereto and marked with letter 'C'.

6. The latest audited balance sheet and profit & loss account and the auditors report for the year ended 31st March, 1996 of the petitioners are annexed hereto and marked with the letter 'D' and the latest audited Balance Sheet of the Transferee Company for the year ended 31st March 1996 is annexed hereto and marked with the letter 'E'.

7. The Scheme aims to restructure the assets & liabilities of TQCL & TFL in a way that the interest of Shareholders & Creditors of the two companies are better protected.

8. No investigation or proceedings are pending against the petitioner Company under Section 235 to 251 of the Companies Act, 1956 or any other provisions.

9. The petitioner Company is not registered under the Monopolies and Restrictive Trades Practices Act, 1969 and as such the proposed scheme would not be within the mischief of any of the provision of the said Act.

10. The Scheme is fair, reasonable and practicable.

...by an order dated 11th April, 1997 the Hon'ble Court in Company Application C.A.No. 339 of 1997 the petitioner was directed to convene the meetings of the shareholders and Creditors of the Company for the purpose of considering and if thought fit approving, with or without modifications the said Scheme of Arrangement. The said meetings were directed to be held at Hotel Surya Continental, Community Centre, Rajouri Garden, New Delhi at 10.00 A.M. and 10.30 A.M. respectively on 24th May, 1997. The said order also directed Shri Ashok K. Kashyap Advocate to act as the Chairman and Mr. S.P.Tara, Superintendent as the Alternate Chairman of the meetings of the Shareholders and Creditors of the petitioner Company and the said Chairman were directed to report the results thereof this Hon'ble Court. A copy of the said order dated 11th April, 1997 is annexed hereto as marked with the letter 'F'.

12. Pursuant to the said order dated 11th April, 1997 notice of the said meetings were sent individually to each of the shareholders and creditors concerned as required by the said order Under Postal Certificate together with a copy of the said scheme and a Statement as required under Section 393 of the Companies Act, 1956 and form of proxy. Notice of the said meeting was also published once in "The Statesman" in English on 30th April, 1997 and once in "Veer Arjun" in Hindi on 30th April, 1997. Copies of

·····es are annexed hereto and marked with the Letter 'G' and the relevant statement u/s 393 of the Companies Act, 1956 is annexed hereto and marked with the letter 'H'.

In this connection, your petitioner craves leave to refer to the affidavit of Mr. Ashok K. Kashyap at the time of hearing of this application. If necessary.

13.    On 24th May, 1997 the meetings of shareholders and Creditors of the petitioner was duly held and Mr. Ashok K. Kashyap, Advocate acted as the Chairman and Mr. S.P.Tara, Superintendent as the alternate Chairman at the said meetings of Shareholders and Creditors. The said Mr. Ashok K. Kashyap has reported the result of the said meetings of this Hon'ble Court. The said meeting was attended by 122 (One hundred twenty two) Ordinary Equity Shareholders either authorized representative holding together 34,55,.367 Ordinary Equity Shares of the face value of Rs. 10/- each. The said meeting of the Creditors was attended by 6(Six) Creditors either personally or by proxy holding together Rs. 12,91,72,554,47/- worth of value. The Scheme of Arrangement was read and explained by the Chairman at the said meeting to the Shareholders and Creditors present at the said meeting. All the Shareholders approved the Scheme of Arrangement with the following modification.

...that the Scheme of Arrangement between Tinna Oils & Chemicals Limited and Tinna Finlease Limited as circulated be and is hereby approved subject to the modification that Schedule-I to the Scheme of Arrangement which sets out the items to be transferred by Tinna Oils & Chemicals Limited to Tinna Finalease Limited based on the provisional Balance Sheet as on 31st March, 1997 be substituted by figures based on Audited Balance Sheet of Tinna Oils & Chemicals Limited as on 31st March, 1997.

The Creditors Meeting was adjourned at the request of IDBI, so as to enable IDBI to take a view of one time settlement proposal submitted by the petitioner Company to IDBI.

14.    By an order dated 25th May, 1997 the Hon'ble Court in Company Application C.A.No. 585 of 1997 the petitioner was directed to convene the meeting of the Creditors of the Company for the purpose of considering and if thought fit approving, with or without modifications the said Scheme of Arrangement. The said meeting was directed to be held at Hotel Taj Palace, Sardar Patel Road, New Delhi at 12.00 Noon on 2nd August 1997. The said order also directed Shri Ashok K. Kashyap, Advocate to act as the chairman and Mr. S.P. Superintendent as the Alternate Chairman of the meeting of the Creditors of the Petitioner Company and

the said chairman were directed to report the results thereof to this Hon'ble Court.

