# Exhibit B

IN THE MATTER OF THE ARBITRATION ACTS 1950 - 1979

and

IN THE MATTER OF AN ARBITRATION

between

NATIONAL ABILITY S.A. of Panama

and

TINNA OILS & CHEMICALS LTD IN A SCHEME OF ARRANGEMENT BY ORDER OF THE HIGH COURT OF DELHI WITH TINNA FINEX LTD

Claimants
(Owners)

Respondents
(Charterers)

The "AMAZON REEFER"

Charterparty of April 29, 1995

FINAL AWARD

WHEREAS:

A. By a charterparty dated April 29, 1995 on a Gencon form, the claimants (hereinafter referred to as "the owners") chartered the vessel "AMAZON REEFER" to the respondents (hereinafter referred to as "the charterers") for a voyage from Kandla to Novorossiysk on the terms and conditions therein set out.

B. The said charterparty provided in clause 29 for disputes between the parties to be referred to arbitration in London according to English law.

C. Dispute arose between the parties for the determination of

- 1 -

which the owners appointed Donald Davies of 604 Queen's Quay, 58 Upper Thames Street, London, EC4V 3EH and the charterers appointed Michael Ferryman of Lloyd's Wharf, 2 Mill Street, London SE1 2BD to act as arbitrators on their behalf respectively. The said arbitrators appointed Michael Baskerville of Glebe House, Aspall, Stowmarket, Suffolk, IP14 6NY as the umpire in the reference in accordance with the arbitration clause as interpreted under English law. The parties subsequently agreed that the said Michael Baskerville should act as a third arbitrator rather than as an umpire. In the event the said Michael Ferryman was replaced by Robert Lindsay Gordon of Rennie House, 57-60 Aldgate High Street, London EC3N 1AL as the arbitrator on behalf of the charterers and the said Robert Lindsay Gordon and Donald Davies confirmed the appointment of Michael Baskerville as the third arbitrator in the reference.

D. An oral hearing took place at the New Arbitration Centre, The Courtyard, 124 Aldersgate Street, London during the period September 21/25, 1998 with both parties being represented by counsel. A reasoned award was requested. The owners claimed against the charterers for a sum of US$1,006,415.80 in respect of the alleged failure by the charterers to discharge the cargo of potatoes. The charterers denied liability in full and they counterclaimed against the owners regarding the alleged breach of the owners to carefully care for and carry the

- 2 -

cargo. The charterers' counterclaims were stayed by the tribunal because of their failure to put up security for costs and in the early part of the September 98 hearing it was decided that the hearing would be concerned with the owners' claim in respect of liability and quantum.

NOW WE, the said Donald Davies, Robert Lindsay Gordon and Michael Baskerville, having accepted the burden of this arbitration and having carefully and conscientiously listened to the contentions of the parties through the medium of their counsel, carefully and conscientiously considered and weighed the facts and the evidence put before us and finding ourselves in agreement, DO HEREBY MAKE ISSUE AND PUBLISH this our UNANIMOUS FINAL AWARD in respect of the matters submitted to us:-

WE FIND AND HOLD that the owners' claim in paragraph D above succeeds to the extent of US$819,983.16 and no more. It follows that the charterers' counterclaims fail.

WE AWARD AND ADJUDGE that the charterers shall forthwith pay to the owners the sum of US$819,983.16 (United States dollars eight hundred and nineteen thousand nine hundred and eighty three and sixteen cents) together with interest at the rate of 7% per annum from October 1, 1995 until the date of this our Final Award in full and final settlement of the matters referred to in paragraph D above.

- 3 -

WE ALSO AWARD AND ADJUDGE that the charterers shall bear and pay their own and the owners' costs in the reference (the latter to be taxed if not agreed) in addition to the cost of this our Award PROVIDED ALWAYS that if the owners shall in the first instance have paid for the cost of our award they shall be entitled to an immediate reimbursement from the charterers of the sum so paid.

WE RESERVE unto ourselves the power to tax in an award of costs the owners' costs.

IN WITNESS whereof we have hereunto set our hands in LONDON this 19TH day of November 1998.

Witness:

_____
Arbitrator appointed by the owners

Witness:

_____
Arbitrator appointed by the charterers

Witness:

_____
Third arbitrator

- 4 -