# Exhibit C

IN THE HIGH COURT OF DELHI AT NEW DELHI

(ORDINARY ORIGINAL CIVIL JURISDICTION)

O.M.P. No. 173 of 1998.

<u>MEMO OF PARTIES</u>

1. Provisions under which the Application is filed — Section 9 of the Arbitration & Conciliation Act 1996 Read with order 38 rule 5 and order 39 Rules 1,2,3,& 7 and Section 151 CPC.

2. Name of the applicant with address — NATIONAL ABILITY SA ( A FOREIGN COMPANY HAVING THEIR OFFICE AT C/O MORGAN & MORGAN 53RD STREET, URBANICATION OBARRIO ,TORRE SWISS BANK 16TH FLOOR, PANAMA CITY PANAMA.

versus

of the other parties e Arbitration ment. — M/S TINNA OILS & CHEMICAL LTD.(COMPANY INCORPORATED UNDER THE COMPANIES ACT) HAVING THEIR OFFICE AT A-151 MAYAPURI

|   |   |   |
|---|---|---|
|   |   | INDUSTRIAL AREA PHASE II |
|   |   | NEW DELHI - 110064. |

TINNA FINLEASING PVT LTD.
HAVING ITS REGD OFFICE AT
205, IInd FlOOR, AJNARA
PLOT NO.1, SAVITA NAGAR,
COMMERCIAL COMPLEX,
NEW DELHI.

4. Name & address of arbitrators if any, already appointed.

Mr. DONALD DAVIS.
604, QUEEN'S QUAY
58 UPPER THAMES STREET
LONDON EC4V 3EH.

Mr. ROBERT LINDSAY GORDON
C/o VINE GORDON & CO LTD
17-7 JEWRY STREET
LONDON ECBN2EX.

Mr. MICHEAL BASKERVILLE
(UMPIRE)
GLEBE HOUSE, ASPALL
STOWMARKET
SUFFOLK IP 14 6NY

5. Name & address of the Institutioin, if any, to whom any function has been intrusted by the parties to the arbitration under the appointment procedure agreed upon by them.

LONDON MARITIME ARBITRATORS'
ASSOCIATION
46 48 BIRINGTON STREET,
LONDON    EC2AUQI

(SUNITA DUTT)
Advocate for the petitioner
C-525, DEFENCE COLONY
NEW DELHI - 24.

IN THE HIGH COURT OF DELHI AT NEW DELHI

(ORDINARY ORIGINAL CIVIL JURISDICTION)

O.M.P. /98

ARBITRATION APPLICATION NO        OF 1998

| | |
|---|---|
| ...sions under which application is filed. | Section 9 of the Arbitration & conciliation Act, 1996 Read with order 38 rule 5 and order 39 Rules 1,2,3,& 7 and Section 151 CPC. |
| Name of the applicant with address | NATIONAL ABILITY SA ( A FOREIGN COMPANY HAVING THEIR OFFICE AT C/O MORGAN & MORGAN 53RD STREET, URBANICATION OBARRIO ,TORRE SWISS BANK 16TH FLOOR, PANAMA CITY PANAMA. |
| Name of the other parties to the Arbitration Agreement. | M/S TINNA OILS & CHEMICALS LTD.(COMPANY INCORPORATED UNDER THE COMPANIES ACT) HAVING THEIR OFFICE AT A-151 MAYAPURI INDUSTRIAL AREA PHASE II NEW DELHI - 110064. |

|   |   |
|---|---|
|   | TINNA FINLEASING PVT LTD.<br>HAVING ITS REGD OFFICE AT<br>205, IInd FlOOR, AJNARA<br>PLOT NO.1, SAVITA NAGAR,<br>COMMERCIAL COMPLEX,<br>NEW DELHI. |
| 4. Name & address of arbitrators if any, already appointed. | Mr. DONALD DAVIS<br>604, QUEEN'S QUAY<br>50 UPPER THAMES STREET<br>LONDON EC4V 3EH.<br><br>Mr. ROBERT LINDSAY GORDON<br>C/o VINE GORDON & CO LTD<br>17-7 JEWRY STREET<br>LONDON ECBN2EX.<br><br>Mr. MICHEAL BASKERVILLE<br>(UMPIRE)<br>GLEBE HOUSE, ASPALL<br>STOWMARKET<br>SUFFOLK IP 14 6NY |
| 5. Name & address of the Institutioin, if any, to whom any function has been intrusted by the parties to the arbitration under the appointment procedure agreed upon by them. | LONDON MARITIME ARBITRATORS' ASSOCITATION<br>46 48 BIRINGTON STREET,<br>LONDON  EC2AUQI |

