# Exhibit G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



-----------------------------------------------------X
NATIONAL ABILITY S.A.,                              :
                              Plaintiff,            :        07 CIV 9913
                                                    :
    - against -                                     :        ECF CASE
                                                    :
TINNA OILS & CHEMICALS LTD. and TINNA FINEX         :
LTD.,                                               :
                              Defendants.           :
-----------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, NATIONAL ABILITY S.A. (hereinafter "Plaintiff"), by and through its

attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the

Defendants, TINNA OILS & CHEMICALS LTD. (hereinafter "Tinna") and TINNA FINEX

LTD. (hereinafter "TINNA FINEX")(collectively referred to as "Defendants"), alleges, upon

information and belief, as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this

matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.*,

and this Court's federal question jurisdiction, 28 United States Code § 1331.

2.      At all times material to this action, Plaintiff was, and still is, a foreign corporation,

or other business entity organized and existing the laws of Panama.

3.      Upon information and belief, Defendant Tinna was, and still is, a foreign

corporation, or other business entity organized and existing under the laws of India.

4.      Upon information and belief, Defendant Tinna Finex was, and still is, a foreign

corporation, or other business entity organized and existing under the laws of India.

5.    At all material times, Plaintiff was the Owner of the motor vessel "AMAZON REEFER" (hereinafter the "Vessel").

6.    By a charter party dated April 29, 1995, Plaintiff chartered the Vessel to Defendant Tinna for a voyage from Kandala to Novorossiysk.

7.    During the course of the charter, disputes arose between the parties regarding Defendant Tinna's failure to discharge the cargo as required under the charter party contract which caused Plaintiff to incur damages.

8.    Pursuant to the charter party, all disputes arising thereunder were to be submitted to arbitration in London with English Law to apply.

9.    Despite due demand, Defendant Tinna failed and/or refused to pay the sums due and owing to Plaintiff.

10.    Thus, Plaintiff commenced arbitration proceedings against Defendant Tinna on its claims.

11.    On November 19, 1998, an Award was issued in Plaintiff's favor and against the Defendant Tinna.  *See Arbitration Award annexed hereto as Exhibit "1."*

12.    The Award found that Plaintiff succeeded on its claim, and directed Defendant Tinna to pay Plaintiff the principal sum of $819,983.16, together with interest thereon, at the rate of 7% per annum from October 1, 1995 until the date of the award, November 19, 1998.

13.    The Award further directed that Defendant Tinna was to pay Plaintiff's costs, which if not agreed upon, were to be assessed by the panel.

14.    Plaintiff's costs with regards to the arbitration award equal approximately £129,929.79 ($262,485.03).

15.    Finally, the Award directed Defendant Tinna to pay Plaintiff the cost of the Award.

16.    The cost of the Award has been estimated to be £20,762.17 ($41,986.87).

17.    Plaintiff has moved to enforce the Arbitration Award in India and expects a decision soon. *See Summary of Submission annexed hereto as Exhibit "2."*

18.    Tinna has submitted a defense in the Indian action that Plaintiff is barred from enforcing the Award against it as a "Scheme of Arrangement" or "Order" was issued by the Indian court in 1998 providing that Defendant Tinna's debts and liabilities at that time were to be transferred to a spin-off company, Defendant "Tinna Finex Ltd."

19.    Plaintiff submits that this defense is completely without merit and Plaintiff is permitted to enforce its arbitration award against Tinna.

20.    In addition, upon information and belief, Defendant Tinna's attempt to transfer all of its assets and liabilities to another company, without consideration therefore, was/is merely an attempt to defraud its creditors such as Plaintiff.

21.    Defendant Tinna transferred all of its liabilities to what was/is in essence an assetless company (Defendant Tinna Finex Ltd.) and Plaintiff did not have a proper opportunity to contest this action as it was never properly notified.

22.    Plaintiff is also currently preparing to enforce the Arbitration Award in London and will request that a judgment be entered thereon.

23.    Plaintiff requests security herein for the Arbitration Award and/or the ultimate judgment(s) to be issued by the Indian and/or London Court upon the Arbitration Award.

24.    In addition, Plaintiff will request the arbitration panel and or the Indian/London Court(s) to issue an Award of Costs against the Defendant Tinna as provided for in the original Award, as such could not be agreed upon by the parties.

25.     Thus, Plaintiff also requests security for the ultimate Award of Costs to be issued by the panel and/or Indian/London Court(s) providing that Defendant Tinna pay Plaintiff its costs.

