# Exhibit M

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

NATIONAL ABILITY S.A.,

                Plaintiff,

    - against -

TINNA OILS & CHEMICALS LTD., TINNA FINEX
LTD., TINNA GROUP, TINNA AGRO INDUSTRIES
LTD., ADM INTEROCEANIC LIMITED, ADM COCOA
PTE. LTD., and ARCHER DANIELS MIDLAND
SINGAPORE PTE LTD.,

               Defendants.

--------------------------------------------------------------X



07 Civ. 09913 (AKH)

ECF CASE

RECEIVED
JUL 1 8 2008
U.S.D.C. S.D. N.Y.
CASHIERS

## SECOND AMENDED VERIFIED COMPLAINT

Plaintiff, NATIONAL ABILITY S.A. (hereinafter "Plaintiff"), by and through its

attorneys, Lennon, Murphy & Lennon, LLC, as and for its Second Amended Verified Complaint

against the Defendants, TINNA OILS & CHEMICALS LTD. ("Tinna"), TINNA FINEX LTD.

("Tinna Finnex"), TINNA GROUP ("Tinna Group"), TINNA AGRO INDUSTRIES LTD.

("Tinna Agro"), ADM INTEROCEANIC LIMITED ("ADM Interoceanic"), ADM COCOA

PTE. LTD. ("ADM Cocoa"), and ARCHER DANIELS MIDLAND SINGAPORE PTE LTD.

("ADM Singapore") (collectively referred to as "Defendants"), alleges, upon information and

belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this

matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.*,

and this Court's federal question jurisdiction, 28 United States Code § 1331.

    2.    At all times material to this action, Plaintiff was, and still is, a foreign corporation,

or other business entity organized and existing under the laws of Panama.

3.    Upon information and belief, Defendant Tinna was, and still is, a foreign corporation, or other business entity organized and existing under the laws of India.

4.    Upon information and belief, Defendant Tinna Finex was, and still is, a foreign corporation, or other business entity organized and existing under the laws of India.

5.    Upon information and belief, Defendant Tinna Group was, and still is, a foreign corporation, business entity and/or collection/group of companies organized and existing under the laws of India.

6.    Upon information and belief, Defendants Tinna Agro, ADM Interoceanic, ADM Cocoa and ADM Singapore were, and still are, foreign corporations, or other business entities organized and existing under foreign law.

7.    At all material times, Plaintiff was the Owner of the motor vessel "AMAZON REEFER" (hereinafter the "Vessel").

8.    By a charter party dated April 29, 1995, Plaintiff chartered the Vessel to Defendant Tinna for a voyage from Kandala to Novorossiysk.

9.    During the course of the charter, disputes arose between the parties regarding Defendant Tinna's failure to discharge the cargo as required under the charter party contract which caused Plaintiff to incur damages.

10.    Pursuant to the charter party, all disputes arising thereunder were to be submitted to arbitration in London with English Law to apply.

11.    Despite due demand, Defendant Tinna failed and/or refused to pay the sums due and owing to Plaintiff.

12.    Thus, Plaintiff commenced arbitration proceedings against Defendant Tinna on its claims.

13.    On November 19, 1998, an Award was issued in Plaintiff's favor and against the Defendant Tinna. *See Arbitration Award annexed hereto as Exhibit "1."*

14.    The Award found that Plaintiff succeeded on its claim, and directed Defendant Tinna to pay Plaintiff the principal sum of $819,983.16, together with interest thereon, at the rate of 7% per annum from October 1, 1995 until the date of the award, November 19, 1998.

15.    The Award further directed that Defendant Tinna was to pay Plaintiff's costs, which if not agreed upon, were to be assessed by the panel.

16.    Finally, the Award directed Defendant Tinna to pay Plaintiff the cost of the Award.

17.    Plaintiff has moved to enforce the Arbitration Award in India and expects a decision soon. *See Summary of Submission annexed hereto as Exhibit "2."*

18.    Tinna has submitted a defense in the Indian action that Plaintiff is barred from enforcing the Award against it as a "Scheme of Arrangement" or "Order" was issued by the Indian court in 1998 providing that Defendant Tinna's debts and liabilities at that time were to be transferred to a spin-off company, Defendant "Tinna Finex Ltd."

19.    Plaintiff submits that this defense is completely without merit and Plaintiff is permitted to enforce its arbitration award against Tinna and its alter-egos.

20.    In addition, upon information and belief, Defendant Tinna's attempt to transfer all of its assets and liabilities to another company, without consideration therefore, was/is merely an attempt to defraud its creditors such as Plaintiff.

21.    Defendant Tinna transferred all of its liabilities to what was/is in essence an assetless company (Defendant Tinna Finex Ltd.) and Plaintiff did not have a proper opportunity to contest this action as it was never properly notified.

5

22.    On October 12, 1999, a Final Award of Costs was issued directing Defendant Tinna to pay to Plaintiff the sum of £202,260.31, plus interest thereon at the rate of 7% from November 19, 1998 until payment is made.

23.    On June 26, 2008, Plaintiff filed a request that a judgment be entered on the Arbitration Award and Final Award of Costs in the High Court of Justice, Queen's Bench Division Commercial Court in London ("English Claim for Judgment"). *A copy of the English Claim for Judgment is annexed hereto as Exhibit "3"*.

24.    Plaintiff requests security herein for the English Claim for Judgment which includes the Arbitration Award and the Final Award of Costs and/or the ultimate judgment(s) to be issued by the Indian Court upon the Arbitration Award.

25.    In addition, in its English Claim for Judgment, Plaintiff has requested the London Court(s) and will request the arbitration panel and/or the Indian Court to issue an award of costs of the Final Award of Costs against the Defendant Tinna as provided for in the original Award.

26.    Thus, Plaintiff also requests security for the ultimate award of costs to be issued by the panel and/or Indian/London Court(s) providing that Defendant Tinna pay Plaintiff its costs.

27.    As best as can now be estimated, Plaintiff expects to recover the following amounts pursuant to the Final Arbitration Award(s) and/or the English Claim for Judgment and/or Indian Judgments:

| | | |
|---|---|---|
| A. | Principal claim: | $819,983.16 |
| B. | Interest on principal claim:<br>7% interest per annum from October 1, 1995<br>until date of award (November 19, 1998) | $193,892.73 |
| C. | Estimated post-award interest:<br>8% interest per annum from November 20, 1998<br>until estimated date of recovery (November 20, 2008) | $951,419.14 |

4

| | | | |
|---|---|---|---|
| D. | Award as to Costs: £202,260.31: | | $402,315.93 |
| E. | Estimated interest on Costs:<br>7% interest per annum from November 19, 1998<br>until estimated date of recovery (November 19, 2008) | | $389,540.63 |
| F. | Cost of Award as to Costs: £3,545. | | $7,051.36 |
| G. | Estimated post-award interest on costs of Award:<br>8% interest per annum from October 19, 1999<br>until estimated date of recovery (November 19, 2008) | | $7,145.88 |
| H. | Costs of Application: £5,602. | | $11,142.94 |

**Total**                                                    $2,782,491.77

28.     In the alternative, Plaintiff requests security in the amount of $2,782,491.77 from

Tinna Finex Ltd., the company to which Defendant Tinna's liabilities were allegedly transferred.

### Tinna Group, Tinna Agro and Tinna

29.     Defendant Tinna is one of several companies which are operated, controlled and

managed as a single economic enterprise known as the "TINNA GROUP," which is also named

as a Defendant here.

30.     The TINNA GROUP includes, at the very least, the Defendants Tinna and Tinna

Agro identified in the Amended Complaint, and is ultimately controlled by the Archer Daniels

Midland Company and/or its subsidiaries, alter-egos, and/or affiliates ADM Interoceanic, ADM

Cocoa and/or ADM Singapore. *See excerpt from Tinna's Website setting forth the Tinna Group*

*members and noting that both companies are joint ventures between Tinna and ADM annexed*

*hereto as Exhibit "4."*

31.     Upon information and belief, among the entities which comprise the TINNA

GROUP, there has been no attention or inadequate attention to corporate formality and the

defendants function as a single economic entity to further the ultimate goal of profit generation

to a single source.

5

32.    Upon information and belief, the TINNA GROUP, Tinna, and Tinna Agro have no separate, independent identities from each other.

