UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL ABILITY S.A.,<br><br>               Plaintiff,<br><br>       - against -<br><br>TINNA OILS & CHEMICALS LTD.,<br>TINNA FINEX LTD., TINNA GROUP,<br>TINNA AGRO INDUSTRIES LTD., ADM<br>INTEROCEANIC LIMITED, ADM COCOA<br>PTE. LTD. and ARCHER DANIELS<br>MIDLAND SINGAPORE PTE. LTD.;<br><br>               Defendants. | Case No. 07 Civ. 9913 |

**DECLARATION OF YEONG CHYE IN SUPPORT OF MOTION TO VACATE
ATTACHMENTS AND DISMISS SECOND AMENDED COMPLAINT
AS AGAINST ADM COCOA PTE. LTD AND TINNA OILS & CHEMICALS LTD.**

YEONG CHYE, hereby declares under penalty of perjury:

1. I am Managing Director of ADM Cocoa Pte. Ltd. ("ADM Cocoa" or the "Company"), a named defendant in the above-captioned case.

2. I have worked for ADM Cocoa for seventeen years and I am a permanent resident of Singapore.

3. In addition, I am a Member of ADM Cocoa's Board of Directors.

4. As such, I am fully familiar with all the facts contained herein based upon my own personal knowledge, except as to matters stated to be made upon information and belief, and as to such matters, I believe them to be true.

5. I submit this declaration in support of the motion of defendants ADM Cocoa and Tinna Oils & Chemicals Ltd. ("TOCL") for an Order: (i) vacating, as against ADM Cocoa and TOCL, the attachments herein obtained *ex parte* pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, dated February 28,

2008 (the "Ex Parte Attachment") and July 16, 2008 (the "Second Amended Ex Parte Attachment"); and (ii) dismissing, as against ADM Cocoa and TOCL, plaintiff's Second Amended Verified Complaint (the "Second Amended Complaint") in its entirety.

6.  As will be established in greater detail below, ADM Cocoa has nothing at all to do with the transactions or disputes which underlie the Second Amended Complaint, and is not the "alter ego" of either TOCL or Tinna Finex Ltd. ("Tinna Finex"). Accordingly, I am advised by my attorneys that the attachments issued herein should be vacated as to ADM Cocoa and TOCL and the Second Amended Complaint should be dismissed as to ADM Cocoa and TOCL.

## Background

7.  ADM Cocoa is a privately held company organized and existing under the laws of Singapore.

8.  ADM Cocoa is in the business of producing and selling cocoa and chocolate products for distribution throughout the World.

9.  On or about March 10, 2008, Plaintiff National Ability S.A. ("Plaintiff"), through its attorneys, sent a letter dated March 10, 2008 (the "March 10 Letter") to TOCL, Tinna Finex and ADM Cocoa, enclosing the Summons and Amended Complaint in this action.

10. The March 10 Letter, without indicating which of the three addressees are implicated (TOCL, Tinna Finex or ADM Cocoa), states that "your [?] property was attached at Citibank on or about March 6, 2008 in the amounts of $148,402.75, $128,380.00 and $102,830.71 and March 10, 2008 in the amounts of $80,250.96, $80,388.50, $636,866.03, $12,920.73 and $187,057.50. Your [?] property was further attached at HSBC on or about March 7, 2008 in the amounts of $28,116.68 and $28,121.28." Annexed hereto as Exhibit O is the March 10, 2008 Letter from Lennon, Murphy & Lennon LLC.

11. On or about July 21, 2008, Plaintiff, through its attorneys, sent a letter dated July 21,

2

2008 (the "July 21 Letter") to TOCL, Tinna Finex and ADM Cocoa, enclosing the Summonses, Second Amended Complaint, Affidavits in Support, Second Amended Ex Parte Order of Maritime Attachment and Garnishment and Process of Attachment in this action.

