# Exhibit O



Lennon,
Murphy &
Lennon, LLC
ATTORNEYS AT LAW

The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
phone (212) 490-6050
fax (212) 490-6070
www.lenmur.com

Tide Mill Landing
2425 Post Rd, Suite 302
Southport, CT 06890
phone (203) 256-8600
fax (203) 256-8615
mail@lenmur.com

March 10, 2008

*Via Facsimile 011 91-11-2680-0233 and Express Courier*
Tinna Oils & Chemicals Ltd          Tinna Finex Ltd.
No. 6 Sultanpur                     No. 6 Sultanpur
Mandi Toad, Mehrauli                Mandi Toad, Mehrauli
New Delhi, 110030                   New Delhi, 110030
India                               India

*Via Facsimile 011 65 0 6265 6126 and Express Courier*
ADMCocoa PTE. LTD.
342, Jalan Boon Lay,
Singapore 619527

Re:    National Ability S.A. v. Tinna Oils & Chemicals Ltd. and Tinna Finex Ltd., Tinna Group, Tinna
       Agro Industries Ltd., ADM Interoceanic Limited, ADM Cocoa PTE. LTD., and Archer Daniels
       Midland Singapore PTE LTD.
       Docket Number: 07 Civ. 9913
       Our Reference Number: 07-1233

Dear Sir or Madam:

       We represent the Plaintiff, National Ability S.A. in the above referenced lawsuit.  We write to
advise you that pursuant to an Ex Parte Order of Maritime Attachment and Garnishment issued in the
above referenced lawsuit, your property was attached at Citibank on or about March 6, 2008 in the
amounts of $148,402.75, $128,380.00 and $102,830.71 and March 10, 2008 in the amounts of
$80,250.96, $80,388.50, $636,866.03, $12,920.73 and $187,057.50.   Your property was further
attached at HSBC on or about March 7, 2008 in the amounts of $28,116.68 and $28,121.28.

       Please find attached to this letter the following documents filed and/or issued in the above
referenced lawsuit including, the Summons, Complaint, Amended Complaint, Affidavits in Support,
Rule 7.1 Statement, Ex Parte Order of Maritime Attachment and Garnishment and Process of
Attachment.  Please also find attached hereto the Individual Rules for the Honorable Judge Alvin K.
Hellerstein.

       Should you have any questions or concerns, please contact us at your convenience.

       This letter is sent pursuant to Local Rule B.2 of the Local Rules for the United States District
Court for the Southern District of New York.

                                        Very truly yours,

                                        Mary Fedorchak

mef/bhs
/enclosure

2

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ New York

NATIONAL ABILITY S.A.,

V.

TINNA OILS & CHEMICALS LTD., TINNA FINEX
LTD., TINNA GROUP, et al.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:   07 Civ. 09913 (AKH)

TO: (Name and address of Defendant)

TINNA OILS & CHEMICALS LTD.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

> Patrick F. Lennon
> Lennon, Murphy & Lennon, LLC
> The Gray Bar Bldg.
> 420 Lexington Ave, Suite 300
> New York, NY
> 10170
> (212) 490-6050
> pfl@lenmur.com

an answer to the complaint which is served on you with this summons, within _____30_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

_____
(By) DEPUTY CLERK

FEB 2 8 2008

DATE

3

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL | $0.00 |
|---|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                 Date                       *Signature of Server*

                                   *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

4

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ New York

NATIONAL ABILITY S.A.,

V.

TINNA OILS & CHEMICALS  LTD., TINNA FINEX
LTD., TINNA GROUP, et al.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:   07 Civ. 09913 (AKH)

TO: (Name and address of Defendant)

TINNA FINEX LTD.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Patrick F. lLennon
Lennon, Murphy & Lennon, LLC
The Gray Bar Bldg.
420 Lexington Ave, Suite 300
New York,  NY
10170
(212) 490-6050
pfl@lenmur.com

an answer to the complaint which is served on you with this summons, within _____ 30 _____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

_____
(By) DEPUTY CLERK

DATE     FEB 2 8 2008

5

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left::

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

   I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                      Date                              *Signature of Server*


                                         _____
                                         *Address of Server*

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
NATIONAL ABILITY S.A.,                                    :

                       Plaintiff,        :        07 Civ. 09913 (AKH)
                                 :
    - against -                                       :        ECF CASE
                                 :
TINNA OILS & CHEMICALS LTD., TINNA FINEX     :
LTD., TINNA GROUP, TINNA AGRO INDUSTRIES     :
LTD., ADM INTEROCEANIC LIMITED, ADM COCOA :
PTE. LTD., and ARCHER DANIELS MIDLAND        :
SINGAPORE PTE LTD.,                                       :
                                 :
                   Defendants.        :
--------------------------------------------------------------------X

## AMENDED VERIFIED COMPLAINT

Plaintiff, NATIONAL ABILITY S.A. (hereinafter "Plaintiff"), by and through its

attorneys, Lennon, Murphy & Lennon, LLC, as and for its Amended Verified Complaint against

the Defendants, TINNA OILS & CHEMICALS LTD. ("Tinna"), TINNA FINEX LTD. ("Tinna

Finnex"), TINNA GROUP ("Tinna Group"), TINNA AGRO INDUSTRIES LTD. ("Tinna

Agro"), ADM INTEROCEANIC LIMITED ("ADM Interoceanic"), ADM COCOA PTE. LTD.

("ADM Cocoa"), and ARCHER DANIELS MIDLAND SINGAPORE PTE LTD. ("ADM

Singapore") (collectively referred to as "Defendants"), alleges, upon information and belief, as

follows:

    1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333.  Jurisdiction over this

matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.*,

and this Court's federal question jurisdiction, 28 United States Code § 1331.

    2.      At all times material to this action, Plaintiff was, and still is, a foreign corporation,

or other business entity organized and existing under the laws of Panama.

3.      Upon information and belief, Defendant Tinna was, and still is, a foreign corporation, or other business entity organized and existing under the laws of India.

4.      Upon information and belief, Defendant Tinna Finex was, and still is, a foreign corporation, or other business entity organized and existing under the laws of India.

5.      Upon information and belief, Defendant Tinna Group was, and still is, a foreign corporation, business entity and/or collection/group of companies organized and existing under the laws of India.

6.      Upon information and belief, Defendants Tinna Agro, ADM Interoceanic, ADM Cocoa and ADM Singapore were, and still are, foreign corporations, or other business entities organized and existing under foreign law.

7.      At all material times, Plaintiff was the Owner of the motor vessel "AMAZON REEFER" (hereinafter the "Vessel").

8.      By a charter party dated April 29, 1995, Plaintiff chartered the Vessel to Defendant Tinna for a voyage from Kandala to Novorossiysk.

9.      During the course of the charter, disputes arose between the parties regarding Defendant Tinna's failure to discharge the cargo as required under the charter party contract which caused Plaintiff to incur damages.

10.     Pursuant to the charter party, all disputes arising thereunder were to be submitted to arbitration in London with English Law to apply.

11.     Despite due demand, Defendant Tinna failed and/or refused to pay the sums due and owing to Plaintiff.

12.     Thus, Plaintiff commenced arbitration proceedings against Defendant Tinna on its claims.

13.    On November 19, 1998, an Award was issued in Plaintiff's favor and against the Defendant Tinna. *See Arbitration Award annexed hereto as Exhibit "1."*

14.    The Award found that Plaintiff succeeded on its claim, and directed Defendant Tinna to pay Plaintiff the principal sum of $819,983.16, together with interest thereon, at the rate of 7% per annum from October 1, 1995 until the date of the award, November 19, 1998.

15.    The Award further directed that Defendant Tinna was to pay Plaintiff's costs, which if not agreed upon, were to be assessed by the panel.

16.    Plaintiff's costs with regards to the arbitration award equal approximately £129,929.79 ($262,485.03).

17.    Finally, the Award directed Defendant Tinna to pay Plaintiff the cost of the Award.

18.    The cost of the Award has been estimated to be £20,762.17 ($41,986.87).

19.    Plaintiff has moved to enforce the Arbitration Award in India and expects a decision soon. *See Summary of Submission annexed hereto as Exhibit "2."*

20.    Tinna has submitted a defense in the Indian action that Plaintiff is barred from enforcing the Award against it as a "Scheme of Arrangement" or "Order" was issued by the Indian court in 1998 providing that Defendant Tinna's debts and liabilities at that time were to be transferred to a spin-off company, Defendant "Tinna Finex Ltd."

21.    Plaintiff submits that this defense is completely without merit and Plaintiff is permitted to enforce its arbitration award against Tinna and its alter-egos.

22.    In addition, upon information and belief, Defendant Tinna's attempt to transfer all of its assets and liabilities to another company, without consideration therefore, was/is merely an attempt to defraud its creditors such as Plaintiff.

23.    Defendant Tinna transferred all of its liabilities to what was/is in essence an assetless company (Defendant Tinna Finex Ltd.) and Plaintiff did not have a proper opportunity to contest this action as it was never properly notified.

24.    Plaintiff is also currently preparing to enforce the Arbitration Award in London and will request that a judgment be entered thereon.

25.    Plaintiff requests security herein for the Arbitration Award and/or the ultimate judgment(s) to be issued by the Indian and/or London Court upon the Arbitration Award.

26.    In addition, Plaintiff will request the arbitration panel and or the Indian/London Court(s) to issue an Award of Costs against the Defendant Tinna as provided for in the original Award, as such could not be agreed upon by the parties.

27.    Thus, Plaintiff also requests security for the ultimate Award of Costs to be issued by the panel and/or Indian/London Court(s) providing that Defendant Tinna pay Plaintiff its costs.

28.    As best as can now be estimated, Plaintiff expects to recover the following amounts pursuant to the Final Arbitration Award(s) and/or Judgments:

| | | |
|---|---|---|
| A. | Principal claim: | $819,983.16 |
| B. | Interest on principal claim:<br>7% interest per annum from October 1, 1995<br>until date of award  (November 19, 1998) | $180,059.32 |
| C. | Estimated post-award interest:<br>8% interest per annum from November 20, 1998<br>until estimated date of recovery (November 20, 2008) | $720,030.58 |
| D. | Estimated recoverable attorneys' fees and costs: | $304,385.16 |
| E. | Estimated post-award interest on attorneys' fees<br>and costs:<br>8% interest per annum from November 20, 1998<br>until estimated date of recovery (November 20, 2008) | $219,157.32 |
| F. | Cost of Award: | $41,986.87 |

G.    Estimated post-award interest on costs of Award:
8% interest per annum from November 20, 1998       $30,230.55
until estimated date of recovery (November 20, 2008)

**Total**

**$2,315,832.96**

29.    In the alternative, Plaintiff requests security in the amount of $2,315,832.96 from Tinna Finex Ltd., the company to which Defendant Tinna's liabilities were allegedly transferred.

**Tinna Group, Tinna Agro and Tinna**

30.    Defendant Tinna is one of several companies which are operated, controlled and managed as a single economic enterprise known as the "TINNA GROUP," which is also named as a Defendant here.

31.    The TINNA GROUP includes, at the very least, the Defendants Tinna and Tinna Agro identified in the Amended Complaint, and is ultimately controlled by the Archer Daniels Midland Company and/or its subsidiaries, alter-egos, and/or affiliates ADM Interoceanic, ADM Cocoa and/or ADM Singapore. *See excerpt from Tinna's Website setting forth the Tinna Group members and noting that both companies are joint ventures between Tinna and ADM annexed hereto as Exhibit "3."*

32.    Upon information and belief, among the entities which comprise the TINNA GROUP, there has been no attention or inadequate attention to corporate formality and the defendants function as a single economic entity to further the ultimate goal of profit generation to a single source.

33.    Upon information and belief, the TINNA GROUP, Tinna, and Tinna Agro have no separate, independent identities from each other.

34.    Upon information and belief, Defendants Tinna Group and/or Tinna Agro are the alter-egos of Defendant Tinna because they dominates and disregard Tinna's corporate form to

5

the extent that the Tinna Group and/or Tinna Agro are actually carrying on Tinna's business and operations as if the same were their own, or vice versa.

35.    Upon information and belief, the Tinna Group, Tinna and Tinna Agro share commons offices and have the exact same address: No. 6 Sultanpur, Mandi Toad, Mehrauli, New Delhi, 110030, India.

36.    Upon information and belief, the Tinna Group, Tinna and Tinna Agro have common phone and facsimile numbers and e-mail addresses.

37.    Upon information and belief, the Tinna Group, Tinna and Tinna Agro use the following contact details:    Tel:        91-11-3295 9599, 3295 9600, 3295 9680

Facsimile:    91 – 11- 2680 0233

E-mail:    tocl-delhi@tinnagroup.com

38.    In addition, upon information and belief, two of Tinna's directors, Mr. Gaurav Sekhri and Mr. Vijay K. Sekhri, utilize e-mails addresses which reference the "Tinna Group"

39.    Upon information and belief, among the entities which comprise the TINNA GROUP, there is a lack of arms' length dealing among the corporations.