A copy of the said order dated 25th May, 1997 is annexed hereto and marked with the letter 'H'.

15. Pursuant to the said order dated 25th May, 1997 notices of the said meeting was sent individually to each of the Creditors concerned as required by the said order Under Postal Certificate together with a copy of the said Scheme and a Statement as required under Section 393 of the Companies Act, 1956 and form of proxy. Notice of the said meeting was also published once in "The Statesman" in English and once in "Veer Arjun" in Hindi on 16th June, 1997. Copies of the said notices are annexed hereto and marked with the letter 'I'.

In this connection, your petitioner craves leave to refer to the affidavit of Mr. Ashok K. Kashyap at the time of hearing of this application, if necessary.

16. On 2nd August, 1997 the meeting of the creditors of the petitioner was duly held and Mr. Ashok K. Kashyap, Advocate acted as the Chairman and Mr. S.P. Tara, Superintendent as the alternate Chairman at the said meeting of Creditors. The said Mr. Ashok K. Kashyap has reported the result of the said meetings of this Hon'ble Court. The said meeting was attended by 7(seven) creditors either personally or by

proxy/authorize representative holding together Rs. 35,12,29,298,77 worth of value. The Scheme of Arrangement was read and explained by the Chairman at the said meeting of the Creditors present at the said meeting. The Creditors approved the Scheme of Arrangement with the following modification:

"Resolved that the Scheme of Arrangement between Tinna Oils and Chemicals Limited and Tinna Finalease Limited as circulated be and is hereby approved subject to the modification that Schedule-I to the Scheme of Arrangement which sets out the items to be transferred by Tinna Oils & Chemicals Limited to Tinna Finlease Limited based on the provisional Balance Sheet as on 31st March, 1997 be substituted by figures based on Audited Balance Sheet of Tinna Oils & Chemicals Limited as on 31st March, 1997.

17.    The sanction of the Scheme of Arrangement will be for the benefit of both the Transferor and the Transferee Companies, their respective shareholders and all concerned.

18.    Pursuant to Section 394 of the Companies Act, 1956, notice of this petition will be served on the Central Government.

19.    This application is made bonafide and in the interest of the justice.

155

20.    Your petitioner therefore, humbly prays your Lordships for an order that:-

a.    Scheme of Arrangement being annexure 'B' hereto may be sanctioned by this Hon'ble Court so as to the binding on the Transferor and Transferee Companies, all the shareholders of the said Companies and all concerned;

b.    All properties, rights, powers of the "Spin Off Division" of the transferor company be transferred without further act or deed to the transferee company and accordingly, the same shall, pursuant to Section 394(2) of The Companies Act, 1956 be transferred to and/or vested in the Transferee Company with al the estates and interest of the "Spin Off Division" of the Transferor Company therein, but subject nevertheless to all charges now affecting the same:

c.    All the liabilities, obligations, duties and engagements of the "Spin Off Division" of the Transferor Company be transferred without further act or deed to the Transferee Company accordingly, the same shall, pursuant to Section 394 of the Companies Act, 1956, be transferred to and become the liabilities, duties and obligations of the Transferee Company.

d.     All proceedings now pending by or against the Transferor Company related to the "Spin Off Division" be continued by or against the Transferee Company related to the "Spin Off Division" be continued by or against the Transferee Company.

e.     Such further or other order or orders be made and/or direction or directions be given as this Hon'ble Court may deem fit and proper:

Any other petitioner as in duty bound, shall ever pray.

Date:

Place:                        PETITIONER

SCHEME OF ARRANGEMENT          /135

BETWEEN

TINNA OILS & CHEMICALS LIMITED

TINNA FINEX LIMITED
(EARLIER KNOWN AS TINNA FINALEASE LIMITED)

AND

THEIR RESPECTIVE SHAREHOLDERS

PART-I

DEFINITIONS:

In this Scheme unless repugnant to the meaning or context thereof, the following expressions shall have the following meanings:

A.    "The Act" means the Companies Act, 1956.

B.    "The Date of Arrangement" means the date beginning with the business on the 1st day of April, 1997 (One thousand nine hundred and ninety seven).

C.    "The Date" means the day on which the last of the approval specified in Claus 4 of the part III of this Scheme shall have been obtained.

D.    "TOCL" means TINNA OILS & CHEMICAL LIMITED an existing Company within the meaning of The Companies.

136

Act, 1956, having its Registered Office at A-151, Mayapuri, Phase II, New Delhi 110064(hereinafter referred to as the Transferor Company).