-3-

3

6. Brief Written Statement describing the general nature of the disputes and points in issue.

A Charterparty was entered into by National Ability SA (the petitioner) owners of "AMAZON REEFER" and Tinna Oils and Chemicals Ltd who acted as both Charterers and shipper of a consignment of potatoes to Russia, disputes and differences arose between the two parties as a result of which National Ability SA invoked the Arbitration clause and submitted their points of claim which included amounts for dead freight, discharge port demurrage, damages for detention of the vessel, bunker consumption and other costs during detention cargo disposal expenses and cleaning costs. Tinna oil & chemicals Limited counter claimed against the Petitioners for the loss of cargo which they alleged was due to the vessel to keep and care for the cargo sufficiently well. An application was made by the Charterers for security for the cost of defending their claim and in turn the petitioners asked for security for defending the counter claim. The Arbitrators found that the claim and counter claim were sufficiently distinct from each other and it would have been a matter of chance as to who brought the initial claim. The tribunal therefore ordered both parties to put up security for costs in the amount of US.$ 150,000/-. The owners have furnished security in 1996 but the Charterers have failed to do so. The Charterers have sought to justify this failure by saying that they have been under severe financial difficulties.

-4-

THE CHIEF JUSTICE

AND OTHER PUISNE JUDGES

OF THIS HON'BLE COURT.

HUMBLE PETITION OF THE
PETITIONERS ABOVENAMED

MOST RESPECTFULLY SHEWETH

1. The Petitioners are a company incorporated under foreign laws, having their office at the address given in the cause title herein above. The Petitioners are the owners of a vessel m.v. "AMAZON REEFER". The Respondents are a company incorporated in India under the Companies Act having its registered office and carrying on business at the address given in the cause title hereinabove. The Respondents No.2 is a Company incorporated in India under the Companies Act having its registered office at Plot no.2922, Kucha Maidas Bazar, Sitaram, Delhi.

2. The petitioner has learnt that respondent No. 1 has failed to disclose that under a Scheme of Arrangement all Institutional and Bank loans of all division of respondent No.2 are stated to have been transferred to respondents No.2 besides transferring all its investments, all current assets and current liabilities including transfer of all activities and assets and liabilities of Merchant Export Division of respondent No.1 to respondents No.2. Respondent No.2 was required to take over 100% share holding of respondent No.1. As such it has become necessary to implead respondent No.2 for the

present application so that assets in the hands of respondents No.2 belonging to respondent No.1 and/or transferred unto it can be safeguarded.

3. By a Charterparty dated 29/4/95 the Petitioners agreed to let on hire and the Respondents agreed to take on hire the vessel m.v."AMAZON REEFER"(hereinafter the said vessel) for a voyage from 1 good safe always afloat always accessible both Bombay or Kandla CHOPT (charterers option) to 1 good safe always afloat always accessible berth Novorossiysk Russia to carry a cargo of bagged potatoes.The said vessel carrying the cargo performed the voyage.

4. Dispute and differences however arose between the Petitioners and the Respondent under the CharterParty.

5. The petitioners have claims against the Respondents arising out of and under the said Charterparty.The details in brief are as under:

| | | |
|---|---|---|
| 1) Dead freight claim | US $ | 22,200.75 |
| 2) Demurrage at discharge post | US $ | 1,64,355.55 |
| 3) Damages for detention | US $ | 3,24,187.50 |
| 4) Banker Consumption and other costs during detention | US $ | 138,272.00 |
| 5) Cargo disposal expenses | US $ | 247,400.00 |
| 6) Clearing cost | US $ | 110,000.00 |
| | US $ | 1,006,415.80 |

6. The Petitioners have filed the Points of claim on 15/12/95. A copy of which the Petitioners crave leave to refer to and rely upon when produced.

7. The Respondents filed their Defence and Counter claim submissions on 30/1/96. The Petitioners crave leave to refer to a copy of the Respondents Defence and Counter claim when produced.

9. The petitioners filed their Reply and Defence to the counter claim brought by the Respondents. The Petitioners crave leave to and reply upon a copy of their Reply and Defence to the Counter Claim.

10. The Respondents amended their Original Defence and Counter Claim on 3/2/98. The Petitioners crave leave to refer to a copy of the Respondents Original Defence and Counter Claim.

11. On 26/4/96 the Respondents through their Attorneys M/s Jones Day, Reavis and Pogue addressed a fax dated 26/4/96 to the Arbitrators seeking directions from them to direct the Petitioners to furnish security for costs in the sum of $ 150,000/- for defending the Petitioners claim in the Arbitration.