26.     As best as can now be estimated, Plaintiff expects to recover the following amounts pursuant to the Final Arbitration Award(s) and/or Judgments:

| | | |
|---|---|---:|
| A. | Principal claim: | $819,983.16 |
| B. | Interest on principal claim:<br>7% interest per annum from October 1, 1995<br>until date of award  (November 19, 1998) | $180,059.32 |
| C. | Estimated post-award interest:<br>8% interest per annum from November 20, 1998<br>until estimated date of recovery (November 20, 2008) | $720,030.58 |
| D. | Estimated recoverable attorneys' fees and costs: | $304,385.16 |
| E. | Estimated post-award interest on attorneys' fees<br>and costs:<br>8% interest per annum from November 20, 1998<br>until estimated date of recovery (November 20, 2008) | $219,157.32 |
| F. | Cost of Award: | $41,986.87 |
| G. | Estimated post-award interest on costs of Award:<br>8% interest per annum from November 20, 1998<br>until estimated date of recovery (November 20, 2008) | $30,230.55 |

**Total**                                                                                      **$2,315,832.96**

27.     In the alternative, Plaintiff requests security in the amount of $2,315,832.96 from Tinna Finex Ltd., the company to which Defendant Tinna's liabilities were allegedly transferred.

28.     The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court,

held in the hands of one or more garnishees which are believed to be due and owing to the Defendants.

29.    The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendants held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.    That the Court retain jurisdiction to compel the Defendants to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C.    That pursuant to 9 U.S.C. §§ 201. *et seq.* this Court recognize and confirm any judgment rendered on the claims had herein as a Judgment of this Court;

D.    That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendants, in the amount **$2,315,832.96** calculated to date to secure the Plaintiff's claims, and that all

persons claiming any interest in the same be cited to appear and pursuant to Supplemental

Admiralty Rule B answer the matters alleged in the Complaint;

     E.     That this Court recognize and confirm any arbitration award(s) or judgment(s)

rendered on the claims set forth herein as a Judgment of this Court

     F.     That this Court retain jurisdiction over this matter through the entry of any

judgment or award associated with any of the claims currently pending, or which may be

initiated in the future, including any appeals thereof;

     G.     That this Court award Plaintiff its attorney's fees and costs of this action; and

     H.     That the Plaintiff have such other, further and different relief as the Court

may deem just and proper.

Dated: November 9, 2007
       Southport, CT

                       The Plaintiff,
                       NATIONAL ABILITY S.A.

                By: _____
                     Nancy R. Peterson (NP 2871)
                     Patrick F. Lennon (2162)
                     LENNON, MURPHY & LENNON, LLC
                     420 Lexington Ave., Suite 300
                     New York, NY 10170
                     (212) 490-6050 – phone
                     (212) 490-6070 – fax
                     nrp@lenmur.com
                     pfl@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut )
        )  ss.:   Town of Southport
County of Fairfield  )

    1.   My name is Nancy R. Peterson.

    2.   I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

    3.   I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

    4.   I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

    5.  .   The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

    6.   The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

    7.   I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    November 9, 2007
       Southport, CT

          Nancy R. Peterson

EXHIBIT "1"

FROM : 000000                    PHONE NO. : 4296764           Jul. 09 2004 01:00PM P1

*Atty. Mr.Kapellaris*

IN THE MATTER OF THE ARBITRATION ACTS 1950 - 1979

and

IN THE MATTER OF AN ARBITRATION

between

NATIONAL ABILITY S.A. of Panama                    Claimants
                                                   (Owners)

and

FINNA OILS & CHEMICALS LTD IN A SCHEME OF          Respondents
ARRANGEMENT BY ORDER OF THE HIGH COURT OF          (Charterers)
DELHI WITH FINNA FINEX LTD

The "AMAZON REEFER"

Charterparty of April 29, 1995

FINAL AWARD

WHEREAS:

A.   By a charterparty dated April 29, 1995 on a Gencon form,
     the claimants (hereinafter referred to as "the owners")
     chartered the vessel "AMAZON REEFER" to the respondents
     (hereinafter referred to as "the charterers") for a voyage
     from Kandla to Novorossiysk on the terms and conditions
     therein set out.

B.   The said charterparty provided in clause 29 for disputes
     between the parties to be referred to arbitration in
     London according to English law.