33.    Upon information and belief, Defendants Tinna Group and/or Tinna Agro are the alter-egos of Defendant Tinna because they dominate and disregard Tinna's corporate form to the extent that the Tinna Group and/or Tinna Agro are actually carrying on Tinna's business and operations as if the same were their own, or vice versa.

34.    Upon information and belief, the Tinna Group, Tinna and Tinna Agro share commons offices and have the exact same address: No. 6 Sultanpur, Mandi Toad, Mehrauli, New Delhi, 110030, India.

35.    Upon information and belief, the Tinna Group, Tinna and Tinna Agro have common phone and facsimile numbers and e-mail addresses.

36.    Upon information and belief, the Tinna Group, Tinna and Tinna Agro use the following contact details:    Tel:    91-11-3295 9599, 3295 9600, 3295 9680

    Facsimile:    91 – 11- 2680 0233

    E-mail:    tocl-delhi@tinnagroup.com

37.    In addition, upon information and belief, two of Tinna's directors, Mr. Gaurav Sekhri and Mr. Vijay K. Sekhri, utilize e-mails addresses which reference the "Tinna Group"

38.    Upon information and belief, among the entities which comprise the TINNA GROUP, there is a lack of arms' length dealing among the corporations.

39.    Based on the foregoing, as well as other activities, the entities which comprise the TINNA GROUP, including the Defendants Tinna and Tinna Agro, should be considered as a single economic unit with no corporate distinction between or among them, rendering each liable for the debts of the others and the TINNA GROUP, and all assets of the TINNA GROUP susceptible to attachment and/or restraint for the debts of any and/or any number of the

individual entities which make up the TINNA GROUP, including but not limited to the debts of Defendant Tinna.

40.    By virtue of the foregoing, the Tinna Group and Tinna Agro are properly considered a party to the subject contract and the arbitration award as the alter egos and/or prime movers and controllers of Defendant Tinna.

41.    In the further alternative, Defendants Tinna Group, Tinna and Tinna Agro are partners and/or joint venturers such that the Tinna Group and Tinna Agro are now, or will soon be, holding assets belonging to Tinna, or vice versa.

42.    In the further alternative, Defendants Tinna Group, Tinna and Tinna Agro are affiliated companies such that Tinna Group and Tinna Agro are now, or will soon be, holding assets belonging to Tinna, or vice versa.

**Tinna and ADM Interoceanic**

43.    Upon information and belief, Defendant Tinna has no separate, independent identity from the Defendant ADM Interoceanic.

44.    Upon information and belief, Defendant ADM Interoceanic is the alter-ego of Tinna because it dominates and disregards Tinna's corporate form to the extent that ADM Interoceanic is actually carrying on Tinna's business and operations as if the same were its own, or vice versa.

45.    Upon information and belief, Defendant ADM Interoceanic owns 75.01% of the shares of Defendant Tinna.

46.    Upon information and belief, Defendant Tinna Finnex of the Tinna Group holds almost all remaining shares of Tinna (24.99%).

47.    Upon information and belief, ADM Interoceanic is the Mauritius registered holding company for the Archer Daniels Midland Group.

48.    And, upon information and belief, the Archer Daniels Midland Company, the U.S. holding company for the Archer Daniels Midland Group, operates the Defendant Tinna as a joint venture with the Tinna Group.

49.    Upon information and belief, Tinna's board of directors includes employees, managers and/or directors of ADM Group companies.

50.    Upon information and belief, the following individuals make up Tinna's board of directors: Mr. Chong Pian Kong, Mr. Matthew John Morgenroth, Mr. Gaurav Sekhri and Mr. Vijay K. Sekhri.

51.    Upon information and belief, Mr. Chong Pian Kong and Mr. Matthew Margeroth's e-mail addresses (pfchong@admworld.com" and "matt-morenroth@admworld.com) indicate that they are affiliated with ADM World, which is a known corporate style for the ADM Group.

52.    Furthermore, upon information and belief, Mr. Morgenroth, who sits on the board of Tinna, also sits on the board of directors of both ADM Cocoa and ADM Singapore, which are identified on ADM Group's website (www.admworld.com) as ADM Group offices.

53.    Based on the foregoing, as well as other activities, the Defendants Tinna and ADM Interoceanic should be considered as a single economic unit with no corporate distinction between or among them, rendering each liable for the debts of the others, and all assets of ADM Interoceanic susceptible to attachment and/or restraint for the debts of Tinna or its alter-egos.

54.    By virtue of the foregoing, ADM Interoceanic is properly considered a party to the subject contract and the arbitration award as the alter ego and/or prime mover and controller of Defendant Tinna.

55.    In the further alternative, Defendant ADM Interoceanic and Tinna are partners and/or joint venturers such that the ADM Interoceanic is now, or will soon be, holding assets belonging to Tinna, or vice versa.

56.    In the further alternative, Defendants Tinna and ADM Interoceanic are affiliated companies such that ADM Interoceanic is now, or will soon be, holding assets belonging to Tinna, or vice versa.

**Defendants ADM Interoceanic, ADM Cocoa and ADM Singapore**

57.    Upon information and belief, Defendant ADM Interoceanic is a shell-corporation through which Defendants ADM Cocoa and ADM Singapore conduct business.

58.    Upon information and belief, Defendant ADM Interoceanic has no separate, independent identity from Defendants ADM Cocoa and ADM Singapore.

59.    Upon information and belief, ADM Interoceanic is the Mauritius registered holding company for the ADM Group.

60.    Upon information and belief, the entity Archer Daniels Midland Company is the parent company of ADM Cocoa and ADM Singapore and is also a holding company for the ADM Group.

61.    Defendants ADM Cocoa and ADM Singapore are the alter-egos of Defendant ADM Interoceanic (and thus of its alter-ego Tinna) because they dominate and disregard ADM Interoceanic's corporate form to the extent that ADM Cocoa and ADM Singapore are actually carrying on ADM Interoceanic's (and thus, its alter-ego Tinna's) business and operations as if the same were their own, or vice versa.

62.    Upon information and belief, Defendant ADM Cocoa and ADM Singapore, use Defendant ADM Interoceanic (and its alter-ego Tinna) as a "pass through" entity such that they can insulate itself from creditors relating to their commercial obligations.

9

63.    Upon information and belief, ADM Interoceanic's address, 342 Jalan Boon Lay, Singapore 61952, Republic of Singapore is associated with both ADM Cocoa and ADM Singapore.

64.    Furthermore, upon information and belief, Defendant Tinna (ADM Interoceanic's alter-ego), ADM Cocoa and ADM Singapore have an overlapping director:   Mr. Matthew John Morgenroth.

65.    Upon information and belief, the Defendant Tinna (ADM Interoceanic's alter-ego), is a joint venture between the Tinna Group and the Archer Daniels Midland Company, the parent, alter-ego and/or affiliate of ADM Cocoa and ADM Singapore.

66.    Upon information and belief, among the entities, Tinna, ADM Interoceanic, ADM Cocoa, and ADM Singapore, there has been no attention or inadequate attention to corporate formality and these defendants function as a single economic entity to further the ultimate goal of profit generation to a single source.

67.    Upon information and belief, the Archer Daniels Midland Company is the sole shareholder of ADM Singapore.

68.    Upon information and belief, ADM Singapore is the sole share holder of ADM Cocoa.

69.    Based on the foregoing, as well as other activities, the Defendants Tinna, ADM Interoceanic, ADM Cocoa, and ADM Singapore, should be considered as a single economic unit with no corporate distinction between or among them, rendering each liable for the debts of the others, and all assets of the Defendants ADM Cocoa, and ADM Singapore susceptible to attachment and/or restraint for the debts of any other entity named herein, including but not limited to the debts of Defendants ADM Interoceanic and its alter-ego Tinna.

70.     By virtue of the foregoing, the Defendants ADM Cocoa and ADM Singapore are properly considered a party to the subject contract and the arbitration award as the alter egos and/or prime movers and controllers of Defendant ADM Interoceanic and its alter-ego Tinna.

71.     In the further alternative, Defendant Tinna, ADM Interoceanic, ADM Cocoa, and/or ADM Singapore, are partners and/or joint venturers such that ADM Interoceanic, ADM Cocoa, and/or ADM Singapore, are now, or will soon be, holding assets belonging to Tinna, or vice versa.