12. The July 21 Letter, also without indicating which of the three addressees are implicated (TOCL, Tinna Finex or ADM Cocoa), states that "your [?] property was attached at Citibank on or about July 21, 2008 in the approximate amount of $461,158.81. Your [?] property was also attached at J.P. Morgan Chase on or about July 21, 2008 in the amount of $5,500.00." Annexed hereto as Exhibit P is the July 21, 2008 Letter from Lennon, Murphy & Lennon LLC.

13. I am advised by our attorneys that the Ex Parte Attachment was issued based upon the "allegations" contained in Plaintiff's Amended Complaint and subsequent Second Amended Complaint which seeks damages in the amount of $2,782,491.77 connection with a dispute arising from a 1995 transaction between TOCL and Plaintiff regarding a chartered transport of potatoes.

14. I am advised that ADM Cocoa was not a named defendant in the original complaint filed by Plaintiff in this action and was only added after Plaintiff could not find any assets of the defendants in the original suit.

15. The only allegations in the Amended Complaint directed at ADM Cocoa state in conclusory fashion that ADM Cocoa should be liable for an arbitration award rendered almost ten years ago against TOCL because ADM Interoceanic Limited ("Interoceanic") is the "alter ego" of TOCL and because ADM Cocoa is, in turn, the "alter ego" of Interoceanic.

16. This statement is completely untrue as it relates to ADM Cocoa.

17. ADM Cocoa was not a party to the 1995 charter transaction and was not a party to the arbitration that arose out of the dispute over that transaction.

18. ADM Cocoa is not the alter ego of TOCL, Tinna Finex or Interoceanic.

19. Subsequent to receiving the March 10 Letter, ADM Cocoa received notice from its

account managers at Citibank that $2,339,161.87 of ADM Cocoa's funds had been attached pursuant to the Ex Parte Attachment.

20. Additionally, our investigation has confirmed that Plaintiff has also attached an additional $56,237.96 of ADM Cocoa's funds at HSBC.

21. Thus, as of March 10, a total of $2,395,399.83 in funds attached -- $79,566.87 more than permitted by the Ex Parte Attachment. Subsequently, some of these excess funds appear to have been released by the banks, but not before creating significant interference with ADM Cocoa's business transactions and relationships.

22. On or about July 21, 2008, Plaintiff, through its attorneys, sent a letter dated July 21, 2008 (the "July 21 Letter") to TOCL, Tinna Finex and ADM Cocoa, enclosing the Summonses, Second Amended Complaint, Affidavits in Support, Second Amended Ex Parte Order of Maritime Attachment and Garnishment and Process of Attachment in this action.

23. The July 21 Letter indicates that more funds have been attached by Plaintiff.

24. ADM Cocoa is in the process of trying to determine whose assets have been attached, but currently believes that at least some of the funds are that of ADM Cocoa.

25. In any event, it appears that to date, as much as $2,862,058.64 in funds have been attached by Plaintiff -- $79,566.87 more than permitted by the Second Amended Ex Parte Attachment Order. Once ADM Cocoa can confirm these figures, we will advise the Court.

### Proper Corporate Governance Under The Companies Act of Singapore

26. As ADM Cocoa's managing director, I am fully familiar with the Company's finances, operations, business and management.

27. ADM Cocoa was incorporated on May 16, 1984 as a private limited liability company pursuant to the Companies Act of Singapore ("Companies Act") (Cap 50. 2006 Rev. Ed.), which requires the observance of stringent corporate formalities.

28. ADM Cocoa has always maintained its own business premises, accounts and operations. ADM Cocoa has always had a registered office in Singapore from the date of its incorporation as required by Companies Act § 142 and has always had a Secretary who is a natural person and resides in Singapore pursuant to Companies Act § 171.

29. ADM Cocoa's Board of Directors, officers and management direct the business of ADM Cocoa. As dictated by Companies Act §§ 173 and 190, ADM Cocoa keeps a register of its directors, managers, secretaries and auditors and a register of its members at its registered Singapore office at all times.

30. The ADM Cocoa Board of Directors has always been in full compliance with the fiduciary duties required of them as outlined in Companies Act § 157(1), including the duty to act honestly in the interest of the Company, the duty to avoid conflicts between their personal interests and those of the Company's and the duty to use the assets and powers of the Company for proper purposes.