40.    Based on the foregoing, as well as other activities, the entities which comprise the TINNA GROUP, including the Defendants Tinna and Tinna Agro, should be considered as a single economic unit with no corporate distinction between or among them, rendering each liable for the debts of the others and the TINNA GROUP, and all assets of the TINNA GROUP susceptible to attachment and/or restraint for the debts of any and/or any number of the individual entities which make up the TINNA GROUP, including but not limited to the debts of Defendant Tinna.

41.    By virtue of the foregoing, the Tinna Group and Tinna Agro are properly considered a party to the subject contract and the arbitration award as the alter egos and/or prime movers and controllers of Defendant Tinna.

42.    In the further alternative, Defendants Tinna Group, Tinna and Tinna Agro are partners and/or joint venturers such that the Tinna Group and Tinna Agro are now, or will soon be, holding assets belonging to Tinna, or vice versa.

43.    In the further alternative, Defendants Tinna Group, Tinna and Tinna Agro are affiliated companies such that Tinna Group and Tinna Agro are now, or will soon be, holding assets belonging to Tinna, or vice versa.

**Tinna and ADM Interoceanic**

44.    Upon information and belief, Defendant Tinna has no separate, independent identity from the Defendant ADM Interoceanic.

45.    Upon information and belief, Defendant ADM Interoceanic is the alter-ego of Tinna because it dominates and disregards Tinna's corporate form to the extent that ADM Interoceanic is actually carrying on Tinna's business and operations as if the same were its own, or vice versa.

46.    Upon information and belief, Defendant ADM Interoceanic owns 75.01% of the shares of Defendant Tinna.

47.    Upon information and belief, Defendant Tinna Finnex of the Tinna Group holds almost all remaining shares of Tinna (24.99%).

48.    Upon information and belief, ADM Interoceanic is the Mauritius registered holding company for the Archer Daniels Midland Group.

7

49.     And, upon information and belief, the Archer Daniels Midland Company, the U.S.
holding company for the Archer Daniels Midland Group, operates the Defendant Tinna as a joint
venture with the Tinna Group.

50.     Upon information and belief, Tinna's board of directors includes employees,
managers and/or directors of ADM Group companies.

51.     Upon information and belief, the following individuals make up Tinna's board of
directors: Mr. Chong Pian Kong, Mr. Matthew John Morgenroth, Mr. Gaurav Sekhri and Mr.
Vijay K. Sekhri.

52.     Upon information and belief, Mr. Chong Pian Kong and Mr. Matthew
Margeroth's e-mail addresses (pfchong@admworld.com" and "matt-
morenroth@admworld.com) indicate that they are affiliated with ADM World, which is a known
corporate style for the ADM Group.

53.     Furthermore, upon information and belief, Mr. Morgenroth, who sits on the board
of Tinna, also sits on the board of directors of both ADM Cocoa and ADM Singapore, which are
identified on ADM Group's website (www.admworld.com) as ADM Group offices.

54.     Based on the foregoing, as well as other activities, the Defendants Tinna and
ADM Interoceanic should be considered as a single economic unit with no corporate distinction
between or among them, rendering each liable for the debts of the others, and all assets of ADM
Interoceanic susceptible to attachment and/or restraint for the debts of Tinna or its alter-egos.

55.     By virtue of the foregoing, ADM Interoceanic is properly considered a party to
the subject contract and the arbitration award as the alter ego and/or prime mover and controller
of Defendant Tinna.

56.    In the further alternative, Defendant ADM Interoceanic and Tinna are partners and/or joint venturers such that the ADM Interoceanic is now, or will soon be, holding assets belonging to Tinna, or vice versa.

57.    In the further alternative, Defendants Tinna and ADM Interoceanic are affiliated companies such that ADM Interoceanic is now, or will soon be, holding assets belonging to Tinna, or vice versa.

**Defendants ADM Interoceanic, ADM Cocoa and ADM Singapore**

58.    Upon information and belief, Defendant ADM Interoceanic is a shell-corporation through which Defendants ADM Cocoa and ADM Singapore conduct business.

59.    Upon information and belief, Defendant ADM Interoceanic has no separate, independent identity from Defendants ADM Cocoa and ADM Singapore.

60.    Upon information and belief, ADM Interoceanic is the Mauritius registered holding company for the ADM Group.

61.    Upon information and belief, the entity Archer Daniels Midland Company is the parent company of ADM Cocoa and ADM Singapore and is also a holding company for the ADM Group.

62.    Defendants ADM Cocoa and ADM Singapore are the alter-egos of Defendant ADM Interoceanic (and thus of its alter-ego Tinna) because they dominate and disregard ADM Interoceanic's corporate form to the extent that ADM Cocoa and ADM Singapore are actually carrying on ADM Interoceanic's (and thus, its alter-ego Tinna's) business and operations as if the same were their own, or vice versa.

63.    Upon information and belief, Defendant ADM Cocoa and ADM Singapore, use Defendant ADM Interoceanic (and its alter-ego Tinna) as a "pass through" entity such that they can insulate itself from creditors relating to their commercial obligations.

9

64.    Upon information and belief, ADM Interoceanic's address, 342 Jalan Boon Lay, Singapore 61952, Republic of Singapore is associated with both ADM Cocoa and ADM Singapore.

65.    Furthermore, upon information and belief, Defendant Tinna (ADM Interoceanic's alter-ego), ADM Cocoa and ADM Singapore have an overlapping director:   Mr. Matthew John Morgenroth.

66.    Upon information and belief, the Defendant Tinna (ADM Interoceanic's alter-ego), is a joint venture between the Tinna Group and the Archer Daniels Midland Company, the parent, alter-ego and/or affiliate of ADM Cocoa and ADM Singapore.

67.    Upon information and belief, among the entities, Tinna, ADM Interoceanic, ADM Cocoa, and ADM Singapore, there has been no attention or inadequate attention to corporate formality and these defendants function as a single economic entity to further the ultimate goal of profit generation to a single source.

68.    Upon information and belief, the Archer Daniels Midland Company is the sole shareholder of ADM Singapore.

69.    Upon information and belief, ADM Singapore is the sole share holder of ADM Cocoa.

70.    Based on the foregoing, as well as other activities, the Defendants Tinna, ADM Interoceanic, ADM Cocoa, and ADM Singapore, should be considered as a single economic unit with no corporate distinction between or among them, rendering each liable for the debts of the others, and all assets of the Defendants ADM Cocoa, and ADM Singapore susceptible to attachment and/or restraint for the debts of any other entity named herein, including but not limited to the debts of Defendants ADM Interoceanic and its alter-ego Tinna.

71.     By virtue of the foregoing, the Defendants ADM Cocoa and ADM Singapore are properly considered a party to the subject contract and the arbitration award as the alter egos and/or prime movers and controllers of Defendant ADM Interoceanic and its alter-ego Tinna.

72.     In the further alternative, Defendant Tinna, ADM Interoceanic, ADM Cocoa, and/or ADM Singapore, are partners and/or joint venturers such that ADM Interoceanic, ADM Cocoa, and/or ADM Singapore, are now, or will soon be, holding assets belonging to Tinna, or vice versa.

73.     In the further alternative, Defendants Tinna, ADM Interoceanic, ADM Cocoa, and/or ADM Singapore, are affiliated companies such that ADM Interoceanic, ADM Cocoa, and/or ADM Singapore, are now, or will soon be, holding assets belonging to Tinna, or vice versa.

74.     The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendants.

75.     The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendants held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Amended Verified Complaint;

B.     That the Court retain jurisdiction to compel the Defendants to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C.     That pursuant to 9 U.S.C. §§ 201. *et seq.* this Court recognize and confirm any judgment rendered on the claims had herein as a Judgment of this Court;

D.     That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendants, in the amount **$2,315,832.96** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Amended Complaint;

E.     That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court

F.     That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

G.     That in the alterative, this Court enter Judgment against the Defendants on the claims set forth herein;

H.    That this Court award Plaintiff its attorney's fees and costs of this action; and

I.    That the Plaintiff have such other, further and different relief as the Court

may deem just and proper.

Dated: February 28, 2008
Southport, CT

The Plaintiff,
NATIONAL ABILITY S.A.

By: _____
Nancy R. Peterson (NP 2871)
Patrick F. Lennon (PL 2162)
LENNON, MURPHY & LENNON, LLC
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
nrp@lenmur.com
pfl@lenmur.com

13

## ATTORNEY'S VERIFICATION

State of Connecticut   )
                       )      ss.:      Town of Southport
County of Fairfield    )

1.      My name is Nancy R. Peterson.

2.      I am over 18 years of age, of sound mind, capable of making this

Verification, and fully competent to testify to all matters stated herein.

3.      I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the

Plaintiff.

4.      I have read the foregoing Verified Complaint and know the contents

thereof and believe the same to be true and accurate to the best of my knowledge, information

and belief.

5.      The reason why this Verification is being made by the deponent and not

by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now

within this District.

6.      The source of my knowledge and the grounds for my belief are the

statements made, and the documents and information received from, the Plaintiff and agents

and/or representatives of the Plaintiff.

7.      I am authorized to make this Verification on behalf of the Plaintiff.

Dated:        February 28, 2008
              Southport, CT

                                        Nancy R. Peterson

14

EXHIBIT "1"

FROM : 000000                    PHONE NO. : 4296764           Jul. 09 2004 01:00PM P1

Atty. McKapellaris

IN THE MATTER OF THE ARBITRATION ACTS 1950 - 1979

and

IN THE MATTER OF AN ARBITRATION

between

NATIONAL ABILITY S.A. of Panama                    Claimants
                                                   (Owners)
and

TINNA OILS & CHEMICALS LTD IN A SCHEME OF          Respondents
ARRANGEMENT BY ORDER OF THE HIGH COURT OF          (Charterers)
DELHI WITH TINNA FINEX LTD

The "AMAZON REEFER"

Charterparty of April 29, 1995

FINAL AWARD

WHEREAS:

A.   By a charterparty dated April 29, 1995 on a Gencon form,
     the claimants (hereinafter referred to as "the owners")
     chartered the vessel "AMAZON REEFER" to the respondents
     (hereinafter referred to as "the charterers") for a voyage
     from Kandla to Novorossiysk on the terms and conditions
     therein set out.

B.   The said charterparty provided in clause 29 for disputes
     between the parties to be referred to arbitration in
     London according to English law.

C.   Dispute arose between the parties for the determination of

- 1 -

which the owners appointed Donald Davies of 604 Queen's
Quay, 58 Upper Thames Street, London, EC4V 3BH and the
charterers appointed Michael Ferryman of Lloyd's Wharf, 2
Mill Street, London SE1 2BD to act as arbitrators on their
behalf respectively.  The said arbitrators appointed
Michael Baskerville of Glebe House, Aspall, Stowmarket,
Suffolk, IP14 6NY as the umpire in the reference in
accordance with the arbitration clause as interpreted
under English law.  The parties subsequently agreed that
the said Michael Baskerville should act as a third
arbitrator rather than as an umpire.  In the event the
said Michael Ferryman was replaced by Robert Lindsay
Gordon of Rennie House, 57-60 Aldgate High Street, London
EC3N 1AL  as the arbitrator on behalf of the charterers
and the said Robert Lindsay Gordon and Donald Davies
confirmed the appointment of Michael Baskerville as the
third arbitrator in the reference.

b.    An oral hearing took place at the New Arbitration Centre,
The Courtyard, 124 Aldersgate Street, London during the
period September 21/25, 1998 with both parties being
represented by counsel.  A reasoned award was requested.
The owners claimed against the charterers for a sum of
US$1,006,415.80 in respect of the alleged failure by the
charterers to discharge the cargo of potatoes.  The
charterers  denied  liability  in  full  and  they
counterclaimed against the owners regarding the alleged
breach of the owners to carefully care for and carry the

- 2 -

cargo. The charterers' counterclaims were stayed by the tribunal because of their failure to put up security for costs and in the early part of the September 98 hearing it was decided that the hearing would be concerned with the owners' claim in respect of liability and quantum.

NOW WE, the said Donald Davies, Robert Lindsay Gordon and Michael Baskerville, having accepted the burden of this arbitration and having carefully and conscientiously listened to the contentions of the parties through the medium of their counsel, carefully and conscientiously considered and weighed the facts and the evidence put before us and finding ourselves in agreement, DO HEREBY MAKE ISSUE AND PUBLISH this our UNANIMOUS FINAL AWARD in respect of the matters submitted to us:-

WE FIND AND HOLD that the owners' claim in paragraph D above succeeds to the extent of US$819,983.16 and no more. It follows that the charterers' counterclaims fail.

WE AWARD AND ADJUDGE that the charterers shall forthwith pay to the owners the sum of US$819,983.16 (United States dollars eight hundred and nineteen thousand nine hundred and eighty three and sixteen cents) together with interest at the rate of 7% per annum from October 1, 1995 until the date of this our Final Award in full and final settlement of the matters referred to in paragraph D above.

~ 3 ~

WE ALSO AWARD AND ADJUDGE that the charterers shall bear and
pay their own and the owners' costs in the reference (the
latter to be taxed if not agreed) in addition to the cost of
this our Award PROVIDED ALWAYS that if the owners shall in the
first instance have paid for the cost of our award they shall
be entitled to an immediate reimbursement from the charterers
of the sum so paid.

WE RESERVE unto ourselves the power to tax in an award of costs
the owners' costs.