E.    "TFL" means TINNA FINEX LIMITED.(earlier known as TINNA FINALEASE LIMITED) an existing Company within the meaning of Companies Act, 1956, having its Registered Office at Mayapuri, Phase II, New Delhi 110064.(hereinafter referred to as the Transferee Company). TOCL has three divisions i) Merchant Export Division.ii) Cargo Handling Divisions and iii) Oil Division.

F.    "Spin Off Division" of TOCL details the Assets and Liabilities indicated in Schedule I and means and inludels:

a.    All upto date Financial Institution dues:-

b    All upto date Bank Dues.

C.    All investments of Tinna Oils and Chemicals Limited.

d.    All current Assets related to fixed assets i.e. Power deposit. Excise Deposit etc.

e.    All activities and Assets and Liabilities pertaining to the Merchant Export Division and all Department employees of TOCL engaged in relation to the Merchant Export Division.

PART II

With effect from the Date of Arrangement the "Spin Off Division" in Part I of TOCL shall pursuant to Section 394(2) of the Act and without any further act, deed or thing be vested by operations of law in or be deemed to have been in TFL for all estate and interest of TFL therein free from all charges, liens, lise pendens, mortgages and encumbrances, if any, affecting the same or any part thereof, subject to existing charges in favour of the Company's Bankers and Financial Institutions, if any as may be modified, readjusted, and portioned and reallocated by them. Debts, liabilities and obligations of TOCl relating to "Spin Off Division" in Part I hereof as on the close of business on the day immediately preceding the Date of Arrangement, whether provided for or not in the books of account of TOCL and all other liabilities relating to "Spin Off Division" which may accrue or arise from the Date of Arrangement, but which relate to the period upto the day immediately preceding the Date of Arrangement shall become the debts, liabilities and obligations of TFL and TFL undertakes to meet, discussing and satisfy the same to be exclusion of TOCL.

TFL undertakes to deal with the liabilities stated in Clause 2 hereof which are not vested into TFL and keep TOCL indemnified from and against all liabilities, obligations, actions, claims and demands in respect thereof. In the even any such liability is required to

paid by TOCL. TOCL undertakes to deal with TFL and to deal with the same as per the advice of TFL and at the costs of TFL and TFL will indemnify and keep indemnified TOCL from and against all liabilities, obligations, actions, claims and demands in respect thereof.

All legal or other proceedings by or against TOCL whether pending on the Effective Date or any matter arising before the Date of Arrangement and relating to the "Spin Off Division" in Part I hereof (including those relating to any property, right, power, liability, obligation or duty of TOCL) in respect of "Spin Off Division" shall after effective date be continued and enforced by only. TFL

With effect from the Date of Arrangement and upto and including the Effective Date:

a.    TOCL shall be deemed to have been carrying on or to be carrying on all business and activities relating to "Spin Off Division" and stand possessed of the properties so to be vested in TFL for and on account of and in trust for TFL.

b.    All profits accruing to TOCL or losses arising or incurred buy it relation to "Spin Off Division" shall for all purposes, be treated as the profits or losses, as the case may be of TFL.

c.      TOCL hereby undertakes from the Date of Arrangement upto and including the Effective Date:

a.      To carry on business of the "Spin Off Division" in the ordinary course of business and not (without the prior written consent of TFL) to alienate, charge or otherwise deal with or dispose off the "Spin Off Division" or any part thereof except in the usual course of business; and

b.      Not to utilise the profits. If any, relating to the "Spin Off Division" for the purpose of declaring or paying any dividend in respect of the period falling on and after the Date of Arrangement except with the consent of TFL;

a.      TFL undertakes to engage, on and from the Effective Date, all the permanent employees of TOCl engaged in the "Spin Off Division" on the same terms and conditions on which they are engaged as on the Effective Date by TOCL without any interruption of service as a result of the transfer. TFL agrees that the services of all such employees with TOCL upto the Effective Date shall be taken into account for the purposes of all benefits to which said employees may be eligible, including for the purpose of payment of any retrenchment compensation, gratuity and other terminal benefits.

146

b. The accumulated balances, if any, standing to the credit of the employees and officers of the "Spin Off Division" in the existing Provident Fund. Gratuity Fund and Superannuation Fund nominated by TFL and/or "such new Funds to be established and caused to be recognized by the concerned authorities by TFL pending the transfer as aforesaid, the Provident Fund, Gratuity Fund and Superannuation Funds dues to the said employees and Officers of the "Spin Off Division" would be continued to be deposited in the existing provident Gratuity and Superannuation Funds respectively; The vesting of the properties and liabilities of the "Spin Off Division" in Part I. thereof under Clause I hereof and the continuance of the proceedings by of against TFL under Clause 4 hereof shall not affect any transaction or proceeding already completed by TOCL on and after the Date of Arrangement to the and and intent that TFL accepts all acts, deeds and things done and executed by and on behalf of TFL.