12. In response, the Petitioners whilst agreeing to furnish security likewise asked the Arbitrators to direct the Respondents to furnish security for the costs of the Petitioners in defending the Respondents Counter Claim.

13. On 1/5/96, the Arbitrators issued an order/Ruling directing both the Petitioners and the Respondents to furnish security for costs in the sum of $ 1,50,000 (each) by 15/5/96, hereto annexed and marked as Annexure 'A' is a copy of the order dated 1/5/96.

14. The Petitioners have complied with the order dated 1/5/96 by furnishing security for costs of the Respondents defending the Petitioners claim. This fact had been accepted by the Respondents' lawyers M/s Jones Day Reavis & pogue by a fax dated 3/7/96. Hereto annexed and marked as Annexure 'B' is a copy of M/s Jones Day's fax dated 3/7/96.

15. The Respondents however defaulted in complying with the Order dated 1/5/96 to furnish security in favour of the petitioners.

16. What followed thereafter was a series of correspondence exchanged between the Respondents and the Arbitrators and the Petitioners. The Petitioners crave leave to refer to and reply upon copies of the relevant communication exchanged between the petitioners when produced.

17. The Respondents repeatedly evaded their obligation to furnish security for costs of defending their Counterclaim. By their fax dated 3/2/98 the Respondent's Solicitors sought an order from the Arbitrators that they were not obliged to put up security for costs. Hereto annexed and marked as Annexure 'C' is a copy of the Respondents Solicitors fax dated 3/2/98.

18. The Petitioner's Solicitors by their fax dated 4/3/98 replied to Respondsents Solicitor's fax of 3/2/98 pointing out that the order dated 1/5/96 of the Arbitrators for security for costs ought to be complied with. Hereto annexed and marked as Annexure 'D' is a copy of the Petitioners Solicitors fax dated 9/3/98.

19. The Respondent's Solicitors by their fax dated 13/3/98 sought to justify not providing security. Hereto annexed and marked as Annexure 'E' is a copy of the Respondents Solicitors fax dated 13/3/98.

20. On 24/3/98 the Arbitrators addressed a fax to the Respondent's Solicitors stating that their orders for security for costs remained unchanged. Hereto annexed and marked as Annexure 'F' is a copy of the Arbitrators fax dated 24/3/98.

21. In response, the Respondent's Solicitors addressed a fax dated 25/3/98 to the Arbitrators seeking an oral hearing before their counter claim is struck off. They further stated that the Respondents financial condition had deteriorated. They also falsely alleged that enforcement of award could be refused if one of the parties is unable to present his case or alternatively if the enforcement would be countrary to the public policy in India. Hereto annexed and marked as Annexure-'G' is a copy of the Respondents Solicitors fax dated 25/3/98.

22. There is complete failure on the part of the Respondents to furnish security in terms of the direction of the Hon'ble Arbitrators.

-9-

23. That it is apparent from above that respondent No.1 shall be unable to satisfy the award and/or decree passed in favour of the petitioner. There is every likelihood of petitioner succeeding in the arbitration.

24. That as per the own admissions of the Solicitors of the respondent, the financial position of the Respondent No.1 has deteriorated and further deterioration has also taken place as it has purported to have transferred its valuable assets to respondent No.2 with an intent to defeat the creditors of respondent No.1. The said transfer being contrary to the public policies and would amount to a fraud perpetuating with an intent to deprive the creditors to recover their admitted dues and satisfy the decree that is passed in their favour.

25. That the claim of the petitioners is One Million Dollars and the Award passed by the Arbitrator would remain merely on paper and the petitioner would not be able to recover its amount to satisfy its claim thereby rendering the award of the petitioner infructuous.

26. That the respondents are also dealing with the properties and assets of the company that are left to the prejudice of the petitioner and other creditors and with an intent to delay and defeat the award having the force of a decree passed by the Arbitrator. The non compliance of the order of furnishing of Security by the arbitrator besides being contempetous calls for intervention by this Hon'ble Court for attachment of all assets moveable and immoveable of the respondent No.1.

27. That the assets of respondent No.1 purported to have been transferred to respondent No.2 in any manner anywise and/or restraining the said respondents from dealing with the said properties and assets of the company.

28. It is, therefore, necessary that the respondents be directed to furnish security to the extent of 1,308,340.54 US Dollars and directing the respondents to furnish and produce before this Hon'ble Court all assets belonging to respondents No.1 and/or purported to have been transferred to respondent No.2.

29. The inspection of records of the Registrar of Companies has disclosed that the respondents are not complying with the mandatory provisions of the Companies Act. The assets of the Company are being siphoned off and the Company has lost its identity and the said respondents are alienating and/or transferring the assets belonging to the Company with an intent to delay and defeat the decrees that are likely to be passed against them including the awards.