C.   Dispute arose between the parties for the determination of

- 1 -

FROM : 000000                    PHONE NO. : 4296764            Jul. 09 2004 01:01PM P2

which the owners appointed Donald Davies of 604 Queen's
Quay, 58 Upper Thames Street, London, EC4V 3EH and the
charterers appointed Michael Ferryman of Lloyd's Wharf, 2
Mill Street, London SE1 2BD to act as arbitrators on their
behalf respectively.   The said arbitrators appointed
Michael Baskerville of Glebe House, Aspall, Stowmarket,
Suffolk, IP14 6NY as the umpire in the reference in
accordance with the arbitration clause as interpreted
under English law.   The parties subsequently agreed that
the said Michael Baskerville should act as a third
arbitrator rather than as an umpire.   In the event the
said Michael Ferryman was replaced by Robert Lindsay
Gordon of Rennie House, 57-60 Aldgate High Street, London
EC3N 1AL  as the arbitrator on behalf of the charterers
and the said Robert Lindsay Gordon and Donald Davies
confirmed the appointment of Michael Baskerville as the
third arbitrator in the reference.

D.   An oral hearing took place at the New Arbitration Centre,
The Courtyard, 124 Aldersgate Street, London during the
period September 21/25, 1998 with both parties being
represented by counsel. A reasoned award was requested.
The owners claimed against the charterers for a sum of
US$1,006,415.80 in respect of the alleged failure by the
charterers to discharge the cargo of potatoes.   The
charterers denied liability in full and they
counterclaimed against the owners regarding the alleged
breach of the owners to carefully care for and carry the

- 2 -

FROM : 000000    PHONE NO. : 4296764    Jul. 09 2004 01:01PM P3

cargo. The charterers' counterclaims were stayed by the tribunal because of their failure to put up security for costs and in the early part of the September 98 hearing it was decided that the hearing would be concerned with the owners' claim in respect of liability and quantum.

NOW WE, the said Donald Davies, Robert Lindsay Gordon and Michael Baskerville, having accepted the burden of this arbitration and having carefully and conscientiously listened to the contentions of the parties through the medium of their counsel, carefully and conscientiously considered and weighed the facts and the evidence put before us and finding ourselves in agreement, DO HEREBY MAKE ISSUE AND PUBLISH this our UNANIMOUS FINAL AWARD in respect of the matters submitted to us:-

WE FIND AND HOLD that the owners' claim in paragraph D above succeeds to the extent of US$819,983.16 and no more. It follows that the charterers' counterclaims fail.

WE AWARD AND ADJUDGE that the charterers shall forthwith pay to the owners the sum of US$819,983.16 (United States dollars eight hundred and nineteen thousand nine hundred and eighty three and sixteen cents) together with interest at the rate of 7% per annum from October 1, 1995 until the date of this our Final Award in full and final settlement of the matters referred to in paragraph D above.

- 3 -

FROM : 000000                    PHONE NO. : 4296764                Jul. 09 2004 01:02PM P4

WE ALSO AWARD AND ADJUDGE that the charterers shall bear and
pay their own and the owners' costs in the reference (the
latter to be taxed if not agreed) in addition to the cost of
this our Award PROVIDED ALWAYS that if the owners shall in the
first instance have paid for the cost of our award they shall
be entitled to an immediate reimbursement from the charterers
of the sum so paid.

WE RESERVE unto ourselves the power to tax in an award of costs
the owners' costs.

IN WITNESS whereof we have hereunto set our hands in LONDON
this 19TH   day of November 1998.

Witness:
99 Roni                 _____
                        Arbitrator appointed by the owners


Witness:
                        _____
                        Arbitrator appointed by the charterers


Witness:
                        _____
                        Third arbitrator



- 4 -



                                                    TOTAL P.05

EXHIBIT "2"

TO:2108910295          P.2
TO:00302104297535          P:2

22-FEB-2007 15:10  FROM:

22-FEB-2007 17:42  FROM:THACKER. 65345497

IN THE HON'BLE HIGH COURT OF DELHI AT NEW DELHI

ARBITRATION EXECUTION PETITION NO.74 OF 2000

In the matter of:

National Ability S.A.                                    ...Petitioners

V/s

Tinna Oils & Chemicals Ltd. & Anr.                      ...Respondents

## PETITIONERS SUMMARY OF SUBMISSIONS

A foreign award, dated 19/11/98 has been passed by an Arbitral Tribunal in England comprising of 3 Arbitrators in favour of the Petitioners, M/s. National Ability S.A. The said Arbitration proceedings were conducted and concluded in England where both, the Petitioner (claimants) and the Respondents were arrayed as contesting parties.