72.     In the further alternative, Defendants Tinna, ADM Interoceanic, ADM Cocoa, and/or ADM Singapore, are affiliated companies such that ADM Interoceanic, ADM Cocoa, and/or ADM Singapore, are now, or will soon be, holding assets belonging to Tinna, or vice versa.

73.     The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendants.

74.     The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendants held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claims as described above.

WHEREFORE, Plaintiff prays:

A.      That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Amended Verified Complaint;

B.      That pursuant to 9 U.S.C. §§ 201. *et seq.*, the Uniform Recognition of Money Judgments Act, and/or principles of comity, this Court recognize and confirm any judgment rendered on the claims had herein as a Judgment of this Court;

C.      That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendants, in the amount $2,782,491.77 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Amended Complaint;

E.      That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court

F.      That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

G.      That in the alterative, this Court enter Judgment against the Defendants on the claims set forth herein;

H.    That this Court award Plaintiff its attorney's fees and costs of this action; and

I.    That the Plaintiff have such other, further and different relief as the Court

may deem just and proper.

Dated: July 14, 2008
       New York, NY

The Plaintiff,
NATIONAL ABILITY S.A.

By: _Coleen Ley_

Coleen A. McEvoy
Nancy R. Peterson
Patrick F. Lennon
LENNON, MURPHY & LENNON, LLC
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
cam@lenmur.com
nrp@lenmur.com
pfl@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )    ss.:    City of New York
County of New York   )

1.   My name is Coleen A. McEvoy.

2.   I am over 18 years of age, of sound mind, capable of making this

Verification, and fully competent to testify to all matters stated herein.

3.   I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the

Plaintiff.

4.   I have read the foregoing Second Amended Verified Complaint and know the

contents thereof and believe the same to be true and accurate to the best of my knowledge,

information and belief.

5.   The reason why this Verification is being made by the deponent and not

by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now

within this District.

6.   The source of my knowledge and the grounds for my belief are the

statements made, and the documents and information received from, the Plaintiff and agents

and/or representatives of the Plaintiff.

7.   I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    July 14, 2008
          New York, NY

Coleen A. McEvoy

14

EXHIBIT "1"

which the owners appointed Donald Davies of the Owner's Club, 52 Upper Thames Street, London, EC4R 3BE and the charterers appointed Michael Ferryman of Lloyd's Chambers, 2 Mill Street, London EC2 7XD to act as arbitrators on their behalf respectively. The said arbitrators appointed Michael Baskerville of Globe House, Aspall, Stowmarket, Suffolk, IP14 6PD as the umpire in the reference in accordance with the arbitration clause as incorporated under English law. The parties subsequently agreed that the said Michael Baskerville should act as a third arbitrator rather than as an umpire. In the event the said Michael Ferryman was replaced by Robert Lindsay Gordon of Rennie House, 57-60 Aldgate High Street, London EC3N 1AN as the arbitrator on behalf of the charterers and the said Robert Lindsay Gordon and Donald Davies confirmed the appointment of Michael Baskerville as the third arbitrator in the reference.

6. An oral hearing took place at the New Arbitration Centre, the Courtyard, 174 Addington Street, London during the period September 22/23, 1993 with both parties being represented by counsel. A reasoned award was requested. The owners claimed against the charterers for a sum of US$1,586,413.43 in respect of the alleged failure by the charterers to discharge the cargo of potatoes. The charterers denied liability in full and they counterclaimed against the owners regarding the alleged breach of the owners to carefully carry for and carry the

- 2 -

cargo. The charterers' counterclaims were stayed by the tribunal because of their failure to put up security for costs and in the early part of the September 98 hearing it was decided that the hearing would be concerned with the owners' claim in respect of liability and quantum.

NOW WE, the said Bodaly Bright, Robert Lindsay Gordon, and Michael Baskerville, having accepted the burden of this arbitration, and having carefully and conscientiously listened to the contentions of the parties through the medium of their counsel, carefully and conscientiously considered and weighed the facts and the evidence put before us and finding ourselves in agreement, DO HEREBY MAKE ISSUE AND PUBLISH this our INTERIM FINAL AWARD in respect of the matters submitted to us:

WE FIND AND HOLD that the owners' claim in paragraph D above succeeds to the extent of US$19,883.16 and no more. It follows that the charterers' counterclaim fail.

WE AWARD AND DECLARE that the charterers shall forthwith pay to the owners the sum of US$19,883.16 (United States dollars eight hundred and eighty nine thousand eight hundred and eighty three and sixteen cents) together with interest at the rate of 7% per annum from October 1, 1995 until the date of this our final award in full and final settlement of the matters referred to in paragraph D above.

– 2 –

WE ALSO FIND AND AWARD that the charterers shall bear and pay their own and the owners' costs in the reference the latter to be taxed if not agreed in addition to the cost of this our Award PROVIDED ALWAYS that if the owners shall in the first instance have paid for the cost of our Award they shall be entitled to be immediate reimbursement from the charterers of the sum so paid.

WE RESERVE unto ourselves the power to tax in respect of costs the owners' costs.

AS WITNESS whereof we have hereunto set our hands in London this 19th day of November 1996.

Witness:                          _____
                                  Arbitrator appointed by the owners

                                  _____
                                  Arbitrator appointed by the charterers

Witness:                          _____
                                  Third arbitrator

- 4 -

EXHIBIT "2"

IN THE HON'BLE HIGH COURT OF DELHI AT NEW DELHI

ARBITRATION EXECUTION PETITION NO. 74 OF 2020

In the matter of:

National Ability S.A.                          ...Petitioners

V/s.

Tyres Oils & Chemicals Ltd. & Anr.            ...Respondents

## PETITIONERS' SUMMARY OF SUBMISSIONS

A foreign award, dated 19/11/98 has been passed by an Arbitral Tribunal in England comprising of 3 Arbitrators in favour of the Petitioners M/s. National Ability S.A. The said Arbitration proceedings were conducted and concluded in England where both the Petitioner (claimants) and the Respondents were treated as contesting parties.

The said award is passed by the Arbitral Tribunal in England, which is a country notified under the New York Convention. The said award is therefore enforceable and executable under the Arbitration and Conciliation Act, 1996.

BRIEF FACTS:

The Petitioner had by a Charter party dated 29/4/93 as a Greeco firm chartered the vessel "Amazon Reefer" to the Respondent for a voyage from Kandiano Novorrassiysk on terms set out therein.

2

2

Clause 29 of the said Charterparty contains the Arbitration agreement between the parties for reference of disputes for arbitration in London according to English law.

Disputes and differences arose between the parties pursuant to which the disputes were referred to Arbitration in London.

Both parties sought substantive relief and were represented by Counsels. The Arbitral Tribunal directed mutual security to be provided for recoverable costs. The petitioner posted security for US $ 150,000/-.

The Arbitral Tribunal after an oral hearing in London during 24th / 25 September 1998 passed a reasoned award in favour of the Petitioner, ordering and directing the Respondent to pay to the Petitioner a sum of US$ 8,19,983.16. together with interest @ 7% p.a. from 1st October 1998 till the date of the final award in full and final settlement of the matter. The reasoned Award dated 19/11/98 speaks for itself.

Costs were also awarded in favour of the Petitioner amounting to Stg pds 26,762.17 being the costs of the award and Stg pds 1,39,939.79 being the Petitioner's costs.

No Appeal filed by the Respondent. The Award dated thus is final and binding on the Respondent.

Petitioner submits that the aforesaid award is an award covered under Part II chapter 1 of the Arbitration and Conciliation Act, 1996 and is enforceable in view of the provisions of Sec. 46, 47, 48 and 49 of the Arbitration

22/02/2007  3:20PM  (GMT-05:00)

22-FEB-2007 15:19  FROM:                                    TO:0226512295    P.4
02-FEB-2007 17:43  FROM:THACKER. 02325407                  TO:02328120975735  P.4

22-FEB-2007 15:19  FROM:                                    TO:0226512295    P.4
02-FEB-2007 17:42  FROM:THACKER. 56341457                  TO:02328120975735  P.4

and Conciliation Act 1996, the Petitioner is entitled to enforce and execute the said award as a decree through this Hon'ble Court against the Respondent.