31. ADM Cocoa holds an annual general meeting once every calendar year in accordance with Companies Act § 175.

32. ADM Cocoa is properly capitalized and maintains its finances in strict compliance with banking and accounting regulations. It has its own bank accounts separate and apart from any other entity and maintains its own books and records separate and apart from any other entity.

33. For example, pursuant to Companies Act § 197, ADM Cocoa is required to and does file an annual return every year with the Register of the Accounting and Corporate Regulatory Authorities of Singapore ("ACRA").

34. The annual return contains, amongst other details, particulars of the total debt carried by the Company, a summary of the share capital and shares of the Company, the name of the audit firm or company that audited the accounts.

35. Finally, pursuant to Companies Act § 199, ADM keeps account and other records that

detail its transactions and financial position at its registered office location. Such accounts and records are available for inspection at all times by the Board of Directors.

36. In sum, ADM Cocoa is a separate company with its own management, finances, employees and business.

37. The Amended Complaint alleges that the damages sought arise from a charter dispute between TOCL and Plaintiff pursuant to charter agreement dated April 29, 1995. Although not specifically stated, the Amended Complaint and attachments seem to indicate that the charter transaction was completed on or before October 1, 1995.

38. Plaintiff's sole connection alleged between TOCL and ADM Cocoa is ADM Cocoa's third tier subsidiary affiliation with Archer Daniels Midland Company, a publicly traded United States company which is also the third tier parent of Interoceanic through separate subsidiaries (described further below). Importantly, Interoceanic only acquired an ownership interest in TOCL in November 1997 – over two years after the transaction at issue (it currently owns 75% of TOCL).

39. Therefore, Plaintiff cannot establish (and should not in good faith even allege) that ADM Cocoa was the alter ego of TOCL in connection with the underlying alleged transaction.

40. Furthermore, ADM Cocoa is not affiliated with Tinna Finex. Accordingly, Plaintiff cannot establish and has no basis whatsoever to allege that ADM Cocoa is the alter ego of Tinna Finex.

## No Related Entity Transactions with TOCL

41. ADM Cocoa is a completely separate company and business from TOCL.

42. ADM Cocoa has no ownership interest in TOCL and TOCL has no ownership interest in ADM Cocoa.

43. ADM Cocoa has never made a loan to TOCL and has never received a loan from TOCL.

44. ADM Cocoa's funds and assets are maintained independently and properly and in no instance have its fund or property ever been intermingled with any other corporate entity, including but not limited to TOCL.

45. ADM Cocoa and TOCL have no officers or employees in common.

46. ADM Cocoa's Board of Directors consists of three Members. ADM Cocoa's ultimate parent company, Archer Daniels Midland Company, has historically appointed a Member of ADM Cocoa's Board to act as its representative. Apparently, Archer Daniels Midland Company has appointed the same person to act as its representative on TOCL's Board as well.

47. Thus, ADM Cocoa and TOCL have had one Board Member in common. Recently that Board Member in common was Mr. Matthew John Morgenroth, who has resigned from ADM Cocoa's Board effective April 30, 2008. His replacement to is Peter K. Hopp, who was and currently is a Member of TOCL's Board.

48. Other than Mr. Hopp, ADM Cocoa and TOCL have no other overlapping officers, directors or employees.

49. There was no overlap of directors at the time of the 1985 charter transactions because ADM Cocoa (and Archer Daniels Midland Company) had no affiliation with TOCL at that time.

50. TOCL does not share any facilities, office space, addresses, telephone numbers or bank accounts with ADM Cocoa.

51. ADM Cocoa plays no role in TOCL's management or business decisions.

52. TOCL plays no role in ADM Cocoa's management or business decisions.

53. There is no intermingling of property or common ownership of property or assets between ADM Cocoa and TOCL.

54. Neither ADM Cocoa nor TOCL have ever guaranteed a debt for the other.

55. Both corporations are and have always been treated as independent profit centers.

56. And, finally, as set forth more fully in the declarations accompanying this motion, the High Court of Delhi, India, has determined that TOCL has no liability on the Arbitral Award at issue herein.