IN WITNESS whereof we have hereunto set our hands in LONDON
this 19TH day of November 1998.

Witness:

_____
Arbitrator appointed by the owners


Witness:

_____
Arbitrator appointed by the charterers


Witness:

_____
Third arbitrator



- 4 -


TOTAL P.05

EXHIBIT "2"

22-FEB-2007 15:10 FROM:                                    TO:2108910295        P.2
22-FEB-2007 17:42 FROM:THACKER, 65345497                  TO:00382104297535  .  P:2

IN THE HON'BLE HIGH COURT OF DELHI AT NEW DELHI

ARBITRATION EXECUTION PETITION NO.74 OF 2000

In the matter of:

National Ability S.A.                                      ...Petitioners

V/s

Tinna Oils & Chemicals Ltd. & Anr.                        ...Respondents

## PETITIONERS SUMMARY OF SUBMISSIONS

A foreign award, dated 19/11/98 has been passed by an Arbitral Tribunal in England comprising of 3 Arbitrators in favour of the Petitioners, M/s. National Ability S.A. The said Arbitration proceedings were conducted and concluded in England where both, the Petitioner (claimants) and the Respondents were arrayed as contesting parties.

The said award is passed by the Arbitral Tribunal in England, which is a country notified under the New York Convention. The said Award is therefore enforceable and executable under the Arbitration and Conciliation Act, 1996.

## BRIEF FACTS:

The Petitioner had by a Charter party dated 29/4/95 on a Gencon form chartered the vessel "Amazon Reefer" to the Respondent for a voyage from Kandla to Novorossiysk on terms set out therein.

2

2

Clause 29 of the said Charterparty contains the Arbitration agreement between the parties for reference of dispute for arbitration in London according to English law.

Disputes and differences arose between the parties pursuant to which the disputes were referred to Arbitration in London.

Both parties sought substantive relief and were represented by Counsels. The Arbitral Tribunal directed mutual security to be provided for recoverable costs. The petitioner posted security for US $ 150,000/-

The Arbitral Tribunal after an oral hearing in London during 21st / 25 September 1998 passed a reasoned award in favour of the Petitioner, ordering and directing the Respondent to pay to the Petitioner a sum of US$ 8,19,983,16 together with interest @ 7% p.a. from 1st October 1995 till the date of the final award in full and final settlement of the matter. The reasoned Award dated 19/11/98 speaks for itself.

Costs were also awarded in favour of the Petitioners amounting to Stg.pds 26,762,17 being the costs of the award and Stg.pds 1,29,929,79 being the Petitioner's costs.

No Appeal filed by the Respondents, The Award dated thus is final and binding on the Respondents

Petitioner submits that the aforesaid award, is an award covered under Part II chapter 1 of the Arbitration and Conciliation Act 1996 and is enforceable. In view of the provisions of Sec. 46, 47, 48 and 49 of the Arbitration

3

3

and Conciliation Act 1996, the Petitioner is entitled to enforce and execute the said award as a decree through this Hon'ble Court against the Respondent.

The Petition is relying upon the judgments of the Hon'ble Supreme Court in the case of

(i) Thyssen Sthal Union GmbH V/s Steel Authority of India Ltd. reported in (1999 SCC page 34) and

(ii) Fuerst Day Lawson (AIR 2001 SC 2293) in support of its contention.

That the Petitioner has filed in Court the required evidence as contemplated under Sec. 47 of the 1996 Act.

That no case whatsoever has been made out by the Respondents Under Sec. 48 of the 1996 Act to resist the enforcement and execution of the said Award.

Sec 48 of the 1996 Act reads as under:

*Conditions for enforcement of foreign awards –(1) Enforcement of a foreign award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the court proof that–*

*(a) the parties to the agreement referred to in section 44 were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or*

*(b) the party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitral proceedings or was otherwise unable to present his case; or*

*(c) the award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration:*

*Provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be enforced; or*

*(d) the composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing*

4

22/02/2007  3:28PM  (GMT+02:00)

4

*such agreement, was not in accordance with the law of the country
where the arbitration took place; or*

(e) *the award has not yet become binding on the parties, or has been
set aside or suspended by a competent authority of the country in
which or under the law of which, that award was made.*

(2) *Enforcement of an arbitral award may also be refused if the Court
finds that*

(a) *the subject matter of the difference is not capable of settlement by
arbitration under the law of India; or*

(b) *the enforcement of the award would be contrary to the public
policy of India.*

*Explanation _ Without prejudice to the generality of clause (b) of this
section, it is hereby declared, for the avoidance of any doubt, that an
award is in conflict with the public policy of India if the making of the
award was induced or affected by fraud or corruption.*

(3) *If an application for the setting aside or suspension of the award
has been made to a competent authority referred to in clause (e) of
sub-section (1) the Court may, if it considers it proper, adjourn the
decision on the enforcement of the award and may also, on the
application of the party claiming enforcement of the award, order the
other party to give suitable security."*

That the Respondents have failed to make out any case whatsoever for resisting the enforcement of the award. It is respectfully submitted that the Court is bound to enforce the award unless it is satisfied that one or more of the conditions set forth in Section 48 exists.

Court has no power to refuse enforcement on any other ground

The Respondent No.1 has filed their reply /objection dated 1/12/1999 to the award dated 19/11/98 in which it has inter alia raised the following objections:

(i)   that the Respondent No.1 is allegedly not a party to the arbitration and no award has been passed against it.

(ii)  that Respondent No.2 is liable for the payment of the dues of the Petitioner;

22-FEB-2007 15:11  FROM:                                    TO:2108910295          P.6
22-FEB-2007 17:42  FROM:THACKER. 66345497                 TO:00302104297535      P:6

5

(iii)    that Respondent No.1 and Respondent No 2 had entered into a scheme of arrangement under sec. 391 and 394 of the Companies Act 1956 whereby the merchant export division "spin off division" along with certain assets and liabilities were transferred into Tinna Finex Ltd. i.e. Respondent No.2.

(iv)    that by virtue of scheme of arrangement all legal and other proceedings by or against Respondent No.1 would lie against Respondent No.2

(v)    that the said scheme of arrangement sanctioned by the Hon'ble Court is binding on the Petitioner.

(vi)    that in view of the order passed by the Court in the scheme of arrangement, which allegedly was duly accepted by the Petitioner and the Arbitrators and the award has thus been passed against Respondent No.2

(vii)    that the award being a Foreign Award cannot be made a rule of court since the Petitioner is a company registered in Panama which is allegedly not a reciprocating country under the New York Convention.


PETITIONER'S RESPONSE TO THE AFORESAID OBJECTIONS:

The Petitioner Submits that the charter party was with and between the Petitioner and Respondent No.1. The Petitioner was not aware and the Respondents did not inform the petitioner/ Arbitrators of the alleged scheme of arrangement during the hearing before the Arbitral Tribunal.

The petitioners were not a party and are thus not bound by the scheme of arrangement. No notice was sent or alleged to be sent to the Petitioner. Fraud was sought to be played on the Petitioner and the company court.


*6*

6

The order is neither binding on the Petitioners and nor has it been accepted.

The Respondent No.1 was a party to the arbitration and is bound by the Award dated 19/11/98 irrespective of the Scheme of Arrangement.

In fact the Award dated 19/11/98 has been passed by the Arbitral Tribunal with the following title:

"*National Ability S.A. of Panama          ...Claimants (Owners)*

*and*

*Tinna Oils & Chemicals Ltd. in a scheme of arrangement*
*by order of the High Court of Delhi*
*with Tinna Finex Ltd          ...Respondents(Charterers)"*

It is evident therefore that Respondent No.1 is liable under the said award.

The Respondent no.2 in their scheme of arrangement have agreed to deal with the liabilities vested into them and keep respondent no.1 indemnified from and against all liabilities, obligations, actions, claims and demands in respect thereof in consultation with Respondent no.1. The indemnity Clause is an internal mechanism / arrangement between the Respondents and the Petitioner is entitled to satisfy the Award against both the Respondents.

The Respondent No.1 is a sister concern of Respondent no.2.

Thus the Petitioner is entitled to look to both the Respondents to satisfy the Award.

7

It is submitted that Panama is in fact a country that has ratified and/or acceded to New York Convention thus, the defence that Panama is not a country that has not a reciprocating territory under New York Convention is clearly false.

The Petitioner has recently filed in Court an affidavit of Mr. Christopher Hobbs dated 26/4/06, Solicitor Supreme Court England and Wales and the partner of Norton Rose, a firm of Solicitor in England, who were in conduct of the matter.

It is therefore submitted that this Hon'ble court be pleased to make the award enforceable and executable against Respondents holding them jointly and/or severally liable to make payment of the amounts claimed.

The said award becomes enforceable and executable as a decree of this Hon'ble Court against the Respondents.

(Sunita Dutt)
Advocate

New Delhi
Dated January 28, 2007.

*\\thkpers\vol3\Users\corp\My\0\at\home\Joy\PanSonal\Ahilafy\India\sdadmission\26-1-07.doc*

$\mathcal{B}$

EXHIBIT "3"

 ® **Tinna Oils & Chemicals Ltd.**
a joint venture between Tinna Group and M/s Archer Daniels Midland Co. (ADM) of USA.

HOME ❖ THE GROUP ❖ J V WITH ADM ❖ BUSINESS AREAS ❖ QUALITY QUOTIENT ❖ RETAIL BRANDS ❖ CSR ❖ WHAT'S NEW ❖ CONTACT US





**Tinna Oils & Chemicals Ltd,**
a joint venture of Tinna Group and M/s. Archer Daniels Midland Co., USA

Tinna Oils & Chemicals Ltd,
the flagship company of the group comprises of:

> The Companies
> About Us
> Vision and Mission
> Our Presence

- Oil seed processing division  at Latur, Maharashtra
- Animal Health & Nutrition division at Latur, Maharashtra
- Biodiesel production plant at Latur, Maharashtra
- The Cargo Handling, Stevedoring and Warehousing division at Vizag seaport, Andhra Pradesh
- The Specialty Ingredients Division operated out of Mumbai

**Tinna Agro Industries Ltd,**
a joint venture of Tinna Group and M/s. Archer Daniels Midland Co., USA

The Oil seed processing division at Dharwad, Karnataka which become operational from end 2004 onwards has been named as Tinna Agro Industries Ltd.

The head office of both the companies is at New Delhi .

Home | Cargo Handling | Animal Health And Nutrition | Healthfit Oil | Bio Diesel | Cocoa Powder | Agri business centers | Pharmaceutical | Feed Ingredients | Enquiry

© Copyright Tinna Group. All Rights Reserved with Seo Company India

Tinna Agro Industries

35

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
NATIONAL ABILITY S.A.,                                 :
                                                       :
                          Plaintiff,                   :      07 Civ. 09913 (AKH)
                                                       :
       - against -                                     :      ECF CASE
                                                       :
TINNA OILS & CHEMICALS LTD., TINNA FINEX               :
LTD., TINNA GROUP, TINNA AGRO INDUSTRIES               :
LTD., ADM INTEROCEANIC LIMITED, ADM COCOA              :
PTE. LTD., and ARCHER DANIELS MIDLAND                  :
SINGAPORE PTE LTD.,                                    :
                                                       :
                                                       :
                          Defendants.                  :
---------------------------------------------------------------X

## AMENDED AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

State of Connecticut    )
                        )      ss: SOUTHPORT
County of Fairfield     )

       Nancy R. Peterson, being duly sworn, deposes and says:

       1.      I am a member of the Bar of this Court and represent the Plaintiff herein.  I am

familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the

issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the

Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

## DEFENDANTS ARE NOT PRESENT IN THE DISTRICT

       2.      I have attempted to locate the Defendants, TINNA OILS & CHEMICALS LTD.,

TINNA FINEX LTD., TINNA GROUP, TINNA AGRO INDUSTRIES LTD., ADM

INTEROCEANIC LIMITED, ADM COCOA PTE. LTD., and ARCHER DANIELS MIDLAND

SINGAPORE PTE LTD., within this District.  As part of my investigation to locate the

Defendants within this District, I checked the telephone company information directory, as well

36

as the white and yellow pages for New York listed on the Internet or World Wide Web, and did not find any listing for the Defendants. Finally, I checked the New York State Department of Corporations' online database which showed no listings or registration(s) for the Defendants.

3.     I submit based on the foregoing that the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

4.     Upon information and belief, the Defendants have, or will have during the pendency of this action, tangible and intangible property within this District and subject to the jurisdiction of this Court, held in the hands of in the hands of garnishees within this District, which are believed to be due and owing to the Defendants.

## PRAYER FOR RELIEF FOR ORDER ALLOWING SPECIAL PROCESS SERVER

5.     Plaintiff seeks an Order pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing Patrick F. Lennon, Kevin J. Lennon, Charles E. Murphy, Nancy Peterson or any other partner, associate, paralegal or agent of Lennon, Murphy & Lennon, LLC, or any process server employed by Gotham Process Servers, be and is hereby appointed, in addition to the United States Marshal, to serve the Process of Maritime Attachment and Garnishment and the Amended Verified Complaint, together with any interrogatories, upon the garnishee(s), together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold assets of, for or on account of, the Defendants.