Subject to the other provisions contained in this scheme all contracts, deeds, bonds, agreements, and other instruments of whatsoever nature relating to the "Spin Off Division" to which TOCL is a party subsisting or having effect immediately before the Effective Date shall remain in full force and erect against or in favour of TFL and may be enforced as

been a party thereto.                    ᵗ̶ᵉ̶ᵃ̶ᵈ̶ or TOC1, TFL had

10.    For the purpose of this Scheme, a statement of Account as on the date preceding the Date of Arrangement shall be drawn up in respect of the assets and liabilities of the "Spin Off Division" and other assets and liabilities to be vested in TFL as per this scheme. The said Statement of Account shall be drawn up on the basis of the books of account of TOCL relating the to the "Spin Off Division" and other other Assets and Liabilities on the day immediately preceding the Date of Arrangement, i.e. as on 1ˢᵗ day of April, 1997 as audited by Auditors after incorporating any additional liability for bonus pertaining to the "Spin Off Division" for the year 1ˢᵗ April, 1986 to 31ˢᵗ March, 1997 as may crystallize after the Date of Arrangement. All assets and liabilities be taken at the values as appearing in the books of account of TOCL as on the day immediately preceding the Date of Arrangement and shall be reflected in the books of TFL at such values as aforesaid.

11.    All existing shareholders of TOCL holding 91.10.170 shares of Rs. 10 each will exchange their present holding with a new shareholders of an equal amount in TFL( Shares of TFL is issued in lieu of shares of TOCL to the existing shareholders of TOCL in the ratio of 1:1). The existing shareholding or the shareholders in

...uld thereby come to vest with TFL. Accordingly TFL will got listing on all stock Exchanges where TOCL is presently listed and TOCL shall cease to be a listed company.

12. The paid up equity of the Transferor Company shall stand reduced from Rs. 91,11,01.700 to Rs. 91,11,10,170 and to give effect to the above, the shareholders for the Transferor Company i.e. TFL shall be issued 1(one) equity share of Rs. 10/- each for every 10(ten) equity share of Rs. 10/- each held by it in the Transferor Company on such date as the Board of Directors of the Transferor Company may determine.

13. The Equity Shares in the Equity Share capital of the Transferee Company to be issued and allotted to the shareholders of the Transferor Company pursuant hereto shall rank paripassu in all respects with the existing equity shares in the Equity Share Capital of the Transferee Company.

14. All the members whose names shall appear in the Register members of the Transfer company on such date (after the Effective Date) as the Board of Directors of the Transferee Company may determine the surrender their Certificates for cancellation thereof to the Transferee Company at its Registered Office. Upon the new shares in the Transferee Company being issued and allotted by it to the shareholders of the Transferor

Company whose name shall appear in the Register of Members of the Transferor Company on such date as aforesaid, the Share Certificate in relation to the " share held by them. In the Transferor Company shall be deemed to be and stand cancelled.

15. The Transferee Company shall make the allotments of its Equity Shares pursuant hereto every shareholders of ht Transferor Company shall accept the said shares on such allotments. Upon surrender by every shareholders of the certificates in respect of the shares of the Transferor Company, the Share Certificates in respect of the number of Equity Shares in the Transferor Company to which he may be entitled under this Scheme shall be issued and every such shareholders of the Transferor Company shall take all steps to obtain from the Transferee Company Share Certificates for Equity Shares of the Transferee Company which he may be entitled to hereunder:

16. Because of the excess of the total liabilities over total assets being taken over by TFL, there will be a credit balance in the books of TOCL in favour of TFL. This balance would be settled by TOCL is under:

i. Repayment in cash Rs, 1290 lacs.

ii. 30,89,000 Equity Shares of Rs. 10 each at a premium of Rs. 17.90 per share.

...together with the existing equity capital of Rs. 91,10, lacs the total equity holding of TFL in TOCL would be Rs. 400 lacs.

17.   Upon the Scheme becoming effective and on the transfer and vesting of "Spin Off Division" of TOCL to TFL, existing charges shall continue in favour of the Company's Banker's & Financial Institutions, if any as may be modified, read-dusted apportioned and reallocated by them.

18.   Even after the Effective Date, TFL shall be entitled to realize all money and complete and enforce all pending contracts and transactions in respect of the "Spin Off Division" in the name of TOCL in so far as may be necessary until the transfer of rights and obligations of TOCL to TFL under this scheme is formally accepted by all concerned.