30. The petitioners say and submit that pending the hearing and final disposal of the Arbitration and enforcement of the Award it is just, necsessary and convenient and in the interest of justice that this Hon'ble court be pleased to exercise its inherent and plenary power to ensure that the petitioners interest are protected till the final hearing and disposal of the Arbitration and the execution/enforcement of the Award.

31. It is therefore just and proper that this Hon'ble Court may direct the respondents to furnish security to the tune of US Dollars 1,308,340.54 and pending furnishing of such security disclose to this Hon'ble Court the details of all assets moveable and immoveable and the place where the same are located and the value thereof. Restrain be put on the respondents and their directors and agents from dealing with, transferring, alienating and encumbering and/or charging /or parting with possession of any assets of the company Moveable and immovable without the prior permission of this Hon'ble court.

32. That the petitioners have a good prima facie case and are likely to succeed therein. Serious and irreiterivable loss would be suffered by the petitioner unless the interest of the petitioner is safeguarded by this Hon'ble Court.

33. The Respondents have their registered office at New Delhi and carry on business at the addresss given in the cause title hereinabove. The respondents have their accounts and properties in Delhi. This Hon'ble Court therefore has jurisdiction to try and dispose off this petition.

34. The Petitioners will rely on documents, a list where of is annexed hereto.

35. The petitioner has affixed the requisite court fees and the court fees of Rs.    has been paid.

PRAYER

12

(A) Respondents be directed to furnish security to the tune of US dollars 1,308,340.54 besides costs.

(B) Pending furnishing of security :

(i) the respondents be directed to disclose on oath the details of all assets moveable and immovable of respondent No.1 purported to have been transferred to respondent No.2 by respondent No.1 and now in the hands of respondent No. 2 alongwith location and the value thereof.

(2) A Local Comissioner be appointed to visit the factory premises and offices of the respondents and prepare an inventory of all assets moveable and immovable and also sign the account books and other papers as this Hon'ble

-13-

C) Respondents, its directors, agents, representatives be restrained by ad-interim injunction restraining them from alienating, tranferring parting with possession, encumbering and/or dealing with any moveables and/or immoveable assets of the company any manner anywise and from operating the Bank Account with Syndicate Bank, Mayapuri, New Delhi.

(D) Ex parte orders in terms of prayers (a) to (c) may be passed pending notice of the application.

(E) Pass such other or further orders as this Hon'ble Court deems fit and proper.

*[signature]*
Deponent

Dated: 7th August 1998.
New Delhi.

Advocate for the petitioner
(Sunita Dutt).

-14-

## VERIFICATION

I, Ms.Asmita Basu, Constituted Attorney of the petitioner above named, do hereby declare that what is stated in the aforesaid Petition is true to my knowledge derived from the records available to me and instructions received by me and I believe the same to be true.

This 27th day of August, 1998   )

*Asmita Basu*
deponent



15

IN THE HIGH COURT OF DELHI AT NEW DELHI

(ORDINARY ORIGINAL CIVIL JURISDICTION)

ARBITRATION APPLICATION NO.　　OF 1998

O.M.P. 173/93

IN THE MATTER OF:

National Ability S.A.　　　　　　　　　..Petitioners

V/s

Tinna Oils & Chemicals Ltd. & Anr.　　..Respondents

### AFFIDAVIT

I, Asmita Basu, D/o Gautam Basu, aged 24 years, having my office at Jehangir Wadia Building, 51, M.G. Road, Fort, Bombay - 400 001, do hereby swear and state as under:-

1. I say that I am the Constituted Attorney of the Petitioner Company and I am fully acquainted with the facts and circumstances of the case.

2. I say that the accompanying application under Sec.9 of the Arbitration and Concilation Act, 1996 read with Order 38 Rule V and Order 39 Rules 1,II,III & VII has been drafted by the Counsel under my instructions. The contents thereof are true and correct to my knowledge. For the sake of brevity the same are not being reproduced but may kindly be read as part of this Affidavit.

Asmita Basu
DEPONENT

## VERIFICATION

I, the Deponent above named do hereby verify the contents of the above Affidavit to be true and correct, no part of it is false and nothing material has been concealed therefrom.

Verified at Bombay on this 5th day of August, 1998.

Asmita Basu
DEPONENT.

Identified by me
(Adv. High Court)

BEFORE ME

F:\SJT\AFF\TINA.AFF

B. H. ANTIA
NOTARY
UNION OF INDIA
5 AUG 1998