The said award is passed by the Arbitral Tribunal in England, which is a country notified under the New York Convention. The said Award is therefore enforceable and executable under the Arbitration and Conciliation Act, 1996.

**BRIEF FACTS:**

The Petitioner had by a Charter party dated 29/4/95 on a Gencon form chartered the vessel "Amazon Reefer" to the Respondent for a voyage from Kandla to Novorossiysk on terms set out therein.

2

22-FEB-2007 15:10  FROM:

22-FEB-2007 17:42  FROM:THACKER. 66345497

TO:2108910295              P.3

TO:00302104297535          P:3

2

Clause 29 of the said Charterparty contains the Arbitration agreement between the parties for reference of dispute for arbitration in London according to English law.

Disputes and differences arose between the parties pursuant to which the disputes were referred to Arbitration in London.

Both parties sought substantive relief and were represented by Counsels. The Arbitral Tribunal directed mutual security to be provided for recoverable costs. The petitioner posted security for US $ 150,000/-

The Arbitral Tribunal after an oral hearing in London during 21st / 25 September 1998 passed a reasoned award in favour of the Petitioner, ordering and directing the Respondent to pay to the Petitioner a sum of US$ 8,19,983.16 together with interest @ 7% p.a. from 1st October 1995 till the date of the final award in full and final settlement of the matter. The reasoned Award dated 19/11/98 speaks for itself.

Costs were also awarded in favour of the Petitioners amounting to Stg.pds 26,762.17 being the costs of the award and Stg.pds 1,29,929.79 being the Petitioner's costs.

No Appeal filed by the Respondents. The Award dated thus is final and binding on the Respondents.

Petitioner submits that the aforesaid award, is an award covered under Part II chapter 1 of the Arbitration and Conciliation Act 1996 and is enforceable. In view of the provisions of Sec. 46, 47, 48 and 49 of the Arbitration

3

22/02/2007  3:28PM (GMT+02:00)

22-FEB-2007 15:10 FROM:                          TO:2108910295          P.4
22-FEB-2007 17:42 FROM:THACKER, 65345497         TO:00302104297533      P:4

3

and Conciliation Act 1996, the Petitioner is entitled to enforce and execute the said award as a decree through this Hon'ble Court against the Respondent

The Petition is relying upon the judgments of the Hon'ble Supreme Court in the case of

(i) Thyssen Sthal Union GmbH V/s Steel Authority of India Ltd. reported in (1999 SCC page 34) and

(ii) Fuerst Day Lawson (AIR 2001 SC 2293) in support of its contention.

That the Petitioner has filed in Court the required evidence as contemplated under Sec. 47 of the 1996 Act.

That no case whatsoever has been made out by the Respondents Under Sec. 48 of the 1996 Act to resist the enforcement and execution of the said Award.

Sec 48 of the 1996 Act reads as under:
*Conditions for enforcement of foreign awards –(1) Enforcement of a foreign award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the court proof that-*
*(a) the parties to the agreement referred to in section 44 were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or*
*(b) the party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitral proceedings or was otherwise unable to present his case; or*
*(c) the award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration:*
*Provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be enforced; or*
*(d) the composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing*

4

22/02/2007  3:28PM (GMT+02:00)

22-FEB-2007 15:11  FROM:                          TO:2109910295      P.5
22-FEB-2007 17:42  FROM:THACKER, 66345497         TO:00302104297535  P:5

4

*such agreement, was not in accordance with the law of the country where the arbitration took place; or*

*(e) the award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which or under the law of which, that award was made.*

*(2) Enforcement of an arbitral award may also be refused if the Court finds that_*
*(a) the subject matter of the difference is not capable of settlement by arbitration under the law of India; or*
*(b) the enforcement of the award would be contrary to the public policy of India.*
*Explanation_ Without prejudice to the generality of clause (b) of this section, it is hereby declared, for the avoidance of any doubt, that an award is in conflict with the public policy of India if the making of the award was induced or affected by fraud or corruption.*

*(3) If an application for the setting aside or suspension of the award has been made to a competent authority referred to in clause (e) of sub-section (1) the Court may, if it considers it proper, adjourn the decision on the enforcement of the award and may also, on the application of the party claiming enforcement of the award, order the other party to give suitable security."*

That the Respondents have failed to make out any case whatsoever for resisting the enforcement of the award. It is respectfully submitted that the Court is bound to enforce the award unless it is satisfied that one or more of the conditions set forth in Section 48 exists.