That the Petitioner is relying upon the judgments of the Hon'ble Supreme Court in the case of

(i) Thyssen Stahl Union GmbH. V/s Steel Authority of India Ltd. reported in (1999 SCC page 34) and

(ii) Fuerst Day Lawson (AIR 2001 SC 2293) in support of its contention.

That the Petitioner has filed in Court the required evidence as contemplated under Sec. 47 of the 1996 Act.

That no case whatsoever has been made out by the Respondent Under Sec. 48 of the 1996 Act to resist the enforcement and execution of the said Award.

Sec. 48 of the 1996 Act reads as under:
*Conditions for enforcement of foreign awards – (1) Enforcement of a foreign award may be refused at the request of the party against whom it is invoked, only if that party furnishes to the court proof that—
(a) the parties to the agreement referred to in section 44 were under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or
(b) the party against whom the award is invoked was not given proper notice of the appointment of the arbitrator, or of the arbitral proceedings or was otherwise unable to present his case; or
(c) the award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration;
Provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be enforced; or
(d) the composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or failing*

22/02/2007  5:28PM (GMT-02:00)

23

such agreement, was not in accordance with the law of the country where the arbitration took place ; or

(b) the award has not yet become binding on the parties, or has been set-aside or suspended by a competent authority of the country in which or under the law of which, that award was made.

(2) Enforcement of an arbitral award may also be refused if the Court finds that

(a) the subject-matter of the difference is not capable of settlement by arbitration under the law of India; or

(b) the enforcement of the award would be contrary to the public policy of India.

Explanation. Without prejudice to the generality of clause (b) of this section, it is hereby declared, for the avoidance of any doubt, that an award is in conflict with the public policy of India if the making of the award was induced or affected by fraud or corruption.

(3) If an application for the setting aside or suspension of the award has been made to a competent authority referred to in clause (e) of sub-section (1) the Court may, if it considers it proper, adjourn the decision on the enforcement of the award and may also, on the application of the party claiming enforcement of the award, order the other party to give suitable security."

That the Respondents have failed to make out any case whatsoever for resisting the enforcement of the award. It is respectfully submitted that the Court is bound to enforce the award unless it is satisfied that one or more of the conditions set forth in Section 48 exists.

Court has no power to refuse enforcement on any other ground.

The Respondent No.1 has filed their reply objection dated 1/12/1999 to the award dated 19/11/98 in which it has inter alia raised the following objections:

(i)  that the Respondent No.1 is allegedly not a party to the arbitration and no award has been passed against it.

(ii)  that Respondent No.2 is liable for the payment of the dues of the Petitioner;

5

(iii)   that Respondent No. 1 and Respondent No. 2 had entered into a scheme of arrangement under sec. 391 and 394 of the Companies Act 1956 whereby the merchant export division "spin off division" along with certain assets and liabilities were transferred into Trent Fiber Ltd. i.e. Respondent No. 2.

(iv)   that by virtue of scheme of arrangement all legal and other proceedings by or against Respondent No. 1 would lie against Respondent No. 2.

(v)   that the said scheme of arrangement sanctioned by the Hon'ble Court is binding on the Petitioner.

(vi)   that in view of the order passed by the Court in the scheme of arrangement, which allegedly was duly sanctioned by the Petitioner and the Arbitrators and the award has thus been passed against Respondent No. 2.

(vii)   that the award being a Foreign Award cannot be made a rule of court since the Petitioner is a company registered in Panama which is allegedly not a reciprocating country under the New York Convention.

PETITIONER'S RESPONSE TO THE ABOVE SAID OBJECTIONS:

The Petitioner Submits that the charter party was with and between the Petitioner and Respondent No. 1. The Petitioner was not aware that the Respondents did not inform the petitioners/ Arbitrators of the alleged scheme of arrangement during the hearing before the Arbitral Tribunal.

The petitioners were not a party and thus not bound by the scheme of arrangement. No notice was sent or alleged to be sent to the Petitioner. Stand was sought to be played on the Petitioner and the company court.

6

6.

The order is neither binding on the Petitioner and nor has it been accepted.

The Respondent No.1 was a party to the arbitration and is bound by the award dated 19/11/98 irrespective of the Scheme of Arrangement.

Further the Award dated 19/11/98 has been passed by the Arbitral Tribunal with the following title:

"*National Ability S.A. of Panama* ......*Claimants (Owners).*

and

*Tanzi Oils & Chemicals Ltd. in a scheme of arrangement by order of the High Court of Delhi with Tann Plore Ltd* ......*Respondents (Charterers)*"

It is stating therefore that Respondent No.1 is liable under the said award.

The Respondent no.2 in their scheme of arrangement have agreed to deal with the liabilities vested into them and keep independent and independent from and against all liabilities, obligations, actions, claims and demands in respect thereof in consultation with Respondent no.1. The indemnity Clause is an internal mechanism / arrangement between the Respondents and the Petitioner is entitled to satisfy the Award against both the Respondents.

The Respondent No.1 is a sister concern of Respondent no.2.

Thus the Petitioner is entitled to look to both the Respondents to satisfy the Award.

22/02/2007   3:23PM  (CONTACT:00)

It is submitted that Panama is in fact a country that has ratified and/or acceded to New York Convention then, the defence that Panama is not a country that has not a reciprocating territory under New York Convention is clearly false.

The Petitioner has recently filed in Court an affidavit of Mr. Christopher Noble dated 30/4/06, Solicitor Supreme Court England and Wales and the partner of Norton Rose, a firm of Solicitors in England, who were in conduct of the matter.

It is therefore submitted that this Hon'ble court be pleased to make the award enforceable and executable against Respondent holding them jointly and/or severally liable to make payment of the amounts claimed.

The said award becomes enforceable and executable as a decree of this Hon'ble Court against the Respondent.

(Sunita Dutt)
Advocate

New Delhi
Dated January 28, 2007.

22/02/2007   5:29PM   (GMT-02:00)

EXHIBIT 3

I, THOMAS ADAMS of Stephenson Harwood, One St Paul's Churchyard, London, EC4M 8SH will say as follows:

1.   I am a Solicitor in the firm of Stephenson Harwood at the above address. I have conduct of this matter, under the supervision of a partner, Haris Zografakis, on behalf of National Ability S.A. (*"Claimant"*) and I am duly authorised to make this statement on its behalf.

2.   Except where I say otherwise, the facts and matters stated are within my own knowledge and are true. Where the facts and matters are not within my own knowledge, they are based on instructions, documents and information supplied to me and are true to the best of my knowledge, information and belief.

3.   I make this, my first witness statement, in support of Claimant's application for Orders in the terms of the draft appended to the Claim Form:

   a)   For leave to enforce an arbitration award dated 19 November 1998 (the "Final Award") pursuant to s.26 Arbitration Act 1950 and CPR 62.18.

   b)   For leave to enforce an arbitration award dated 12 October 1999 (the "Award as to Costs") pursuant to s.26 Arbitration Act 1950 and CPR 62.18.

   c)   To enter judgment in the terms of the said Awards pursuant to s.26 Arbitration Act 1950 and CPR 62.18.

   d)   For an Order requiring the Defendant to pay interest on the Awards.

   e)   For an Order requiring the Defendant to pay the costs of this application, including the costs of entering judgment, such costs to be summarily assessed.

4.   There are now produced and shown to me marked "TA1" true copies of documents referred to in this witness statement.

The commencement of the London arbitration proceedings

5.   The dispute arose under a charterparty dated 29 April 1995 [TA1 pg1-12] on a Gencon form in respect of the vessel "AMAZON REEFER". The vessel sailed from Kandla, India to Novorossiysk, Russia. The Claimants made claims against the Defendants concerning

the Defendant's failure to discharge the cargo of potatoes at Novorossiysk. Defendants denied liability in full and counterclaimed against Claimants for alleged failure to care for and carry the cargo.

6.  The Claimant initiated arbitration proceedings in London by the appointment of Donald Davies of 604 Queen's Quay, 58 Upper Thames Street, London, EC4V on 1 September 1996 [TA1 pg13-14] to act as sole arbitrator. Defendants were notified of this appointment but following discussions between the parties it was agreed that each party would appoint an arbitrator and that an umpire would be appointed by those arbitrators jointly.