### TOCL and ADM Cocoa's Business Relationship

57. The only business relationship between ADM Cocoa and TOCL consists of TOCL purchasing cocoa powder from ADM Cocoa at fair market value pursuant to arm's length transactions.

58. The price that ADM Cocoa charges TOCL per metric ton for cocoa powder is in line with what ADM Cocoa charges all other third party unaffiliated buyers of the same product.

59. TOCL's purchases from ADM Cocoa make up approximately 0.2% of the total volume sold by ADM Cocoa in any given year.

### No Related Entity Transactions with Interoceanic

60. ADM Cocoa is a completely separate company and business from Interoceanic.

61. ADM Cocoa and Interoceanic have no officers or employees in common.

62. Until May 1, 2008, ADM Cocoa and Interoceanic had no directors in common. However, Mr. Hopp sits as Archer Daniels Midland Company's representative on Interoceanic's Board, and as stated above, Mr. Hopp became a Member of ADM Cocoa's Board as of May 1, 2008.

63. ADM Cocoa has no ownership interest in TOCL. ADM Cocoa's direct parent, Archer Daniels Midland Singapore Pte Ltd., does not have any ownership interest in TOCL.

64. TOCL has no ownership interest in ADM Cocoa or Archer Daniels Midland Singapore Pte Ltd.

65. ADM Cocoa's funds and assets are maintained independently and properly and in no instance have its fund or property ever been intermingled with any other corporate entity, including but not limited to Interoceanic.

66. ADM Cocoa has never made any loan to Interoceanic.

67. ADM Cocoa has received one loan from Interoceanic, made based upon arm's length negotiations, on which ADM Cocoa makes regular payments and for which it is charged a standard market interest rate.

68. ADM Cocoa plays no role in Interoceanic's management or business decisions.

69. Interoceanic plays no role in ADM Cocoa's management or business decisions.

70. There is no intermingling of property or bank accounts or common ownership of property or bank accounts or other assets between ADM Cocoa and Interoceanic.

71. Neither ADM Cocoa nor Interoceanic have ever guaranteed a debt for the other.

72. Both corporations are and have always been treated as independent profit centers.

73. There are no officers, directors, or personnel in common between ADM Cocoa and ADM Interoceanic.

## No Affiliation With Tinna Finex

74. ADM Cocoa is not an affiliate with Tinna Finex.

75. ADM Cocoa and Tinna Finex do not have any common shareholders, directors, officers or employees in connon.

76. ADM Cocoa and Tinna Finex do not share any offices, facilities, assets, or telephone numbers.

77. Upon information and belief, Tinna Finex is owned by an Indian family which has

no ownership interest whatsoever in ADM Cocoa.

78. ADM Cocoa has no ownership interest in Tinna Finex.

79. Moreover, ADM Cocoa engages in no financial or business transactions with Tinna Finex of any kind.

80. ADM Cocoa has no connection with Tinna Finex. As stated above, Interoceanic owns 75% of the shares of TOCL, while Tinna Finex owns the remaining 25%.

WHEREFORE, ADM Cocoa respectfully requests that the Court enter an Order: (i) vacating the Ex Parte Attachment and the Second Amended Ex Parte Attachment as against ADM Cocoa; (ii) dismissing the Second Amended Complaint against ADM Cocoa in its entirety; (iii) awarding to ADM Cocoa the damages it sustained as a result of the wrongful attachment of its assets, including but not limited to its costs and reasonable attorneys fees; and (iv) granting to ADM Cocoa such other and further relief as the Court deems just and proper.

I HEREBY DECLARE PURSUANT TO 28 U.S.C. § 1746, UNDER THE LAWS OF THE UNITED STATES OF AMERICA AND THE STATE OF NEW YORK AND UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated:         , Singapore
    July 28, 2008

_____
YEONG CHYE