6.     Plaintiff seeks to serve the prayed for Process of Maritime Attachment and Garnishment with all deliberate speed so that it may be fully protected against the potential of being unable to satisfy a judgment/award ultimately obtained by Plaintiff and entered against the Defendants.

37

7.    To the extent that this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it involves simple delivery of the Process of Maritime Attachment and Garnishment to the various garnishes to be identified in the writ.

### PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES

8.    Plaintiff also respectfully requests that the Court grant it leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this litigation, to be holding, or believed to be holding, property of the Defendants, within this District. Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the Court amended Process seeking simply to identify other garnishee(s).

### PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS

9.    Further, in order to avoid the need to repetitively serve the garnishees/banks, Plaintiff respectfully seeks further leave of the Court, as set out in the accompanying Ex Parte Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service of process throughout any given day on which process is served through the next day, provided that process is served the next day, to authorize service of process via facsimile or e-mail following initial *in personam* service.

Dated: February 28, 2007
        Southport, CT

Nancy R. Peterson

Sworn and subscribed to before me
This 28th day of February, 2007.

Notary Public

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Judge Hellerstein

------------------------------------------X

NATIONAL ABILITY S.A.,

07 CIV 9913

                              Plaintiff,

                                                        ECF CASE

        - against -

TINNA OILS & CHEMICALS LTD. and TINNA FINEX
LTD.,

                                                        RECEIVED
                                                        NOV 08 2007
                                                        U.S.D.C. S.D.N.Y.
                                                        CASHIERS

                              Defendants.

------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, NATIONAL ABILITY S.A. (hereinafter "Plaintiff"), by and through its

attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the

Defendants, TINNA OILS & CHEMICALS LTD. (hereinafter "Tinna") and TINNA FINEX

LTD. (hereinafter ' TINNA FINEX")(collectively referred to as "Defendants"), alleges, upon

information and belief, as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this

matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.*,

and this Court's federal question jurisdiction, 28 United States Code § 1331.

2.      At all times material to this action, Plaintiff was, and still is, a foreign corporation,

or other business entity organized and existing the laws of Panama.

3.      Upon information and belief, Defendant Tinna was, and still is, a foreign

corporation, or other business entity organized and existing under the laws of India.

4.      Upon information and belief, Defendant Tinna Finex was, and still is, a foreign

corporation, or other business entity organized and existing under the laws of India.

4

5.    At all material times, Plaintiff was the Owner of the motor vessel "AMAZON REEFER" (hereinafter the "Vessel").

6.    By a charter party dated April 29, 1995, Plaintiff chartered the Vessel to Defendant Tinna for a voyage from Kandlala to Novorossiysk.

7.    During the course of the charter, disputes arose between the parties regarding Defendant Tinna's failure to discharge the cargo as required under the charter party contract which caused Plaintiff to incur damages.

8.    Pursuant to the charter party, all disputes arising thereunder were to be submitted to arbitration in London with English Law to apply.

9.    Despite due demand, Defendant Tinna failed and/or refused to pay the sums due and owing to Plaintiff.

10.    Thus, Plaintiff commenced arbitration proceedings against Defendant Tinna on its claims.

11.    On November 19, 1998, an Award was issued in Plaintiff's favor and against the Defendant Tinna. *See Arbitration Award annexed hereto as Exhibit "1."*

12.    The Award found that Plaintiff succeeded on its claim, and directed Defendant Tinna to pay Plaintiff the principal sum of $819,983.16, together with interest thereon, at the rate of 7% per annum from October 1, 1995 until the date of the award, November 19, 1998.

13.    The Award further directed that Defendant Tinna was to pay Plaintiff's costs, which if not agreed upon, were to be assessed by the panel.

14.    Plaintiff's costs with regards to the arbitration award equal approximately £129,929.79 ($262,485.03).

15.    Finally, the Award directed Defendant Tinna to pay Plaintiff the cost of the Award.

41

16.    The cost of the Award has been estimated to be £20,762.17 ($41,986.87).

17.    Plaintiff has moved to enforce the Arbitration Award in India and expects a decision soon. *See Summary of Submission annexed hereto as Exhibit "2."*

18.    Tinna has submitted a defense in the Indian action that Plaintiff is barred from enforcing the Award against it as a "Scheme of Arrangement" or "Order" was issued by the Indian court in 1998 providing that Defendant Tinna's debts and liabilities at that time were to be transferred to a spin-off company, Defendant "Tinna Finex Ltd."

19.    Plaintiff submits that this defense is completely without merit and Plaintiff is permitted to enforce its arbitration award against Tinna.

20.    In addition, upon information and belief, Defendant Tinna's attempt to transfer all of its assets and liabilities to another company, without consideration therefore, was/is merely an attempt to defraud its creditors such as Plaintiff.

21.    Defendant Tinna transferred all of its liabilities to what was/is in essence an assetless company (Defendant Tinna Finex Ltd.) and Plaintiff did not have a proper opportunity to contest this action as it was never properly notified.

22.    Plaintiff is also currently preparing to enforce the Arbitration Award in London and will request that a judgment be entered thereon.

23.    Plaintiff requests security herein for the Arbitration Award and/or the ultimate judgment(s) to be issued by the Indian and/or London Court upon the Arbitration Award.

24.    In addition, Plaintiff will request the arbitration panel and/or the Indian/London Court(s) to issue an Award of Costs against the Defendant Tinna as provided for in the original Award, as such could not be agreed upon by the parties.

49

25.     Thus, Plaintiff also requests security for the ultimate Award of Costs to be issued by the panel and/or Indian/London Court(s) providing that Defendant Tinna pay Plaintiff its costs.

26.     As best as can now be estimated, Plaintiff expects to recover the following amounts pursuant to the Final Arbitration Award(s) and/or Judgments:

| | | |
|---|---|---|
| A. | Principal claim: | $819,983.16 |
| B. | Interest on principal claim:<br>7% interest per annum from October 1, 1995<br>until date of award (November 19, 1998) | $180,059.32 |
| C. | Estimated post-award interest:<br>8% interest per annum from November 20, 1998<br>until estimated date of recovery (November 20, 2008) | $720,030.58 |
| D. | Estimated recoverable attorneys' fees and costs: | $304,385.16 |
| E. | Estimated post-award interest on attorneys' fees<br>and costs:<br>8% interest per annum from November 20, 1998<br>until estimated date of recovery (November 20, 2008) | $219,157.32 |
| F. | Cost of Award: | $41,986.87 |
| G. | Estimated post-award interest on costs of Award:<br>8% interest per annum from November 20, 1998<br>until estimated date of recovery (November 20, 2008) | $30,230.55 |
| **Total** | | **$2,315,832.96** |

27.     In the alternative, Plaintiff requests security in the amount of $2,315,832.96 from Tinna Finex Ltd., the company to which Defendant Tinna's liabilities were allegedly transferred.

28.     The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court,

4

43

held in the hands of one or more garnishees which are believed to be due and owing to the Defendants.

29.    The Plaintiff se eks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia,* any assets of the Defendants held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claims as described above.

WHEREFORE, Plaintiff prays:

A.    That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.    That the Court retain jurisdiction to compel the Defendants to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C.    That pursuant to 9 U.S.C. §§ 201. *et seq.* this Court recognize and confirm any judgment rendered on the claims had herein as a Judgment of this Court;

D.    That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendants, in the amount $2,315,832.96. calculated to date to secure the Plaintiff's claims, and that all

44

persons claiming any interest in the same be cited to appear and pursuant to Supplemental

Admiralty Rule B answer the matters alleged in the Complaint;

    E.     That this Court recognize and confirm any arbitration award(s) or judgment(s)

rendered on the claims set forth herein as a Judgment of this Court

    F.     That this Court retain jurisdiction over this matter through the entry of any

judgment or award associated with any of the claims currently pending, or which may be

initiated in the future, including any appeals thereof;

    G.     That this Court award Plaintiff its attorney's fees and costs of this action; and

    H.     That the Plaintiff have such other, further and different relief as the Court

may deem just and proper.

Dated: November 9, 2007
       Southport, CT

                 The Plaintiff,
                 NATIONAL ABILITY S.A.

By: _____
                 Nancy R. Peterson (NP 2871)
                 Patrick F. Lennon (2162)
                 LENNON, MURPHY & LENNON, LLC
                 420 Lexington Ave., Suite 300
                 New York, NY 10170
                 (212) 490-6050 – phone
                 (212) 490-6070 – fax
                 nrp@lenmur.com
                 pfl@lenmur.com

45

## ATTORNEY'S VERIFICATION

State of Connecticut )
                   )   ss.:   Town of Southport
County of Fairfield )

    1.     My name is Nancy R. Peterson.

    2.     I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

    3.     I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

    4.     I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

    5.     The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

    6.     The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

    7.     I am authorized to make this Verification on behalf of the Plaintiff.

Dated:      November 9, 2007
             Southport, CT

                               Nancy R. Peterson

46

EXHIBIT "1"

FROM : 000000                    PHONE NO. : 4296764        Jul. 09 2004 01:00PM P1

Atty. D. Kapellanis

IN THE MATTER OF THE ARBITRATION ACTS 1950 - 1979

and

IN THE MATTER OF AN ARBITRATION

between

NATIONAL ABILITY S.A. of Panama                    Claimants
                                                    (Owners)
and

TINNA DILS & CHEMICALS LTD IN A SCHEME OF          Respondents
ARRANGEMENT BY ORDER OF THE HIGH COURT OF          (Charterers)
DELHI WITH TINNA FINEX LTD


The "AMAZON REEFER"

Charterparty of April 29, 1995


FINAL AWARD


WHEREAS:

A.   By a charterparty dated April 29, 1995 on a Gencon form,
     the claimants (hereinafter referred to as "the owners")
     chartered the vessel "AMAZON REEFER" to the respondents
     (hereinafter referred to as "the charterers") for a voyage
     from Kandla to Novorossiysk on the terms and conditions
     therein set out.

B.   The said charterparty provided in clause 29 for disputes
     between the parties to be referred to arbitration in
     London according to English law.

C.   Dispute arose between the parties for the determination of


- 1 -

which the owners appointed Donald Davies of 604 Queen's
Quay, 58 Upper Thames Street, London, EC4V 3EH and the
charterers appointed Michael Ferryman of Lloyd's Wharf, 2
Mill Street, London SE1 2BD to act as arbitrators on their
behalf respectively.   The said arbitrators appointed
Michael Baskerville of Glebe House, Aspall, Stowmarket,
Suffolk, IP14 6NY as the umpire in the reference in
accordance with the arbitration clause as interpreted
under English law.  The parties subsequently agreed that
the said Michael Baskerville should act as a third
arbitrator rather than as an umpire.  In the event the
said Michael Ferryman was replaced by Robert Lindsay
Gordon of Rennie House, 57-60 Aldgate High Street, London
EC3N 1AL  as the arbitrator on behalf of the charterers
and the said Robert Lindsay Gordon and Donald Davies
confirmed the appointment of Michael Baskerville as the
third arbitrator in the reference.

b.   An oral hearing took place at the New Arbitration Centre,
The Courtyard, 124 Aldersgate Street, London during the
period September 21/25, 1998 with both parties being
represented by counsel.  A reasoned award was requested.
The owners claimed against the charterers for a sum of
US$1,006,415.80 in respect of the alleged failure by the
charterers to discharge the cargo of potatoes.  The
charterers   denied   liability   in   full   and   they
counterclaimed against the owners regarding the alleged
breach of the owners to carefully care for and carry the

- 2 -

49

cargo. The charterers' counterclaims were stayed by the tribunal because of their failure to put up security for costs and in the early part of the September 98 hearing it was decided that the hearing would be concerned with the owners' claim in respect of liability and quantum.

NOW WE, the said Donald Davies, Robert Lindsay Gordon and Michael Baskerville, having accepted the burden of this arbitration and having carefully and conscientiously listened to the contentions of the parties through the medium of their counsel, carefully and conscientiously considered and weighed the facts and the evidence put before us and finding ourselves in agreement, DO HEREBY MAKE ISSUE AND PUBLISH this our UNANIMOUS FINAL AWARD in respect of the matters submitted to us:-

WE FIND AND HOLD that the owners' claim in paragraph D above succeeds to the extent of US$819,983.16 and no more. It follows that the charterers' counterclaims fail.

WE AWARD AND ADJUDGE that the charterers shall forthwith pay to the owners the sum of US$819,983.16 (United States dollars eight hundred and nineteen thousand nine hundred and eighty three and sixteen cents) together with interest at the rate of 7% per annum from October 1, 1995 until the date of this our Final Award in full and final settlement of the matters referred to in paragraph D above.

- 3 -

FROM : 000000                    PHONE NO. : 4296764                    Jul. 09 2004 01:02PM P4

WE ALSO AWARD AND ADJUDGE that the charterers shall bear and
pay their own and the owners' costs in the reference (the
latter to be taxed if not agreed) in addition to the cost of
this our Award PROVIDED ALWAYS that if the owners shall in the
first instance have paid for the cost of our award they shall
be entitled to an immediate reimbursement from the charterers
of the sum so paid.

WE RESERVE unto ourselves the power to tax in an award of costs
the owners' costs.

IN WITNESS whereof we have hereunto set our hands in LONDON
this 19TH day of November 1998.