PART-III

1.   TOCL and TFL shall make necessary application before the Hon'ble Delhi High Court for the sanction of this Scheme of Arrangement.

2.   Save and except "Spin Off Division" of TOCl and as expressly provided in this Scheme of Arrangement nothing contained in this Scheme of Arrangement shall affect the rest of the assets, liabilities and

...... shall continue to belong to and be vested in and be managed by TOCL.

3.   TFL and TOCL (through their respective Board of Directors) and in their full and absolute discretion, assent to any alteration or modification to this Scheme which the Court and/or any other Authority may deem fit to approve or impose and may further give such directions as they may consider necessary to settle any question or difficulty arising under this Scheme or in any manner connected there with.

4.   The Scheme is conditional upon and subject to the following:

a.   The Scheme being approved by the respective requisite majorities of the members of TOCL and TFL and it being sanctioned by the Delhi High Court:

b.   The certified copies of the Orders of the Delhi High Court being filed with the Registrar of Companies concerned by both TFL and TOCL.

5.   TOCL and/or TFL each be at liberty to withdraw from this Scheme of Arrangement in case any condition or alteration imposed by any Authority is unacceptable to them. All costs, charges and expenses incurred in carrying out and implementing the terms and provisions of this Scheme and incidental thereto including those

146

incurred during negotiations leading to the Scheme to be brought by the TFL.

6.    If any doubt or differences or issue shall arise between the parties hereto or any of their shareholders, creditors employees and/or any other person as to the construction hereto or as to any account, valuation or apportionment to be taken or made or any asset or liability transferred under this Scheme or as to the construction hereof or as to any account, valuation or apportionment to be taken or made of any asset or liability transferred under the Scheme or as to the accounting treatment thereof or as to anything else contained in or relating to or arising out of this Scheme, the same shall be referred to arbitration and the law of arbitration as in force shall apply.

SCHEDULE-1 TO THE SCHEME OF ARRANGEMENT

ITEMS BEING TRANSFERRED BY TOCL TO TFL BASED ON
PROVISIONAL BALANCE SHEET AS OF 31/3/97 CERTIFIED BY
THE MANAGEMENT

|  | ME | CARGO | OIL EXT. | TOTAL |
|---|---|---|---|---|
| SECURED LOANS | 2661.57 | 0.00 | 652.06 | 3313.63 |
| UNSECURED LOANS | 0.00 | 0.00 | 10.17 | 10.17 |
| CURRENT LIABILITY | 48.32 | 0.00 | 175.88 | 224.20 |
| TOTAL | 2709.89 | 0.00 | 838.11 | 3548.00 |
| | | | | |
| GROSS BLOCK | 6.58 | 0.00 | 0.00 | 6.58 |
| LESS: DEPRECIATION | 1.56 | 0.00 | 0.00 | 1.56 |
| NET BLOCK | 5.02 | 0.00 | 0.00 | 5.02 |
| | | | | |
| MISCELLANEOUS INVESTMENT | 121.70 | 0.00 | 1.05 | 122.75 |
| CURRENT ASSETS | 1050.56 | 0.00 | 211.69 | 1262.25 |
| TOTAL | 1177.28 | 0.00 | 212.74 | 1390.02 |

PART I

( A SHORT DESCRIPTION OF THE FREEHOLD PROPERTY OF THE
TRANSFEROR COMPANY)

NIL

PART II

(A SHORT DESCRIPTION OF THE LEASEHOLD PROPERTY OF THE
TRANSFEROR COMPANY)

NIL

PART III

(A SHORT DESCRIPTION OF ALL STOCKS, SHARES, DEBENTURES
AND OTHER CHARGES IN ACTION OF THE TRANSFEROR COMPANY
OF "Spin Off Division" OF TRANSFEREE COMPANY)

| NAME OF THE COMPANY | NO. OF SHARES | VALUE PER SHARE | TOTAL AMOUNT |
|---|---|---|---|
| TINNA OVERSEAS LTD. | 87,000 | RS.10 AT A PREMIUM OF RS.85/-EACH (RS.95/-) | 82,65,000/- |
| TINNA CAPITAL SERVICE LTD. | 2,40,000 | RS.10 | 24,00,000/- |
| NSC | | | 1,00,000/- |
| VIKASH CASH CERTIFICATE | | | 5,000/- |
| FOR (Sybdicate Bank) | | | 5,000/- |
| | | | 1,07,75,000 |

FOR TINNA OILS & CHEMICAL LIMITED

DIRECTOR