Court has no power to refuse enforcement on any other ground

The Respondent No.1 has filed their reply /objection dated 1/12/1999 to the award dated 19/11/98 in which it has inter alia raised the following objections:

(i)    that the Respondent No.1 is allegedly not a party to the arbitration and no award has been passed against it.

(ii)   that Respondent No.2 is liable for the payment of the dues of the Petitioner;

5

22/02/2007   3:28PM  (GMT+02:00)

22-FEB-2007 15:11  FROM:
22-FEB-2007 17:42  FROM:THACKER. 66345497                      TO:2108910295      P.6
                                                              TO:00302104297535  P:6

5

(iii) that Respondent No.1 and Respondent No 2 had entered into a scheme of arrangement under sec. 391 and 394 of the Companies Act 1956 whereby the merchant export division "spin off division" along with certain assets and liabilities were transferred into Tinna Fintex Ltd. i.e. Respondent No.2.

(iv) that by virtue of scheme of arrangement all legal and other proceedings by or against Respondent No.1 would lie against Respondent No.2

(v) that the said scheme of arrangement sanctioned by the Hon'ble Court is binding on the Petitioner.

(vi) that in view of the order passed by the Court in the scheme of arrangement, which allegedly was duly accepted by the Petitioner and the Arbitrators and the award has thus been passed against Respondent No.2

(vii) that the award being a Foreign Award cannot be made a rule of court since the Petitioner is a company registered in Panama which is allegedly not a reciprocating country under the New York Convention.

## PETITIONER'S RESPONSE TO THE AFORESAID OBJECTIONS:

The Petitioner Submits that the charter party was with and between the Petitioner and Respondent No.1. The Petitioner was not aware and the Respondents did not inform the petitioner/ Arbitrators of the alleged scheme of arrangement during the hearing before the Arbitral Tribunal.

The petitioners were not a party and are thus not bound by the scheme of arrangement. No notice was sent or alleged to be sent to the Petitioner. Fraud was sought to be played on the Petitioner and the company court.

*6*

22-FEB-2007 15:11  FROM:                    TO:2108910295      P.7
    22-FEB-2007 17:43  FROM:THACKER. 66345497     TO:00392104297535   P:7

6

The order is neither binding on the Petitioners and nor has it been accepted.

The Respondent No.1 was a party to the arbitration and is bound by the Award dated 19/11/98 irrespective of the Scheme of Arrangement.

In fact the Award dated 19/11/98 has been passed by the Arbitral Tribunal with the following title:

*"National Ability S.A. of Panama          ...Claimants (Owners)*

*and*

*Tinna Oils & Chemicals Ltd. in a scheme of arrangement
by order of the High Court of Delhi
with Tinna Finex Ltd          ...Respondents(Charterers)"*

It is evident therefore that Respondent No.1 is liable under the said award.

The Respondent no.2 in their scheme of arrangement have agreed to deal with the liabilities vested into them and keep respondent no.1 indemnified from and against all liabilities, obligations, actions, claims and demands in respect thereof in consultation with Respondent no.1. The indemnity Clause is an internal mechanism / arrangement between the Respondents and the Petitioner is entitled to satisfy the Award against both the Respondents.

The Respondent No.1 is a sister concern of Respondent no.2.

Thus the Petitioner is entitled to look to both the Respondents to satisfy the Award.

22/02/2007   3:28PM (GMT+02:00)

22-FEB-2007 15:11  FROM:                                                  TO:2108910295        P.8
22-FEB-2007 17:43  FROM:THACKER. 86345497                                 TO:00302104297535    P:8

7

It is submitted that Panama is in fact a country that has ratified and/or acceded to New York Convention thus, the defence that Panama is not a country that has not a reciprocating territory under New York Convention is clearly false.

. The Petitioner has recently filed in Court an affidavit of Mr. Christopher Hobbs dated 26/4/06, Solicitor Supreme Court England and Wales and the partner of Norton Rose, a firm of Solicitor in England, who were in conduct of the matter.

It is therefore submitted that this Hon'ble court be pleased to make the award enforceable and executable against Respondents holding them jointly and/or severally liable to make payment of the amounts claimed.

The said award becomes enforceable and executable as a decree of this Hon'ble Court against the Respondents.

(Sunita Dutt)
Advocate

New Delhi
Dated January 28, 2007.

22/02/2007  3:28PM (GMT+02:00)