7.  Defendants in turn appointed Michael Ferryman of LLoyds Wharf, 2 Mill Street, London on 12 December 1995 [TA1 pgs 17-18] In the event Mr Ferryman was later replaced by Robert Lindsay Gordon of Rennie House, Aldgate High Street, London, as the arbitrator appointed by Defendants [TA1 pg 19].

8.  On 19 May 1998, the said arbitrators appointed Michael Baskerville of Glebe House, Stowmarket to act as umpire. The parties subsequently agreed that Mr Baskerville should act as the third arbitrator rather than as an umpire [TA1 pg 20-21].

9.  The arbitration was governed by the Arbitration Acts 1950-1979 and the LMAA terms.

10. On 1 May 1996 the Tribunal ruled that security for costs be provided by both parties in the sum of £150,000 [TA1 pg22-25]. Claimants agreed to do so.

11. On 27 March 1998, the Tribunal stayed the counterclaims of Defendants as they failed to put up security for costs in respect of them. In early September 1998, the Tribunal decided that the hearing would be concerned solely with Claimant's claims in respect of liability and quantum, due to Defendants continued failure to provide security.

12. Between 21-25 September 1998 a hearing took place at the New Arbitration Centre, The Courtyard, 124 Aldersgate Street, London with both parties represented by Solicitors and Counsel. Solicitors for the Defendants in the arbitration were More Fisher Brown .

13. On 19 November 1998 the Tribunal gave a reasoned Award in the following terms:

" *WE FIND AND HOLD that the Owners' claim in paragraph D above succeeds to the extent of US$819,983.16 and no more. It follows that the Charterers' counterclaims fail.*

*WE AWARD AND ADJUDGE that the Charterers shall forthwith pay to the Owners the sum of US$819,983.16 together with interest at the rate of 7% per annum from October 1, 1995 until the date of this our Final Award 19 November 1998 in full and final settlement of the matters referred to in paragraph D above.*

*WE ALSO AWARD AND ADJUDGE THAT the Charterers shall bear and pay their own and the Owners' costs in this reference (the latter to be taxed if not agreed) in addition to the cost of this our Award PROVIDED ALWAYS that if the Owners shall in the first instance have paid for the cost of our award they shall be entitled to an immediate reimbursement from the Charterers of the sum so paid.*

*WE RESERVE unto ourselves the power to tax in an award of costs the Owners' costs." [TA1 p26-63]*

14.    By a fax also dated 19 November 1998, the Tribunal withheld publication of their Final Award until its costs were paid in the stated amount of £26,762.17 [TA1 pg64].

15.    The Claimant paid these costs (see letter of acknowledgment from the Tribunal dated 14 December 1998 [TA1 pg65]) and the Final Award was published. The reasons annexed to the Final Award made reference to an *Interim Final Award* in error [TA1 pg66].

16.    The parties were unable to agree on the question of the Claimant's costs of the hearing and the matter was referred back to the Tribunal for assessment of costs. Written submissions were put before the Tribunal by both parties and neither party requested a hearing.

17.    By a Final Award assessing Claimants' Solicitors' Costs dated 12 October 1999 ("Award as to Costs"), the Tribunal awarded Claimants their costs and the costs of the Tribunal as follows:

*"WE AWARD AND AJUDGE that the charterers shall forthwith pay the Owners the sum of £202,260.31 (two hundred and two thousand two hundred and sixty pounds sterling and thirty one pence), PLUS interest on the said sum at the rate of 7% from 19 November 1998 until payment is made, in full and final settlement of the Owners' solicitors' costs.*

*WE FURTHER AWARD AND ADJUDGE that the charterers shall bear and pay their own costs, together with the costs of our taxation, which we hereby tax and settle in the sum of £3,545, PROVIDED ALWAYS that if in the first instance the Owners have paid for the cost of this our taxation they shall be entitled to immediate reimbursement from the charterers of the sum so paid." [TA1 pg 67-72]*

18.     The Claimants paid the Tribunal's cost of the Award as to Costs (see Tribunals letter of acknowledgment dated 19 October 1999 TA1 pg73].

The present application

19.     The Defendant has failed to pay any of the sums ordered by the Tribunal. The Claimants have paid the Tribunal's costs of both Awards in this reference and were entitled to immediate reimbursement under the terms of those Awards. No reimbursement has been made. In our respectful submission such defaults justify the present application.

20.     The Defendant's place of business at the time of the arbitration was A-151, Mayapuri Industrial Area, Phase II, New Delhi, India. Its registered office and trading address is now at No.6 Sultanpur, Mandi Road, Maharauli, New Delhi 110030.

21.     In an attempt to enforce the Awards, proceedings were issued in the High Court of Delhi in 1999 under the New York Convention and India's Arbitration and Conciliation Act 1996. Those legal proceedings have occupied the parties since that time. The Defendant is represented in those proceedings by Mr Sudhir Nandrajog of 103/1 Hans Bhavan, 1 Bhadur Shah Zafar Marg, New Delhi 110001, their legal representative on the Indian Court's record. The Claimant instructed this firm to make this application having become frustrated with the slow progress of the legal process in India and has sought other avenues for the recovery of sums owed by Defendants.

22.     In February 2008, the Claimants issued proceedings in the Southern District of New York in an attempt to enforce the Awards. They were successful in applying to that court for a maritime attachment of the Defendants' funds. The Claimants now make this present application in order to facilitate the enforcement of the Awards against those funds attached in New York.

Interest

23. The Tribunal awarded interest at 7% on the principal sum of the Final Award from 1 October 1995 to the date of the Final Award being 19 November 1998.

24. The Final Award did not preclude interest accruing post award, and the Claimant therefore claims simple interest on the Final Award at the rate of 8% per annum pursuant to s.20 Arbitration Act 1950 and s.17 Judgments Act 1838 (s.17(1) (26.4.1999) by S.I. 1998/2940, art. 3(a); S.I. 1998/3132).

25. In the alternative, the Claimant claims simple interest on the Final Award as a debt, at such rate as the court sees fit pursuant to s.3(1)(a) of the Law Reform (Miscellaneous Provisions) Act 1934.

26. By their Award as to Costs, the Tribunal awarded interest at the rate of 7% per annum on the Claimants costs from date of the Final Award until payment.

27. The Claimants paid the costs of the Tribunal's Award as to Costs in the amount of £3,545. The Award as to Costs required that this amount so paid be immediately reimbursed to Claimants. It has not been reimbursed. The Tribunal did not provide expressly for interest to run on that amount following its payment, but Claimants hereby claim simple interest on the Tribunal's costs from the date paid (19 October 1999) at the rate of 8% per annum pursuant to s.20 Arbitration Act 1950 and s.17 Judgments Act 1838 (s.17(1) (26.4.1999) by S.I. 1998/2940, art. 3(a); S.I. 1998/3132).

28. In the alternative, the Claimant claims simple interest on the Tribunal's costs of the Award as to Costs as a debt, at such rate as the court sees fit pursuant to s.3(1)(a) of the Law Reform (Miscellaneous Provisions) Act 1934. .

29. A schedule setting out the interest accruing on the outstanding amounts can be found at p.74-77 of TA1 from which it can be seen that the amount of the Defendant's indebtedness currently stands at the aggregate of USD$1,763,381.12 and £391,420.89.

30. The usual place of business of the Claimant is 26, Bouboulinas Street, Piraeus, Greece.

The Order Sought

28. I therefore ask the Court to make an Order in the terms of the draft Order appended to this witness statement and in particular:

1.    Pursuant to s.26 Arbitration Act 1950, the Claimant do have leave to enforce the arbitration award dated 19 November 1998 (the "Final Award") and the arbitration award dated 12 October 1999 (the "Award as to Costs"), both made pursuant to an arbitration agreement contained in a Charterparty dated 29 April 1995; including leave to enforce the principle sums awarded of USD$1,000,042.48 and GBP£232,568.02 such leave to include leave to enforce post-award interest in the amount of USD$768,338.70 accruing hereafter at the daily rate of $219.19 ; and such leave to include leave to enforce post-award interest in the amount of GBP£158,852.89 accruing hereafter at the daily rate of £45.44.