Witness:                                          _____
9 9 Norris                                        Arbitrator appointed by the owners

Witness:                                          _____
                                                  Arbitrator appointed by the charterers

Witness:                                          _____
                                                  Third arbitrator

- 4 -

TOTAL P.05

51

EXHIBIT "2"

59

IN THE HON'BLE HIGH COURT OF DELHI AT NEW DELHI

ARBITRATION EXECUTION PETITION NO.74 OF 2000

In  the matter of:

National Ability S.A.                                      ...Petitioners

V/s

Twana Oils & Chemicals Ltd. & Anr.              ...Respondents

## PETITIONERS SUMMARY OF SUBMISSIONS

A foreign award, dated 19/11/98 has been passed by an Arbitral Tribunal in England comprising of 3 Arbitrators in favour of the Petitioners, M/s. National Ability S.A. The said Arbitration proceedings were conducted and concluded in England where both, the Petitioner (claimants) and the Respondents were arrayed as contesting parties.

The said award is passed by the Arbitral Tribunal in England, which is a country notified under the New York Convention. The said Award is therefore enforceable and executable under the Arbitration and Conciliation Act, 1996.

## BRIEF FACTS:

The Petitioner had by a Charter party dated 29/4/95 on a Gencon form chartered the vessel "Amazon Reefer" to the Respondent for a voyage from Kandla to Novorossiysk on terms set out therein.

2

22-FEB-2007 15:10  FROM:                                    TO:2108910295          P.3
   22-FEB-2007 17:42  FROM:THACKER. 55345497              TO:003021104297535       P:3

2

Clause 29 of the said Charterparty contains the Arbitration agreement between the parties for reference of dispute for arbitration in London according to English law.

Disputes and differences arose between the parties pursuant to which the disputes were referred to Arbitration in London.

Both parties sought substantive relief and were represented by Counsels. The Arbitral Tribunal directed mutual security to be provided for recoverable costs. The petitioner posted security for US $ 150,000/-

The Arbitral Tribunal after an oral hearing in London during 21st / 25 September 1998 passed a reasoned award in favour of the Petitioner, ordering and directing the Respondent to pay to the Petitioner a sum of US$ 8,19,983.16 together with interest @ 7% p.a. from 1st October 1995 till the date of the final award in full and final settlement of the matter. The reasoned Award dated 19/11/98 speaks for itself.

Costs were also awarded in favour of the Petitioners amounting to Stg.pds 26,762.17 being the costs off the award and Stg.pds 1,29,929.79 being the Petitioner's costs.

No Appeal filed by the Respondents. The Award dated thus is final and binding on the Respondents.

Petitioner submits that the aforesaid award, is an award covered under Part II chapter 1 of the Arbitration and Conciliation Act 1996 and is enforceable. In view of the provisions of Sec. 46, 47, 48 and 49 of the Arbitration

3

22-FEB-2007 15:10  FROM:

22-FEB-2007 17:42  FROM:THACKER, 65345497

TO:2108910295          P.4

TO:00302104297533      P:4

3

and Conciliation Act 1996, the Petitioner is entitled to enforce and execute the

said award as a decree through this Hon'ble Court against the Respondent

The Petition is relying upon the judgments of the Hon'ble Supreme Court

in the case of

(i) Thyssen Sthal Union GmbH V/s Steel Authority of India Ltd. reported in
(1999 SCC page 34) and

(ii) Fuerst Day Lawson (AIR 2001 SC 2293) in support of its contention.

That the Petitioner has filed in Court the required evidence as

contemplated under Sec. 47 of the 1996 Act.

That no case whatsoever has been made out by the Respondents Under

Sec. 48 of the 1996 Act to resist the enforcement and execution of the said

Award.

Sec 48 of the 1996 Act reads as under:
*Conditions for enforcement of foreign awards -(1) Enforcement of a
foreign award may be refused, at the request of the party against
whom it is invoked, only if that party furnishes to the court proof that-
(a) the parties to the agreement referred to in section 44 were, under
the law applicable to them, under some incapacity, or the said
agreement is not valid under the law to which the parties have
subjected it or, failing any indication thereon, under the law of the
country where the award was made; or
(b) the party against whom the award is invoked was not given proper
notice of the appointment of the arbitrator or of the arbitral
proceedings or was otherwise unable to present his case; or
(c) the award deals with a difference not contemplated by or not
falling within the terms of the submission to arbitration, or it
contains decisions on matters beyond the scope of the submission
to arbitration:
Provided that, if the decisions on matters submitted to arbitration
can be separated from those not so submitted, that part of the
award which contains decisions on matters submitted to
arbitration may be enforced: or
(d) the composition of the arbitral authority or the arbitral procedure
was not in accordance with the agreement of the parties, or, failing*

4

TO:21ᴗ08910295                          P.5
TO:00332104297535                       P:5

4

*such agreement, was not in accordance with the law of the country
where the arbitration took place; or*
*(e) the award has not yet become binding on the parties,  or has been
set aside or suspended by a competent authority of the country in
which or under the law of which, that award was made.*

*(2) Enforcement of an arbitral award may also be refused if the Court
finds that*
*(a) the subject matter of the difference is not capable of settlement by
arbitration under the law of India; or*
*(b) the enforcement of the award would be contrary  to the public
policy of India.*
*Explanation _ Without prejudice to the generality of clause (b) of this
section, it is hereby declared, for the avoidance of any doubt, that an
award is in conflict with the public policy of India if the making of the
award was induced or affected by fraud or corruption.*

*(3) If an application for the setting aside or suspension of the award
has been made to a competent authority referred to  in clause (e) of
sub-section (1) the Court may, if it considers it proper, adjourn the
decision on the enforcement of the award and may also, on the
application of the party claiming enforcement of the  award, order the
other party to give suitable security."*

That the Respondents have failed to make out  any case whatsoever for

resisting the enforcement of the award. It is respectfully submitted that the Court

is bound to enforce the award unless it is satisfied  that one or more of the

conditions set forth in Section 48 exists.

Court has no power to refuse enforcement on any other ground

The Respondent No.1 has filed their reply /objection dated 1/12/1999 to

the award dated 19/11/98 in which it has inter alia raised the following objections:

(i)     that the Respondent No.1 is allegedly not a party to the arbitration and no

award has been passed against it.

(ii)    that Respondent No.2 is liable for the  payment of the dues of the

Petitioner;

5

22-FEB-2007 15:11   FROM:
22-FEB-2007 17:42  FROM:THACKER.  86345497

TO:2108910295         P.6
TO:00332104297535     P:6

5

(iii)   that Respondent No.1 and Respondent No 2 had entered into a scheme of arrangement under sec. 391 and 394 of the Companies Act 1956 whereby the merchant export division "spin off division" along with certain assets and liabilities were transferred into Tinna Finex Ltd. i.e. Respondent No.2.

(iv)    that by virtue of scheme of arrangement all legal and other proceedings by or against Respondent No.1 would lie against Respondent No.2

(v)     that the said scheme of arrangement sanctioned by the Hon'ble Court is binding on the Petitioner.

(vi)    that in view of the order passed by the Court in the scheme of arrangement, which allegedly was duly accepted by the Petitioner and the Arbitrators and the award has thus been passed against Respondent No.2

(vii)   that the award being a Foreign Award cannot be made a rule of court since the Petitioner is a company registered in Panama which is allegedly not a reciprocating country under the New York Convention.

## PETITIONER'S RESPONSE TO THE AFORESAID OBJECTIONS:

The Petitioner Submits that the charter party was with and between the Petitioner and Respondent No.1. The Petitioner was not aware and the Respondents did not inform the petitioner/ Arbitrators of the alleged scheme of arrangement during the hearing before the Arbitral Tribunal.

The petitioners were not a party and are thus not bound by the scheme of arrangement. No notice was sent or alleged to be sent to the Petitioner. Fraud was sought to be played on the Petitioner and the company court.

22/02/2007  3:28PM (GMT+02:00)

22-FEB-2007 15:11  FROM:                    TO:2108910295        P.7
22-FEB-2007 17:43  FROM:THACKER. 66345497   TO:00382104297535    P:7

6

The order is neither binding on the Petitioners and nor has it been

accepted.

The Respondent No.1 was a party to the arbitration and is bound by the

Award dated 19/11/98 irrespective of the Scheme of Arrangement.

In fact the Award dated 19/11/98 has been passed by the Arbitral Tribunal

with the following title:

*"National Ability S.A. of Panama              ...Claimants (Owners)*

*and*

*Tinna Oils & Chemicals Ltd. in a scheme of arrangement*
*by order of the High Court of Delhi              ...Respondents(Charterers)"*
*with Tinna FInex Ltd*


It is evident therefore that Respondent No.1 is liable under the said award.

The Respondent no.2 in their scheme of arrangement have agreed to deal

with the liabilities vested into them and keep respondent no.1 indemnified from

and against all liabilities, obligations, actions, claims and demands in respect

thereof in consultation with Respondent no.1. The indemnity Clause is an internal

mechanism / arrangement between the Respondents and the Petitioner is entitled

to satisfy the Award against both the Respondents.

The Respondent No.1 is a sister concern of Respondent no.2.

Thus the Petitioner is entitled to look to both the Respondents to satisfy

the Award.

22-FEB-2007 15:11 FROM:
22-FEB-2007 17:43 FROM:THACKER. 66345497

TO:2108910295         P.8
TO:00302104297535     P.8

7

It is submitted that Panama is in fact a country that has ratified and/or acceded to New York Convention thus, the defence that Panama is not a country that has not a reciprocating territory under New York Convention is clearly false...

The Petitioner has recently filed in Court an affidavit of Mr. Christopher Hobba dated 26/4/06, Solicitor Supreme Court England and Wales and the partner of Norton Rose, a firm of Solicitor in England, who were in conduct of the matter.

It is therefore submitted that this Hon'ble court be pleased to make the award enforceable and executable against Respondents holding them jointly and/or severally liable to make payment of the amounts claimed.

The said award becomes enforceable and executable as a decree of this Hon'ble Court against the Respondents.

(Sunita Dutt)
Advocate

New Delhi
Dated January 28, 2007.

59

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Judge Hellerstein*

---------------------------------------------------------X

NATIONAL ABILITY S.A.,

**07 CIV  9913**
07

                Plaintiff,

                             :       ECF CASE

   - against -

TINNA OILS & CHEMICALS LTD. and TINNA FINEX
LTD.,

                Defendants.

---------------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

State of Connecticut  )
                  )   ss: SOUTHPORT
County of Fairfield    )

    Nancy R. Peterson, being duly sworn, deposes and says:

    1.    I am a member of the Bar of this Court and represent the Plaintiff herein.  I am

familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the

issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the

Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

## DEFENDANTS ARE NOT PRESENT IN THE DISTRICT

    2.    I have attempted to locate the Defendants, TINNA OILS & CHEMICALS LTD.

and TINNA FINEX LTD., within this District.  As part of my investigation to locate the

Defendants within this  District, I checked the telephone company information directory, as well

as the white and yellow pages for New York listed on the Internet or World Wide Web, and did

not find any listing for the Defendants.  Finally, I checked the New York State Department of

Corporations' online database which showed no listings or registration for the Defendants.

3.    I submit based on the foregoing that the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

4.    Upon information and belief, the Defendants have, or will have during the pendency of this action, tangible and intangible property within this District and subject to the jurisdiction of this Court, held in the hands of in the hands of garnishees within this District, which are believed to be due and owing to the Defendants.

## PRAYER FOR RELIEF FOR ORDER: ALLOWING SPECIAL PROCESS SERVER

5.    Plaintiff seeks an Order pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing Patrick F . Lennon, Kevin J. Lennon, Charles E. Murphy, Nancy Peterson or any other partner, associate, paralegal or agent of Lennon, Murphy & Lennon, LLC, or any process server employed by Gotham Process Servers, be and is hereby appointed, in addition to the United States Marshal, to serve the Process of Maritime Attachment and Garnishment and the Verified Complaint, together with any interrogatories, upon the garnishee(s), together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold assets of, for or on account of, the Defendants.

6.    Plaintiff seeks to serve the prayed for Process of Maritime Attachment and Garnishment with all deliberate speed so that it may be fully protected against the potential of being unable to satisfy a judgment/award ultimately obtained by Plaintiff and entered against the Defendants.

7.      To the extent that this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it involves simple delivery of the Process of Maritime Attachment and Garnishment to the various garnishes to be identified in the writ.

## PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES

8.      Plaintiff also respectfully requests that the Court grant it leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this litigation, to be holding, or believed to be holding, property of the Defendants, within this District. Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the Court amended Process seeking simply to identify other garnishee(s).

## PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS

9.      Further, in order to avoid the need to repetitively serve the garnishees/banks, Plaintiff respectfully seeks further leave of the Court, as set out in the accompanying Ex Parte Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service of process throughout any given day on which process is served through the next day, provided that process is served the next day, to authorize service of process via facsimile or e-mail following initial *in personam* service.

Dated: November 9, 2007
      Southport, CT

Nancy R. Peterson

Sworn and subscribed to before me
This 9th day of November, 2007.

Notary Public

63

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

NATIONAL ABILITY S.A.,

                Plaintiff,

   - against -

TINNA OILS & CHEMICALS LTD. and TINNA FINEX
LTD.,

                Defendants.