2.    Pursuant to s.26 Arbitration Act 1950, Judgment be entered against the Defendant in the terms of the Final Award, namely;

"*WE FIND AND HOLD* that the Owners' claim in paragraph D above succeeds to the extent of US$819,983.16 and no more. It follows that the Charterers' counterclaims fail.

*WE AWARD AND ADJUDGE* that the Charterers shall forthwith pay to the Owners the sum of US$819,983.16 together with interest at the rate of 7% per annum from October 1, 1995 until the date of this our Final Award 19 November 1998 in full and final settlement of the matters referred to in paragraph D above.

*WE ALSO AWARD AND ADJUDGE THAT* the Charterers shall bear and pay their own and the Owners' costs in this reference (the latter to be taxed if not agreed) in addition to the cost of this our Award *PROVIDED ALWAYS* that if the Owners shall in the first instance have paid for the cost of our award they shall be entitled to an immediate reimbursement from the Charterers of the sum so paid.

*WE RESERVE* unto ourselves the power to tax in an award of costs the Owners' costs. "

3.    Pursuant to s.26 Arbitration Act 1950, Judgment be entered against the Defendant in the terms of the Award as to Costs, namely;

"*WE AWARD AND AJUDGE* that the charterers shall forthwith pay the Owners the sum of £202,260.31 (two hundred and two thousand two hundred and sixty pounds

sterling and thirty one pence), PLUS interest on the said sum at the rate of 7% from 19 November 1998 until payment is made, in full and final settlement of the Owners' solicitors' costs.

*WE FURTHER AWARD AND ADJUDGE* that the charterers shall bear and pay their own costs, together with the costs of our taxation, which we hereby tax and settle in the sum of £3,545, *PROVIDED ALWAYS that if in the first instance the Owners have paid for the cost of this our taxation they shall be entitled to immediate reimbursement from the charterers of the sum so paid.*"

4.    The costs of this application, including the costs of entering judgment, be paid by the Defendant in the amount of £5552 (being the costs incurred by Stephenson Harwood and the £50 court fee for this application.

5.    The Order be served within 7 days.

6.    The Order be served by courier on Mr Sudhir Nandrajog of 103/1 Hans Bhavan, 1 Bhadur Shah Zafar Marg, New Delhi 110001; or by courier on the Defendants at A-151, Mayapuri Industrial Area, Phase II, New Delhi, India; or by courier on the Defendants at No.6 Sultanpur, Mandi Road, Mehrauli, New Delhi 110030.

7.    Within 14 days after service of the Order, the Defendant may apply to set aside the Order. The order must not be enforced until after the end of that period, or until any application made by the Defendant within that period has been finally disposed of.

Statement of truth

I believe that the facts stated in this witness statement are true.

Signed ...................    Date 26 June 2008

Name: Thomas Adams, Solicitor, Associate, Stephenson Harwood



NOT FOR SERVICE OUT
OF THE JURISDICTION

**Claim Form**
**(arbitration)**

CLAIMANTS COPY

In the High Court Of Justice
Commercial Court
Queen's Bench Division
Royal Courts of Justice



| | |
|---|---|
| Claim No. | 2008 · 614 |
| Issue Date | 26/6/08 |

In an arbitration claim between

Claimant
NATIONAL ABILITY S.A.
26, Bouboulinas Street, Piraeus, Greece.

Defendant(s) .
TINNA OILS & CHEMICALS LTD IN A SCHEME OF ARRANGEMENT BY ORDER OF THE
HIGH COURT OF DELHI WITH TINNA FINEX LTD,
No.6 Sultanpur, Mandi Road, Mehrauli, New Delhi 110030

In the matter of an [intended] arbitration between

Claimant
NATIONAL ABILITY S.A.
26, Bouboulinas Street, Piraeus, Greece.

Respondent(s)  *Set out the names and addresses of persons to be served with the claim form stating their role in the arbitration and whether they are defendants*
TINNA OILS & CHEMICALS LTD IN A SCHEME OF ARRANGEMENT BY ORDER OF THE
HIGH COURT OF DELHI WITH TINNA FINEX LTD,
No.6 Sultanpur, Mandi Road, Mehrauli, New Delhi 110030

| Defendant's name and address | TINNA OILS & CHEMICALS LTD No.6 Sultanpur, Mandi Road, Mehrauli, New Delhi 110030 | This claim will be heard on: et          am/ pm [x] This claim is made without notice. |
|---|---|---|

The court office at Strand, London, WC2A 2LL.

When corresponding with the court, please address forms or letters to the Court Manager and quote the claim number
N2 Claim form (arbitration)                                                                                    Laserform International 4/99

| Claim No. | |
|---|---|

Remedy claimed and grounds on which claim is made

The claimant applies for orders in terms of drafts appended to the First Witness Statement of Haris Zografakis submitted in support of the application, and particularly:

1.  Pursuant to s.26 Arbitration Act 1950, the Claimant do have leave to enforce the arbitration award dated 19 November 1998 (the "Final Award") and the arbitration award dated 12 October 1999 (the "Award as to Costs"), both made pursuant to an arbitration agreement contained in a Charterparty dated 29 April 1995; including leave to enforce the principle sums awarded of USD$1,000,042.48 and GBP£232,568.02 such leave to include leave to enforce post-award interest in the amount of USD$768,338.70 accruing hereafter at the daily rate of $219.19 ; and such leave to include leave to enforce post-award interest in the amount of GBP£158,852.89 accruing hereafter at the daily rate of £45.44.

2.  Pursuant to s.26 Arbitration Act 1950, Judgment be entered against the Defendant in the terms of the Final Award

3.  Pursuant to s.26 Arbitration Act 1950, Judgment be entered against the Defendant in the terms of the Award as to Costs.

4.  The costs of this application, including the costs of entering judgment, be paid by the Defendant in the amount of £5552 (being the costs incurred by Stephenson Harwood and the £50 court fee for this application.

5.  The Order be served within 7 days.

6.  The Order be served by courier on Mr Sudhir Nandrajog of 103/1 Hans Bhavan, 1 Bhadur Shah Zafar Marg, New Delhi 110001; or by courier on the Defendants at A-151, Mayapuri Industrial Area, Phase II, New Delhi, India; or by courier on the Defendants at No.6 Sultanpur, Mandi Road, Mehrauli, New Delhi 110030.

7.  Within 14 days after service of the Order, the Defendant may apply to set aside the Order. The order must not be enforced until after the end of that period, or until any application made by the Defendant within that period has been finally disposed of.

| Claim No. | |
|---|---|

The claimant seeks an order for costs against
The Defendant for:

* The costs of this application.
* The costs of enforcing judgment.

Statement of Truth
* (I believe) (The Claimant believes) that the facts stated in these particulars of claim are true.
* I am duly authorised by the claimant to sign this statement

Full name Thomas Adams

Name of claimant's solicitor's firm   Stephenson Harwood

signed _____     position or office held  Associate
*(Claimant) (Claimant's solicitor)                    (if signing on behalf of firm or company)

*delete as appropriate

Stephenson Harwood                    Claimant's or claimant's solicitor's address to
One St. Paul's Churchyard              which documents should be sent if different from
London                                 overleaf. If you are prepared to accept service by
EC4M 8SH                               DX, fax or e-mail, please add details.

DX 64   Chancery Lane

EXHIBIT 4

# Tinna Oils & Chemicals Ltd.

a joint venture between Tinna Group and M/s. Archer Daniels Midland Co., USA, of USA.

**Tinna Oils & Chemicals Ltd,**
a joint venture of Tinna Group and M/s. Archer Daniels Midland Co., USA

Tinna Oils & Chemicals Ltd,
the flagship company of the group comprises of:

- The Companies
- About Us
- Vision and Mission
- Our Presence

- ☒ Oilseed processing division   at Latur, Maharashtra
- ☒ Animal Health & Nutrition division at Latur, Maharashtra
- ☒ Biodeisel production plant at Latur, Maharashtra
- ☒ The Cargo Handling, Stevedoring and Warehousing division at Vizia seaport, Andhra Pradesh
- ☒ The Specialty Ingredients Division operated out of Mumbai

Tinna Agro Industries Ltd,
a joint venture of Tinna Group and M/s. Archer Daniels Midland Co., USA

The Oilseed processing division at Dharwad, Karnataka which became operational from end 2004, onwards has been named as Tinna Agro Industries Ltd.