--------------------------------------------------------X

'07 CIV 9913

07 Civ. _____

ECF CASE

RECEIVED
NOV 09 2007
U.S.D.C. S.D. N.Y.
CASHIERS

### DISCLOSURE OF INTERESTED PARTIES
### PURSUANT TO FEDERAL RULE 7.1

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure to enable judges and
magistrates of the court to evaluate possible disqualification or recusal, the undersigned attorney
of record for the Plaintiff certifies that the following are corporate parents, subsidiaries, or
affiliates of the Plaintiff:

                         NONE.

Dated: November 9, 2007
     Southport, CT

                The Plaintiff,
                NATIONAL ABILITY S.A.

By: _____
      Nancy R. Peterson (NP 2871)
      Patrick F. Lennon (PL 2162)
      LENNON, MURPHY & LENNON, LLC
      The Gray Bar Building
      420 Lexington Ave., Suite 300
      New York, NY 10170
      (212) 490-6050
      facsimile (212) 490-6070
      nrp@lenmur.com
      pfl@lenmur.com

07-cv-09913-AKH
*Docket no.*

THE PRESIDENT OF THE UNITED STATES OF AMERICA

To the Marshal of the Southern District of New York (or designated process server) - GREETINGS:

WHEREAS an Amended Verified Complaint has been filed in the United States District Court for the Southern District of New York on the 28th day of February 2008 by

NATIONAL ABILITY S.A.,

Plaintiff,

against

TINNA OILS & CHEMICALS LTD., TINNA FINEX LTD., TINNA GROUP, TINNA AGRO INDUSTRIES LTD., ADM INTEROCEANIC LIMITED, ADM COCOA PTE. LTD., and ARCHER DANIELS MIDLAND SINGAPORE PTE LTD.,

Defendants,

in a certain action for breach of maritime contract wherein it is alleged that there is due and owing from the Defendants to the said Plaintiff the amount of $2,336,464.17 and praying for process of maritime attachment and garnishment against the said Defendants,

WHEREAS, this process is issued pursuant to such prayer and requires that a garnishee(s) shall serve their answer(s), together with answers to any interrogatories served with the Complaint, within 20 days after service of process upon him and requires that Defendants shall serve their answer(s) within 30 days after process has been executed, whether by attachment of property or service on the garnishee.

NOW, THEREFORE, we do hereby command you that if the said Defendants cannot be found within the District you attach goods and chattels to the amount sued for, and if such property cannot be found that you attach other property, credit and effects to the amount sued for in the hands of:

ABN Amro, American Express Bank, Bank of America, Bank of China, Bank of Communications, Bank of India, State Bank of India, Bank of New York, BNP Paribas, Barclay's Bank, Citibank, Calyon, Deutsche Bank, Fortis Bank, Habib Bank, HSBC Bank USA Bank, J.P. Morgan Chase, Societe Generale, Standard Chartered Bank, UBS, Union Bank of California International, and/or Wachovia Bank N.A.

to wit:: property, letters of credit, deposits, funds, credits, bills of lading, debts, settlement agreements, or other assets, tangible or intangible, in whatever form of:

TINNA OILS & CHEMICALS LTD., TINNA FINEX LTD., TINNA GROUP, TINNA AGRO INDUSTRIES LTD., ADM INTEROCEANIC LIMITED, ADM COCOA PTE. LTD., and ARCHER DANIELS MIDLAND SINGAPORE PTE LTD.

and that you promptly after execution of this process, file the same in this court with your return thereon.

WITNESS, the Honorable Alvin K. Heller-Stein, Judge of said Court, this 28 day of February 2007, and of our Independence the two-hundred and thirty-second.

Lennon, Murphy & Lennon, LLC
Attorneys for Plaintiff
The Gray Bar Building
420 Lexington Ave., Suite 300
New York, NY 10170
Phone (212) 490-6050

J. MICHAEL McMAHON
Clerk

By: _____
Deputy Clerk

NOTE: *This Process is issued pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and/ or New York Civil Practice Law and Rules, Article 62.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

NATIONAL ABILITY S.A.,                                   :

                         Plaintiff,             :

    -against-                                          :

TINNA OILS & CHEMICALS LTD., TINNA                       :
FINEX LTD., TINNA GROUP, TINNA AGRO                      :
INDUSTRIES LTD., ADM INTEROCEANIC                        :
LIMITED, ADM COCOA PTE LTD., and
ARCHER DANIELS MIDLAND SINGAPORE
PTE LTD.,

                      Defendants.

-------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02-28-08

EX PARTE ORDER FOR
PROCESS OF MARITIME
ATTACHMENT AND
GARNISHMENT

07 Civ. 9913  (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      WHEREAS on February 28, 2008 Plaintiff National Ability S.A., filed a

Amended Verified Complaint herein for damages amounting to $2,315,832.96 inclusive of

interest, costs, and attorneys' and arbitrators' fees, and praying for the issuance of an ex parte

order for Process of Maritime Attachment and Garnishment pursuant to Rule B of the

Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules

of Civil Procedure; and

      WHEREAS the attorney for Plaintiff has filed a Supporting Affidavit describing

the efforts made by and on behalf of the Plaintiff to find and serve the Defendant within the

District; and

      WHEREAS the Court has reviewed the Verified Complaint and the Supporting

Affidavit, and the conditions set forth in Supplemental Admiralty Rule B appear to exist; and

      WHEREAS the Process of Maritime Attachment and Garnishment would

command that the United States Marshal or other designated process server attach any and all of

the Defendant's property within the Southern District of New York; it is hereby

MICROFILMED
FEB 2 9 2008 ~9 AM

1.

ORDERED that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by, or being held for the Defendant by any garnishees within this District, pursuant to Supplemental Admiralty Rule B; and it is further

ORDERED that any person claiming interest in the property attached or garnished pursuant to said order shall, upon application to the Court, be entitled to an adversary hearing within three court days, subject to this Court's modification; and it is further

ORDERED that supplemental process enforcing this Court's order may be issued by the Clerk upon application within 30 days without further order of the Court; and it is further

ORDERED that following initial service by the United States Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be accomplished by email, facsimile transmission, or other verifiable electronic means, provided that such supplemental service accords with the garnishee's written rules or policies regarding service, if any. Such supplemental service shall be deemed to be made within the District if a natural person within the District caused the service to be transmitted to a garnishee having an office within the District; and it is further

ORDERED that service on any garnishee as described above is deemed effective for the length of time and to the extent that the garnishee's written rules or policies so provide; and it is further

ORDERED that a copy of this Order be attached to and served with the Process of Maritime Attachment and Garnishment; and it is further

ORDERED that if any of the Defendant's property is attached, the Plaintiff shall give prompt notice to the Defendant of the attachment. Such notice shall be in writing, and may be given outside of the District by telex, telegram, cable, fax, or other verifiable electronic means.

Dated:      February 28, 2008
            New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

CERTIFIED AS A TRUE COPY ON

THIS DATE 02-28-08

BY

( ) Clerk
(X) Deputy

3

68

INDIVIDUAL RULES OF THE
HONORABLE ALVIN K. HELLERSTEIN
SOUTHERN DISTRICT OF NEW YORK

### Effective October 4, 2007

**Chambers**
Room 1050
United States Courthouse
500 Pearl Street
New York, New York 10007
Tel: (212) 805-0152
Fax: (212) 805-7942

**Courtroom**
Room 14D
United States Courthouse
500 Pearl Street
New York, New York 10007
(212) 805-0127

Unless otherwise ordered by Judge Hellerstein, matters before Judge Hellerstein shall be conducted in accordance with the following practices:

1.    **Communications With Chambers.**

A.    **Letters.** Copies of letters to Chambers shall simultaneously be delivered to all counsel in no less speedy a manner than the method of delivery to the Court. Counsel shall not copy the Court on correspondence between and among them. Refer to Rule 2.E below for letters concerning disputes.

B.    **Method of Delivery.**

(a)    Copies of documents may either be mailed to Chambers or left with the Court Security Officer at the Worth Street entrance of the Courthouse. Papers shall not be delivered directly to Chambers **except following special permission to do so.**

(b)    Faxes may be sent **only for urgent matters** requiring an immediate response from Chambers, or **following special permission** (see special rule regarding adjournments and extensions below). Do not follow with a hard copy.

C.    **Telephone Calls.** Telephone calls to chambers are permitted. However, do not call Chambers with procedural questions that are covered by the Local Rules of this Court and the Federal Rules of Civil Procedure. For docketing, scheduling and calendar matters, **except** for matters relating to September 11-related Litigation, call Brigitte Jones, Courtroom Deputy, at (212) 805-0127. For questions or information relating to the September 11 Litigation, please check our website: www.nysd.uscourts.gov (Click on "cases"). For requests for adjournments or extensions, see the following paragraph.

D.    **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time **must be made in writing and must state:** (1) the original date; (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) whether the adversary consents, and, if not, the reasons by the applicant, and by the adversary, for and against the relief requested, and (5) all

other dates previously scheduled after the original date, including dates for conferences with the Court, and a suggested modified schedule, agreed to by all other counsel. If the request is for an adjournment of a court appearance, absent an emergency, it should be made at least 48 hours prior to the scheduled appearance. **DO NOT** call Chambers or Courtroom to **announce your intention to request an adjournment. Requests for adjournments or extensions of time (under 3 pages) may be made by fax without permission to fax. DO NOT call Chambers to ask for permission to fax a letter requesting an adjournment or extension.**

   E.   ECF Cases. All civil and criminal cases (except Pro Se and special cases) filed on or after March 1 , 2004 assigned to Judge Hellerstein are Electronic Case Filings ("ECF"). All counsel must register for ECF in each case pending before this Court. Counsel are responsible for checking their registered email and court docket sheet for memo-endorsements and orders. If you are not receiving such emails, please contact the ECF Help Desk at (212) 805-0800.

2.   Pleadings & Motions.

   A.   Pre–Motion Conferences in Civil Cases. Pre-motion conferences, or permission to file motions, are not required.

   B.   Filing of Motion Papers. Motion papers shall be filed promptly after service. All motions, and courtesy copies of motions, shall include a table of contents listing all affidavits and exhibits. Affidavits and exhibits shall be clearly identified by tabs on both original and courtesy copies. Exhibits shall be marked sequentially such that no exhibit number or letter repeats, regardless of the affidavit to which it is attached. Exhibits for plaintiffs should be marked by numbers; exhibits for defendants should be marked by letters.

   C.   Courtesy Copies. Courtesy copies of all pleadings, motions and supporting papers shall be submitted to Chambers. Courtesy copies are required in cases following electronic filing procedures.

   D.   Return Dates; Oral Argument on Motions. Motions shall be returnable on any day of the week. Counsel should not appear in Court on the return date. The Court prefers oral argument on motions and will schedule the date and time for argument.

   E.   Disputes. Unless directed otherwise, counsel should describe their disputes in a single letter, jointly composed. Separate and successive letters will be returned, unread. Strict adherence to Fed. IR. Civ. P. 37(a)(2)(A), the meet and confer rule, is required, and should be described in the joint submission as to time, place and duration, naming the counsel involved in the discussion.

3.   Pretrial Procedures

   A.   Joint Pretrial Orders in Civil Cases. Following the close of discovery, unless otherwise ordered by the Court, a final pretrial conference will be scheduled as close as possible to the date that the trial is scheduled to begin. The parties shall submit, three days

prior to that conference, for the Court's approval, a joint pretrial order, which shall include the following:

      i.      The full caption of the action.

      ii.      The names, addresses (including firm names), e-mail addresses, telephone and fax numbers of trial counsel.

      iii.      A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes and cases relied on and relevant facts as to citizenship and jurisdictional amount.

      iv.      (a)      A brief summary of the claims and defenses to be tried, without recital of evidentiary matter but including citations to all statutes and cases relied on; and

      (b)      A copy of the pleadings marked to show, for each claim and defense, in the margin next to each allegation thereof, the admissions and denials; and if any claims or defenses have been withdrawn or previously determined.

      v.      A statement as to whether the case is to be tried with or without a jury, and the estimated number of trial days (including direct and cross-examination for all witnesses).

      vi.      A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).

      vii.      Any stipulations or agreed statements of fact or law.

      viii.      A list of each party's witnesses actually intended to be called, and, if the witness cannot be present and will testify through deposition, the precise portions of deposition transcripts actually intended to be introduced together with any cross-designations and objections by any other party. (If voluminous, this portion of the submission may be made after the pretrial conference, on a date set at the conference).

      ix.      A list of exhibits actually intended to be offered at trial, indicating exhibits to which no party objects on grounds of authenticity and exhibits to which no party objects on any ground. (If voluminous, this portion of the submission may be made after the pretrial conference, on a date set at the conference). Exhibits for plaintiffs should be marked by numbers; exhibits for defendants should be marked by letters; and plaintiffs and defendants shall bring to the conference loose-leaf exhibit binders of all exhibits they actually intend to offer at the trial.