The head office of both the companies is at New Delhi.

Home | Cargo Handling | Animal Health And Nutrition | Rexified Oil | Bio Diesel | Castor Powder | Agri business centres / Pharmaceuticals | Food Ingredients | Enquiry

© Copyright Tinna Group. All Rights Reserved with SoI Company India

Tinna Agro Industries

07-cv-09913-AKH
*Docket no.*

### THE PRESIDENT OF THE UNITED STATES OF AMERICA

To the Marshal of the Southern District of New York (or designated process server) - GREETINGS:

WHEREAS a Second Amended Verified Complaint has been filed in the United States District Court for the Southern District of New York on the 16th day of July 2008 by

#### NATIONAL ABILITY S.A.,

Plaintiff,

against

TINNA OILS & CHEMICALS LTD., TINNA FINEX LTD., TINNA GROUP, TINNA AGRO INDUSTRIES LTD., ADM INTEROCEANIC LIMITED, ADM COCOA PTE. LTD., and ARCHER DANIELS MIDLAND SINGAPORE PTE LTD.,

Defendants,

in a certain action for breach of maritime contract wherein it is alleged that there is due and owing from the Defendants to the said Plaintiff the amount of $2,782,491.77 and praying for process of maritime attachment and garnishment against the said Defendants.

WHEREAS, this process is issued pursuant to such prayer and requires that a garnishee(s) shall serve their answer(s), together with answers to any interrogatories served with the Complaint, within 20 days after service of process upon him and requires that Defendants shall serve their answer(s) within 30 days after process has been executed, whether by attachment of property or service on the garnishee.

NOW, THEREFORE, we do hereby command you that if the said Defendants cannot be found within the District you attach goods and chattels to the amount sued for, and if such property cannot be found that you attach other property, credit and effects to the amount sued for in the hands of:

ABN Amro, American Express Bank, Bank of America, Bank of China, Bank of Communications, Bank of India, State Bank of India, Bank of New York, BNP Paribas, Barclay's Bank, Citibank, Calyon, Deutsche Bank, Fortis Bank, Habib Bank, HSBC Bank USA Bank, J.P. Morgan Chase, Societe Generale, Standard Chartered Bank, UBS, Union Bank of California International, and/or Wachovia Bank N.A.

to wit: property, letters of credit, deposits, funds, credits, bills of lading, debts, settlement agreements, or other assets, tangible or intangible, in whatever form of:

TINNA OILS & CHEMICALS LTD., TINNA FINEX LTD., TINNA GROUP, TINNA AGRO INDUSTRIES LTD., ADM INTEROCEANIC LIMITED, ADM COCOA PTE. LTD., and ARCHER DANIELS MIDLAND SINGAPORE PTE LTD.

and that you promptly after execution of this process, file the same in this court with your return thereon.

WITNESS, the Honorable *Laura T. Swain*, Judge of said Court, this *16th* day of July, 2008, and of our Independence the two-hundred and thirty-second.

| | |
|---|---|
| Lennon, Murphy & Lennon, LLC | J. MICHAEL McMAHON |
| Attorneys for Plaintiff | Clerk |
| The Gray Bar Building | |
| 420 Lexington Ave., Suite 300 | By _____ |
| New York, NY 10170 | Deputy Clerk |
| Phone (212) 490-6050 | |

NOTE: *This Process is issued pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and/or New York Civil Practice Law and Rules, Article 62.*

HAUGENSTEIN 57

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
NATIONAL ABILITY S.A.,           :
                                 :
                    Plaintiff,   :        07 Civ. 09913 (AKH)
                                 :
          - against -            :        ECF CASE
                                 :
TINNA OILS & CHEMICALS LTD., TINNA FINEX :
LTD., TINNA GROUP, TINNA AGRO INDUSTRIES :
LTD., ADM INTEROCEANIC LIMITED, ADM COCOA :
PTE, LTD., and ARCHER DANIELS MIDLAND    :
SINGAPORE PTE LTD.,              :
                                 :
                    Defendants.  :
------------------------------------------------X

```
┌─────────────────────────────┐
│ USDC SDNY                    │
│ DOCUMENT.                    │
│ ELECTRONICALLY FILED         │
│ DOC #:                       │
│ DATE FILED: 7/16/08          │
└─────────────────────────────┘
```

## SECOND AMENDED EX PARTE ORDER FOR PROCESS OF MARITIME ATTACHMENT

WHEREAS, on July 16, 2008 Plaintiff, NATIONAL ABILITY S.A. filed a Second

Amended Verified Complaint, herein for damages amounting to $2,782,491.77 inclusive of interest,

costs and reasonable attorneys' fees, and praying for the issuance of Process of Maritime Attachment

and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and

Maritime Claims of the Federal Rules and Civil Procedure; and

WHEREAS, the Process of Maritime Attachment and Garnishment would command that the

United States Marshal, or other designated process server, attach any and all of the Defendants'

property within the District of this Court; and

WHEREAS, the Court has reviewed the Second Amended Verified Complaint and the

Supporting Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist:

NOW, upon motion of the Plaintiff, it is hereby:

ORDERED, that pursuant to Rule B of the Supplemental Rules for Certain Admiralty and

Maritime Claims, the Clerk of the Court shall issue Second Amended Process of Maritime

Attachment and Garnishment against all tangible or intangible property, credits, letters of credit, bills of lading, effects, debts and monies, electronic funds transfers, freights, sub-freights, charter hire, sub-charter hire or any other funds or property up to the amount of $2,782,491.77 belonging to, due or being transferred to, from or for the benefit of the Defendants, including but not limited to such property as may be held, received or transferred in Defendants' name(s) or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named on whom a copy of the Process of Maritime Attachment and Garnishment may be served; and it is further

ORDERED that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

ORDERED that following initial service by the U.S. Marshal, or other designated process server, upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee; and it is further

ORDERED that service on any garnishee as described above is deemed to be effective and continuous service throughout the remainder of the day upon which service is made commencing from the time of such service; and such service is further deemed to be effective through the end of the next business day, provided that another service is made that day; and it is further

ORDERED that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means.

Dated: July 16, 2008                 SO ORDERED:

CERTIFIED AS A TRUE COPY ON

THIS DATE 7/16/08

BY _____          _____
      ( ) Clerk                           U. S. D. J.
      (X) Deputy                      LAURA TAYLOR SWAIN U.S.D.J.
                                      Part I

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____Southern_____ District of _____New York_____

NATIONAL ABILITY S.A.

V.

TINNA OILS & CHEMICALS LTD., TINNA FINEX
LTD., TINNA GROUP, TINNA AGRO INDUSTRIES
LTD., ADM INTEROCEANIC LIMITED, ADM COCOA
PTE. LTD., and ARCHER DANIELS MIDLAND
SINGAPORE PTE LTD.

SUMMONS IN A CIVIL ACTION

CASE NUMBER:

TO: (Name and address of Defendant)

TINNA FINEX LTD

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Lennon, Murphy & Lennon, LLC
420 Lexington Ave., Suite 300,
New York, NY 10170   (212) 490-6050

an answer to the complaint which is served on you with this summons, within _____30_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                          JUL 1 6 2008

CLERK                                        DATE

(By) DEPUTY CLERK

%AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
            Date           *Signature of Server*

                     _____
                     *Address of Server*

_____
(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern                        District of                    New York

NATIONAL ABILITY S.A.

### SUMMONS IN A CIVIL ACTION

V.

TINNA OILS & CHEMICALS LTD., TINNA FINEX
LTD., TINNA GROUP, TINNA AGRO INDUSTRIES
LTD., ADM INTEROCEANIC LIMITED, ADM COCOA       CASE NUMBER:
PTE. LTD., and ARCHER DANIELS MIDLAND
SINGAPORE PTE LTD.

TO: (Name and address of Defendant)

TINNA OILS & CHEMICALS LTD

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Lennon, Murphy & Lennon, LLC
420 Lexington Ave., Suite 300,
New York, NY 10170   (212) 490-6050

an answer to the complaint which is served on you with this summons, within _____ 30 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                              JUL 1 6 2008

CLERK                                          DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
　　　　　　　　　Date　　　　　　　Signature of Server


　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |

NATIONAL ABILITY S.A.