    **B.**    **Filings Prior to Trial in Civil Cases.**  On or before a date set by the Court, prior to trial, each party shall submit, in duplicate:

      i.      A pretrial memorandum, describing the party's position on the factual and legal issues to be tried;

   ii.  In jury cases, proposed requests to charge and proposed voir dire questions;

   iii.  In non-jury cases, proposed findings of fact and conclusions of law for each claim and defense; and

   iv.  The submissions described in ii and iii above shall be in both hard copy and electronically in MS Word format (by email or CD-Rom).

**4.**  **Confidentiality Provisions.**

 **A.**  **Protective Orders.** Court records and docket sheets are to be accessible to the public, and enjoy a presumption of openness to public inspection. The presumption "is rebuttable upon demonstration that suppression is essential to preserve higher values and is narrowly tailored to serve that interest." The Hartford Courant Co. v. Pellegrino, 371 F.3d 49, 63 (2d Cir. 2004) (internal quotation marks and citations omitted). Accordingly, no protective order shall be submitted that provides for sealing of documents or other information in connection with a submission to the court, except following a motion supported by competent evidence showing that sealing is essential to preserve higher values and is narrowly tailored to serve that interest.

 **B.**  **Disputes.** The parties are directed to cooperate in seeking to resolve disputed issues of confidentiality prior to filing material designated as "confidential," or "confidential attorneys' eyes only," for example, by redaction of documents to be filed on the public record or by stipulation of facts. In the event that such issues are not resolved promptly, the parties should seek direction from the Court by a single, joint letter as described above in Rule 2.E.

 **C.**  **Settlements.** In the case of settlements, requests that the court retain jurisdiction will be considered only if all documents relating to the settlement are filed and publicly accessible, except for cause shown satisfying Rule 4A.

72

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ New York

NATIONAL ABILITY S.A.,

V.

TINNA OILS & CHEMICALS LTD., TINNA FINEX
LTD., TINNA GROUP, et al.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:   07 Civ. 09913 (AKH)

TO: (Name and address of Defendant)

TINNA OILS & CHEMICALS LTD.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Patrick F. Lennon
Lennon, Murphy & Lennon, LLC
The Gray Bar Bldg.
420 Lexington Ave, Suite 300
New York, NY
10170
(212) 490-6050
pfl@lenmur.com

an answer to the complaint which is served on you with this summons, within _____ 30 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

(By) DEPUTY CLERK

DATE   FEB 2 8 2008

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
              Date                          Signature of Server

                                   _____
                                        Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Judge Hellerstein*

-------------------------------------------------------X

NATIONAL ABILITY S.A.,

                       Plaintiff,

    - against -

TINNA OILS & CHEMICALS LTD. and TINNA FINEX
LTD.,

                    Defendants.

-------------------------------------------------------X

: 07 CIV 9913

: ECF CASE



### VERIFIED COMPLAINT

Plaintiff, NATIONAL ABILITY S.A. (hereinafter "Plaintiff"), by and through its

attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the

Defendants, TINNA OILS & CHEMICALS LTD. (hereinafter "Tinna") and TINNA FINEX

LTD. (hereinafter "TINNA FINEX")(collectively referred to as "Defendants"), alleges, upon

information and belief, as follows:

    1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this

matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.*,

and this Court's federal question jurisdiction, 28 United States Code § 1331.

    2.     At all times material to this action, Plaintiff was, and still is, a foreign corporation,

or other business entity organized and existing the laws of Panama.

    3.     Upon information and belief, Defendant Tinna was, and still is, a foreign

corporation, or other business entity organized and existing under the laws of India.

    4.     Upon information and belief, Defendant Tinna Finex was, and still is, a foreign

corporation, or other business entity organized and existing under the laws of India.

5.      At all material times, Plaintiff was the Owner of the motor vessel "AMAZON

REEFER" (hereinafter the "Vessel").

6.      By a charter party dated April 29, 1995, Plaintiff chartered the Vessel to

Defendant Tinna for a voyage from Kandala to Novorossiysk.

7.      During the course of the charter, disputes arose between the parties regarding

Defendant Tinna's failure to discharge the cargo as required under the charter party contract

which caused Plaintiff to incur damages.

8.      Pursuant to the charter party, all disputes arising thereunder were to be submitted

to arbitration in London with English Law to apply.

9.      Despite due demand, Defendant Tinna failed and/or refused to pay the sums due

and owing to Plaintiff.

10.     Thus, Plaintiff commenced arbitration proceedings against Defendant Tinna on its

claims.

11.     On November 19, 1998, an Award was issued in Plaintiff's favor and against the

Defendant Tinna. *See Arbitration Award annexed hereto as Exhibit "1."*

12.     The Award found that Plaintiff succeeded on its claim, and directed Defendant

Tinna to pay Plaintiff the principal sum of $819,983.16, together with interest thereon, at the rate

of 7% per annum from October 1, 1995 until the date of the award, November 19, 1998.

13.     The Award further directed that Defendant Tinna was to pay Plaintiff's costs,

which if not agreed upon, were to be assessed by the panel.

14.     Plaintiff's costs with regards to the arbitration award equal approximately

£129,929.79 ($262,485.03).

15.     Finally, the Award directed Defendant Tinna to pay Plaintiff the cost of the

Award.

16.    The cost of the Award has been estimated to be £20,762.17 ($41,986.87).

17.    Plaintiff has moved to enforce the Arbitration Award in India and expects a decision soon. *See Summary of Submission annexed hereto as Exhibit "2."*

18.    Tinna has submitted a defense in the Indian action that Plaintiff is barred from enforcing the Award against it as a "Scheme of Arrangement" or "Order" was issued by the Indian court in 1998 providing that Defendant Tinna's debts and liabilities at that time were to be transferred to a spin-off company, Defendant "Tinna Finex Ltd."

19.    Plaintiff submits that this defense is completely without merit and Plaintiff is permitted to enforce its arbitration award against Tinna.

20.    In addition, upon information and belief, Defendant Tinna's attempt to transfer all of its assets and liabilities to another company, without consideration therefore, was/is merely an attempt to defraud its creditors such as Plaintiff.

21.    Defendant Tinna transferred all of its liabilities to what was/is in essence an assetless company (Defendant Tinna Finex Ltd.) and Plaintiff did not have a proper opportunity to contest this action as it was never properly notified.

22.    Plaintiff is also currently preparing to enforce the Arbitration Award in London and will request that a judgment be entered thereon.

23.    Plaintiff requests security herein for the Arbitration Award and/or the ultimate judgment(s) to be issued by the Indian and/or London Court upon the Arbitration Award.

24.    In addition, Plaintiff will request the arbitration panel and or the Indian/London Court(s) to issue an Award of Costs against the Defendant Tinna as provided for in the original Award, as such could not be agreed upon by the parties.

25.    Thus, Plaintiff also requests security for the ultimate Award of Costs to be issued by the panel and/or Indian/London Court(s) providing that Defendant Tinna pay Plaintiff its costs.

26.    As best as can now be estimated, Plaintiff expects to recover the following amounts pursuant to the Final Arbitration Award(s) and/or Judgments:

| | | |
|---|---|---|
| A. | Principal claim: | $819,983.16 |
| B. | Interest on principal claim:<br>7% interest per annum from October 1, 1995<br>until date of award  (November 19, 1998) | $180,059.32 |
| C. | Estimated post-award interest:<br>8% interest per annum from November 20, 1998<br>until estimated date of recovery (November 20, 2008) | $720,030.58 |
| D. | Estimated recoverable attorneys' fees and costs: | $304,385.16 |
| E. | Estimated post-award interest on attorneys' fees<br>and costs:<br>8% interest per annum from November 20, 1998<br>until estimated date of recovery (November 20, 2008) | $219,157.32 |
| F. | Cost of Award: | $41,986.87 |
| G. | Estimated post-award interest on costs of Award:<br>8% interest per annum from November 20, 1998<br>until estimated date of recovery (November 20, 2008) | $30,230.55 |
| **Total** | | **$2,315,832.96** |

27.    In the alternative, Plaintiff requests security in the amount of $2,315,832.96 from Tinna Finex Ltd., the company to which Defendant Tinna's liabilities were allegedly transferred.

28.    The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court,

held in the hands of one or more garnishees which are believed to be due and owing to the Defendants.

29.    The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendants held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.    That the Court retain jurisdiction to compel the Defendants to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C.    That pursuant to 9 U.S.C. §§ 201. *et seq.* this Court recognize and confirm any judgment rendered on the claims had herein as a Judgment of this Court;

D.    That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendants, in the amount **$2,315,832.96** calculated to date to secure the Plaintiff's claims, and that all

persons claiming any interest in the same be cited to appear and pursuant to Supplemental

Admiralty Rule B answer the matters alleged in the Complaint;

     E.     That this Court recognize and confirm any arbitration award(s) or judgment(s)

rendered on the claims set forth herein as a Judgment of this Court

     F.     That this Court retain jurisdiction over this matter through the entry of any

judgment or award associated with any of the claims currently pending, or which may be

initiated in the future, including any appeals thereof;

     G.     That this Court award Plaintiff its attorney's fees and costs of this action; and

     H.     That the Plaintiff have such other, further and different relief as the Court

may deem just and proper.

Dated: November 9, 2007
       Southport, CT

                     The Plaintiff,
                     NATIONAL ABILITY S.A.

By: _____
            Nancy R. Peterson (NP 2871)
            Patrick F. Lennon (2162)
            LENNON, MURPHY & LENNON, LLC
            420 Lexington Ave., Suite 300
            New York, NY 10170
            (212) 490-6050 – phone
            (212) 490-6070 – fax
            nrp@lenmur.com
            pfl@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut    )

)    ss.:    Town of Southport

County of Fairfield    )

1.    My name is Nancy R. Peterson.

2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.    I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4.    I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.    The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7.    I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    November 9, 2007
Southport, CT


Nancy R. Peterson

EXHIBIT "1"

FROM : 000000                     PHONE NO. : 4296764                  Jul. 09 2004 01:00PM P1

Atty. Dr.Kapellaris

IN THE MATTER OF THE ARBITRATION ACTS 1950 - 1979

and

IN THE MATTER OF AN ARBITRATION

between

NATIONAL ABILITY S.A. of Panama                          Claimants
                                                         (Owners)
and

TINNA OILS & CHEMICALS LTD IN A SCHEME OF                Respondents
ARRANGEMENT BY ORDER OF THE HIGH COURT OF                (Charterers)
DELHI WITH TINNA FINEX LTD


                    The "AMAZON REEFER"

                Charterparty of April 29, 1995


                        FINAL AWARD


WHEREAS:

A.    By a charterparty dated April 29, 1995 on a Gencon form,
      the claimants (hereinafter referred to as "the owners")
      chartered the vessel "AMAZON REEFER" to the respondents
      (hereinafter referred to as "the charterers") for a voyage
      from Kandla to Novorossiysk on the terms and conditions
      therein set out.

B.    The said charterparty provided in clause 29 for disputes
      between the parties to be referred to arbitration in
      London according to English law.

C.    Dispute arose between the parties for the determination of

                          - 1 -

FROM : 000000                    PHONE NO. : 4296764              Jul. 09 2004 01:01PM P2

which the owners appointed Donald Davies of 604 Queen's
Quay, 58 Upper Thames Street, London, EC4V 3EH and the
charterers appointed Michael Ferryman of Lloyd's Wharf, 2
Mill Street, London SE1 2BD to act as arbitrators on their
behalf respectively.   The said arbitrators appointed
Michael Baskerville of Glebe House, Aspall, Stowmarket,
Suffolk, 1P14 6NY as the umpire in the reference in
accordance with the arbitration clause as interpreted
under English law. The parties subsequently agreed that
the said Michael Baskerville should act as a third
arbitrator rather than as an umpire. In the event the
said Michael Ferryman was replaced by Robert Lindsay
Gordon of Rennie House, 57-60 Aldgate High Street, London
EC3N 1AL  as the arbitrator on behalf of the charterers
and the said Robert Lindsay Gordon and Donald Davies
confirmed the appointment of Michael Baskerville as the
third arbitrator in the reference.

b.  An oral hearing took place at the New Arbitration Centre,
The Courtyard, 124 Aldersgate Street, London during the
period September 22/25, 1998 with both parties being
represented by counsel. A reasoned award was requested.
The owners claimed against the charterers for a sum of
US$1,006,415.80 in respect of the alleged failure by the
charterers to discharge the cargo of potatoes.   The
charterers denied liability in full and they
counterclaimed against the owners regarding the alleged
breach of the owners to carefully care for and carry the

- 2 -

FROM : 000000                    PHONE NO. : 4296764              Jul. 09 2004 01:01PM P3

cargo. The charterers' counterclaims were stayed by the tribunal because of their failure to put up security for costs and in the early part of the September 98 hearing it was decided that the hearing would be concerned with the owners' claim in respect of liability and quantum.

NOW WE, the said Donald Davies, Robert Lindsay Gordon and Michael Baskerville, having accepted the burden of this arbitration and having carefully and conscientiously listened to the contentions of the parties through the medium of their counsel, carefully and conscientiously considered and weighed the facts and the evidence put before us and finding ourselves in agreement, DO HEREBY MAKE ISSUE AND PUBLISH this our UNANIMOUS FINAL AWARD in respect of the matters submitted to us:-

WE FIND AND HOLD that the owners' claim in paragraph D above succeeds to the extent of US$819,983.16 and no more. It follows that the charterers' counterclaims fail.