V.

TINNA OILS & CHEMICALS LTD., TINNA FINEX
LTD., TINNA GROUP, TINNA AGRO INDUSTRIES
LTD., ADM INTEROCEANIC LIMITED, ADM COCOA
PTE. LTD., and ARCHER DANIELS MIDLAND
SINGAPORE PTE LTD.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant)

ARCHER DANIELS MIDLAND SINGAPORE PTE LTD

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Lennon, Murphy & Lennon, LLC
420 Lexington Ave., Suite 300,
New York, NY 10170  (212) 490-6050

an answer to the complaint which is served on you with this summons, within _____30_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

_____
CLERK

_____
(By) DEPUTY CLERK

JUL 1 6 2008

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                     *Date*                      *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ New York

NATIONAL ABILITY S.A.

V.

TINNA OILS & CHEMICALS LTD., TINNA FINEX
LTD., TINNA GROUP, TINNA AGRO INDUSTRIES
LTD., ADM INTEROCEANIC LIMITED, ADM COCOA
PTE. LTD., and ARCHER DANIELS MIDLAND
SINGAPORE PTE LTD.

### SUMMONS IN A CIVIL ACTION

CASE NUMBER:

TO: (Name and address of Defendant)

TINNA AGRO INDUSTRIES LTD

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Lennon, Murphy & Lennon, LLC
420 Lexington Ave., Suite 300,
New York, NY 10170   (212) 490-6050

an answer to the complaint which is served on you with this summons, within _____ 30 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

(By) DEPUTY CLERK

JUL 1 6 2008

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                        Date                         *Signature of Server*

                                         _____
                                                  *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____  District of _____  New York

NATIONAL ABILITY S.A.

V.

TINNA OILS & CHEMICALS LTD., TINNA FINEX
LTD., TINNA GROUP, TINNA AGRO INDUSTRIES
LTD., ADM INTEROCEANIC LIMITED, ADM COCOA
PTE. LTD., and ARCHER DANIELS MIDLAND
SINGAPORE PTE LTD.

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:

TO: (Name and address of Defendant)

ADM INTEROCEANIC LIMITED

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Lennon, Murphy & Lennon, LLC
420 Lexington Ave., Suite 300,
New York, NY 10170   (212) 490-6050

an answer to the complaint which is served on you with this summons, within _____ 30 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                              JUL 1 6 2008

CLERK                                           DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

　　Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
　　　　　　　　　　Date　　　　　　　　　　　Signature of Server

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

%AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern                          District of                     New York

NATIONAL ABILITY S.A.

### SUMMONS IN A CIVIL ACTION

V.

TINNA OILS & CHEMICALS LTD., TINNA FINEX
LTD., TINNA GROUP, TINNA AGRO INDUSTRIES
LTD., ADM INTEROCEANIC LIMITED, ADM COCOA
PTE. LTD., and ARCHER DANIELS MIDLAND
SINGAPORE PTE LTD.

CASE NUMBER:

TO: (Name and address of Defendant)

ADM COCOA PTE. LTD.,

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Lennon, Murphy & Lennon, LLC
420 Lexington Ave., Suite 300,
New York, NY 10170  (212) 490-6050

an answer to the complaint which is served on you with this summons, within _____ 30 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

JUL 1 6 2008

J. MICHAEL McMAHON

CLERK

(By) DEPUTY CLERK                          DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
            Date                          *Signature of Server*


            _____
            *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ New York

NATIONAL ABILITY S.A.

### SUMMONS IN A CIVIL ACTION

V.

TINNA OILS & CHEMICALS LTD., TINNA FINEX
LTD., TINNA GROUP, TINNA AGRO INDUSTRIES
LTD., ADM INTEROCEANIC LIMITED, ADM COCOA       CASE NUMBER:
PTE. LTD., and ARCHER DANIELS MIDLAND
SINGAPORE PTE LTD.

TO: (Name and address of Defendant)

   TINNA GROUP

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

       Lennon, Murphy & Lennon, LLC
       420 Lexington Ave., Suite 300,
       New York, NY 10170   (212) 490-8050

an answer to the complaint which is served on you with this summons, within _____ 30 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

_J. MICHAEL McMAHON_                    _JUL 1 3 2008_
CLERK                                    DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

　Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

　　　I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
　　　　　　　　　　Date　　　　　　　　Signature of Server

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

NATIONAL ABILITY S.A.,                          :

               Plaintiff,               :       07 Civ. 09913 (AKH)

                           :

   - against -                                   :       ECF CASE

                           :

TINNA OILS & CHEMICALS LTD., TINNA FINEX        :
LTD., TINNA GROUP, TINNA AGRO INDUSTRIES        :
LTD., ADM INTEROCEANIC LIMITED, ADM COCOA       :
PTE. LTD., and ARCHER DANIELS MIDLAND           :
SINGAPORE PTE LTD.,                             :

                           :

               Defendants.              :

---------------------------------------------------------------X

## SECOND AMENDED AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

State of Connecticut  )
                    )   ss: SOUTHPORT
County of Fairfield   )

    Coleen A. McEvoy, being duly sworn, deposes and says:

    1.    I am a member of the Bar of this Court and represent the Plaintiff herein.  I am

familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the

issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the

Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

## DEFENDANTS ARE NOT PRESENT IN THE DISTRICT

    2.    I have attempted to locate the Defendants, TINNA OILS & CHEMICALS LTD.,

TINNA FINEX LTD., TINNA GROUP, TINNA AGRO INDUSTRIES LTD., ADM

INTEROCEANIC LIMITED, ADM COCOA PTE. LTD., and ARCHER DANIELS MIDLAND

SINGAPORE PTE LTD., within this District.  As part of my investigation to locate the

Defendants within this District, I checked the telephone company information directory, as well as the white and yellow pages for New York listed on the Internet or World Wide Web, and did not find any listing for the Defendants. Finally, I checked the New York State Department of Corporations' online database which showed no listings or registration(s) for the Defendants.

3.    I submit based on the foregoing that the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

4.    Upon information and belief, the Defendants have, or will have during the pendency of this action, tangible and intangible property within this District and subject to the jurisdiction of this Court, held in the hands of in the hands of garnishees within this District, which are believed to be due and owing to the Defendants.

## PRAYER FOR RELIEF FOR ORDER ALLOWING SPECIAL PROCESS SERVER

5.    Plaintiff seeks an Order pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing Patrick F. Lennon, Kevin J. Lennon, Charles E. Murphy, Nancy Peterson, Anne C LeVasseur, Coleen A. McEvoy or any other partner, associate, paralegal or agent of Lennon, Murphy & Lennon, LLC, or any process server employed by Gotham Process Servers, be and is hereby appointed, in addition to the United States Marshal, to serve the Process of Maritime Attachment and Garnishment and the Amended Verified Complaint, together with any interrogatories, upon the garnishee(s), together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold assets of, for or on account of, the Defendants.

6.    Plaintiff seeks to serve the prayed for Second Amended Process of Maritime

Attachment and Garnishment with all deliberate speed so that it may be fully protected against the potential of being unable to satisfy a judgment/award ultimately obtained by Plaintiff and entered against the Defendants.

7.    To the extent that this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it involves simple delivery of the Second Amended Process of Maritime Attachment and Garnishment to the various garnishes to be identified in the writ.

## PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES

8.    Plaintiff also respectfully requests that the Court grant it leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this litigation, to be holding, or believed to be holding, property of the Defendants, within this District. Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Second Amended Process of Maritime Attachment and Garnishment without the need to present to the Court amended Process seeking simply to identify other garnishee(s).

## PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS

9.    Further, in order to avoid the need to repetitively serve the garnishees/banks, Plaintiff respectfully seeks further leave of the Court, as set out in the accompanying Second Amended Ex Parte Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service of process throughout any given day on which process is served through the next day, provided that process is served the next day, to authorize service of process via facsimile or e-mail following initial *in personam* service.

-3-

Dated: July 16, 2008
       Southport, CT

_____
Coleen A. McEvoy

Sworn and subscribed to before me
this 16th day of July, 2008.

_____
Notary Public