WE AWARD AND ADJUDGE that the charterers shall forthwith pay to the owners the sum of US$819,983.16 (United States dollars eight hundred and nineteen thousand nine hundred and eighty three and sixteen cents) together with interest at the rate of 7% per annum from October 1, 1995 until the date of this our Final Award in full and final settlement of the matters referred to in paragraph D above.

- 3 -

FROM : 000000                    PHONE NO. : 4296764              Jul. 09 2004 01:02PM P4

WE ALSO AWARD AND ADJUDGE that the charterers shall bear and
pay their own and the owners' costs in the reference (the
latter to be taxed if not agreed) in addition to the cost of
this our Award PROVIDED ALWAYS that if the owners shall in the
first instance have paid for the cost of our award they shall
be entitled to an immediate reimbursement from the charterers
of the sum so paid.

WE RESERVE unto ourselves the power to tax in an award of costs
the owners' costs.

IN WITNESS whereof we have hereunto set our hands in LONDON
this 19TH day of November 1998.

Witness:                    _____
99 Bonj                     Arbitrator appointed by the owners


Witness:                    _____
                            Arbitrator appointed by the charterers

Witness:                    _____
                                    Third arbitrator


                            - 4 -

                                                          TOTAL P.05

EXHIBIT "2"

IN THE HON'BLE HIGH COURT OF DELHI AT NEW DELHI

ARBITRATION EXECUTION PETITION NO.74 OF 2000

In the matter of:

National Ability S.A.                         ...Petitioners

V/s

Tinna Oils & Chemicals Ltd. & Anr.            ...Respondents

### PETITIONERS SUMMARY OF SUBMISSIONS

A foreign award, dated 19/11/98 has been passed by an Arbitral Tribunal in England comprising of 3 Arbitrators in favour of the Petitioners, M/s. National Ability S.A. The said Arbitration proceedings were conducted and concluded in England where both, the Petitioner (claimants) and the Respondents were arrayed as contesting parties.

The said award is passed by the Arbitral Tribunal in England, which is a country notified under the New York Convention. The said Award is therefore enforceable and executable under the Arbitration and Conciliation Act, 1996.

### BRIEF FACTS:

The Petitioner had by a Charter party dated 29/4/95 on a Gencon form chartered the vessel "Amazon Reefer" to the Respondent for a voyage from Kandla to Novorossiysk on terms set out therein.

2

22-FEB-2007 15:10  FROM:                                    TO:2106910295        P.3
22-FEB-2007 17:42  FROM:THACKER. 66345497                  TO:00302104297535     P:3

2

Clause 29 of the said Charterparty contains the Arbitration agreement between the parties for reference of dispute for arbitration in London according to English law.

Disputes and differences arose between the parties pursuant to which the disputes were referred to Arbitration in London.

Both parties sought substantive relief and were represented by Counsels. The Arbitral Tribunal directed mutual security to be provided for recoverable costs. The petitioner posted security for US $ 150,000/-

The Arbitral Tribunal after an oral hearing in London during 21st / 25 September 1998 passed a reasoned award in favour of the Petitioner, ordering and directing the Respondent to pay to the Petitioner a sum of US$ 8,19,983.16 together with interest @ 7% p.a. from 1st October 1995 till the date of the final award in full and final settlement of the matter. The reasoned Award dated 19/11/98 speaks for itself.

Costs were also awarded in favour of the Petitioners amounting to Stg.pds 26,762.17 being the costs of the award and Stg.pds 1,29,929.79 being the Petitioner's costs.

No Appeal filed by the Respondents. The Award dated thus is final and binding on the Respondents.

Petitioner submits that the aforesaid award, is an award covered under Part II chapter 1 of the Arbitration and Conciliation Act 1996 and is enforceable. In view of the provisions of Sec. 46, 47, 48 and 49 of the Arbitration

3

3

and Conciliation Act 1996, the Petitioner is entitled to enforce and execute the

said award as a decree through this Hon'ble Court against the Respondent

The Petition is relying upon the judgments of the Hon'ble Supreme Court

in the case of

(i) Thyssen Sthal Union GmbH V/s Steel Authority of India Ltd. reported in
(1999 SCC page 34) and

(ii) Fuerst Day Lawson (AIR 2001 SC 2293) in support of its contention.

That the Petitioner has filed in Court the required evidence as

contemplated under Sec. 47 of the 1996 Act.

That no case whatsoever has been made out by the Respondents Under

Sec. 48 of the 1996 Act to resist the enforcement and execution of the said

Award.

> Sec 48 of the 1996 Act reads as under:
> *Conditions for enforcement of foreign awards –(1) Enforcement of a
> foreign award may be refused, at the request of the party against
> whom it is invoked, only if that party furnishes to the court proof that–*
> *(a) the parties to the agreement referred to in section 44 were, under
> the law applicable to them, under some incapacity, or the said
> agreement is not valid under the law to which the parties have
> subjected it or, failing any indication thereon, under the law of the
> country where the award was made; or*
> *(b) the party against whom the award is invoked was not given proper
> notice of the appointment of the arbitrator or of the arbitral
> proceedings or was otherwise unable to present his case; or*
> *(c) the award deals with a difference not contemplated by or not
> falling within the terms of the submission to arbitration, or it
> contains decisions on matters beyond the scope of the submission
> to arbitration;
> Provided that, if the decisions on matters submitted to arbitration
> can be separated from those not so submitted, that part of the
> award which contains decisions on matters submitted to
> arbitration may be enforced; or*
> *(d) the composition of the arbitral authority or the arbitral procedure
> was not in accordance with the agreement of the parties, or, failing*

4

22-FEB-2007 15:11 FROM:                          TO:2100910295          P.5
22-FEB-2007 17:42 FROM:THACKER, 66345497         TO:00302104297535     P:5

4

*such agreement, was not in accordance with the law of the country where the arbitration took place; or*

*(e) the award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which or under the law of which, that award was made.*

*(2) Enforcement of an arbitral award may also be refused if the Court finds that*
*(a) the subject matter of the difference is not capable of settlement by arbitration under the law of India; or*
*(b) the enforcement of the award would be contrary to the public policy of India.*
*Explanation   Without prejudice to the generality of clause (b) of this section, it is hereby declared, for the avoidance of any doubt, that an award is in conflict with the public policy of India if the making of the award was induced or affected by fraud or corruption.*

*(3) If an application for the setting aside or suspension of the award has been made to a competent authority referred to in clause (e) of sub-section (1) the Court may, if it considers it proper, adjourn the decision on the enforcement of the award and may also, on the application of the party claiming enforcement of the award, order the other party to give suitable security."*

That the Respondents have failed to make out any case whatsoever for resisting the enforcement of the award. It is respectfully submitted that the Court is bound to enforce the award unless it is satisfied that one or more of the conditions set forth in Section 48 exists.

Court has no power to refuse enforcement on any other ground

The Respondent No.1 has filed their reply /objection dated 1/12/1999 to the award dated 19/11/98 in which it has inter alia raised the following objections:

(i)    that the Respondent No.1 is allegedly not a party to the arbitration and no award has been passed against it.

(ii)    that Respondent No.2 is liable for the payment of the dues of the Petitioner;

5

22-FEB-2007 15:11  FROM:                                    TO:2109910295          P.6
22-FEB-2007 17:42  FROM:THACKER  86345497            TO:00302104297535      P:6

5

(iii)   that Respondent No.1 and Respondent No 2 had entered into a scheme of arrangement under sec. 391 and 394 of the Companies Act 1956 whereby the merchant export division "spin off division" along with certain assets and liabilities were transferred into Tinna Fintex Ltd. i.e. Respondent No.2.

(iv)   that by virtue of scheme of arrangement all legal and other proceedings by or against Respondent No.1 would lie against Respondent No.2

(v)   that the said scheme of arrangement sanctioned by the Hon'ble Court is binding on the Petitioner.

(vi)   that in view of the order passed by the Court in the scheme of arrangement, which allegedly was duly accepted by the Petitioner and the Arbitrators and the award has thus been passed against Respondent No.2

(vii)   that the award being a Foreign Award cannot be made a rule of court since the Petitioner is a company registered in Panama which is allegedly not a reciprocating country under the New York Convention.

## PETITIONER'S RESPONSE TO THE AFORESAID OBJECTIONS:

The Petitioner Submits that the charter party was with and between the Petitioner and Respondent No.1. The Petitioner was not aware and the Respondents did not inform the petitioner/ Arbitrators of the alleged scheme of arrangement during the hearing before the Arbitral Tribunal.

The petitioners were not a party and are thus not bound by the scheme of arrangement. No notice was sent or alleged to be sent to the Petitioner. Fraud was sought to be played on the Petitioner and the company court.

6

22/02/2007  3:28PM (GMT+02:00)

6

The order is neither binding on the Petitioners and nor has it been accepted.

The Respondent No.1 was a party to the arbitration and is bound by the Award dated 19/11/98 irrespective of the Scheme of Arrangement.

In fact the Award dated 19/11/98 has been passed by the Arbitral Tribunal with the following title:

*"National Ability S.A. of Panama          ...Claimants (Owners)*

*and*

*Tinna Oils & Chemicals Ltd, in a scheme of arrangement*
*by order of the High Court of Delhi*
*with Tinna Finex Ltd          ...Respondents(Charterers)"*

It is evident therefore that Respondent No.1 is liable under the said award.

The Respondent no.2 in their scheme of arrangement have agreed to deal with the liabilities vested into them and keep respondent no.1 indemnified from and against all liabilities, obligations, actions, claims and demands in respect thereof in consultation with Respondent no.1. The indemnity Clause is an internal mechanism / arrangement between the Respondents and the Petitioner is entitled to satisfy the Award against both the Respondents.

The Respondent No.1 is a sister concern of Respondent no.2.

Thus the Petitioner is entitled to look to both the Respondents to satisfy the Award.

22-FEB-2007 15:11  FROM:                                          TO:2108910295          P.8
22-FEB-2007 17:43  FROM:THACKER, 66345497               TO:00302104297535     P:8

7

It is submitted that Panama is in fact a country that has ratified and/or acceded to New York Convention thus, the defence that Panama is not a country that has not a reciprocating territory under New York Convention is clearly false.

The Petitioner has recently filed in Court an affidavit of Mr. Christopher Hobbs dated 26/4/06, Solicitor Supreme Court England and Wales and the partner of Norton Rose, a firm of Solicitor in England, who were in conduct of the matter.

It is therefore submitted that this Hon'ble court be pleased to make the award enforceable and executable against Respondents holding them jointly and/or severally liable to make payment of the amounts claimed.

The said award becomes enforceable and executable as a decree of this Hon'ble Court against the Respondents.

(Sunita Dutt)
Advocate

New Delhi
Dated January 28, 2007.

22/02/2007  3:28PM (GMT+02:00)

# Exhibit P



Lennon,
Murphy &
Lennon, LLC

ATTORNEYS AT LAW

The Gray Bar Building
420 Lexington Ave. Suite 300
New York, NY 10170
phone (212) 490-6050
fax (212) 490-6070
www.lenmur.com

Tide Mill Landing
2425 Post Rd. Suite 302
Southport, CT 06890
phone (203) 256-8600
fax (203) 256-8615
mail@lenmur.com

July 21, 2008

*Via DHL and*
*Via Facsimile 011 91-11-2680-3602 or 011-91-11-2680-0233(Cover page only)*
Tinna Oils & Chemicals Ltd
No. 6 Sultanpur
Mandi Toad, Mehrauli
New Delhi, 110030
India

Tinna Finex Ltd.
No. 6 Sultanpur
Mandi Toad, Mehrauli
New Delhi, 110030
India

*Via DHL and*
*Via Facsimile 011 65 0 6265 2616 or 011 65 6265 6126(Cover page only)*
ADMCocoa PTE. LTD.
342, Jalan Boon Lay,
Singapore 619527

Re:   National Ability S.A. v. Tinna Oils & Chemicals Ltd. and Tinna Finex Ltd., Tinna Group, Tinna
      Agro Industries Ltd., ADM Interoceanic Limited, ADM Cocoa PTE. LTD., and Archer Daniels
      Midland Singapore PTE LTD.
      Docket Number: 07 Civ. 9913
      Our Reference Number: 07-1233

Dear Sir or Madam:

       We represent the Plaintiff, National Ability S.A. in the above referenced lawsuit.  We write to
advise you that pursuant to an Ex Parte Order of Maritime Attachment and Garnishment issued in the
above referenced lawsuit, your property was attached at Citibank on or about July 21, 2008 in the
approximant amount of $461,158.81.  Your property was also attached at J.P. Morgan Chase on or
about July 21, 2008 in the amount of $5,500.00

       Please find attached to this letter the following documents filed and/or issued in the above
referenced lawsuit including, the Summons, Second Amended Complaint, Affidavits in Support,
Second Amended Ex Parte Order of Maritime Attachment and Garnishment and Process of
Attachment.

       Should you have any questions or concerns, please contact us at your convenience.

       This letter is sent pursuant to Local Rule B.2 of the Local Rules for the United States District
Court for the Southern District of New York.

                                                Very truly yours,

                                                Mary Fedorchak